UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE COUNTY EMPLOYEES
RETIREMENT SYSTEM and BUCKS
COUNTY EMPLOYEES' RETIREMENT
SYSTEM, Individually and on Behalf of All
Others Similarly Situated,

Plaintiffs,

v.

ADAPTHEALTH CORP. f/k/a DFB
HEALTHCARE ACQUISITIONS CORP.,
LUKE MCGEE, STEPHEN P. GRIGGS,
JASON CLEMENS, FRANK J. MULLEN,
RICHARD BARASCH, JOSHUA PARNES,
ALAN QUASHA, TERENCE CONNORS,
DR. SUSAN WEAVER, DALE WOLF,
BRADLEY COPPENS, and DAVID S.
WILLIAMS III,

Defendants.

Civ. Action No. 2:21-cv-03382-HB

Hon. Harvey Bartle III

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants AdaptHealth Corp. ("AdaptHealth" or the "Company"), Luke McGee,

Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan

Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, David S. Williams

III (collectively, the "Defendants") respectfully request that the Court, in connection with the

Defendants' motion to dismiss Plaintiffs' Consolidated Class Action Complaint [Dkt. No. 19]

(the "Complaint" or "Compl."), consider and take judicial notice of the documents attached as

exhibits to the Declaration of Vincent Iannece ("Iannece Declaration" or "Iannece Decl."). The

exhibits attached to the Iannece Declaration are subject to judicial notice and are properly considered by the Court on a motion to dismiss.

## I.   LEGAL STANDARD

It is well-settled that on a motion to dismiss a court "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction;  or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court may take judicial notice of matters of public record outside of the pleadings in order to indicate "what was in the public realm at the time, not whether the contents of those documents are true." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).  Despite the permissive language of Rule 201(b), Federal Rule of Evidence 201(c) provides that courts "'must' take judicial notice if a party requests it and supplies the court with the necessary information." *Id*. (emphasis added) (quoting Fed. R. Evid. 201(c)).

Defendants respectfully request that the Court take judicial notice of the following categories of documents: (1) documents incorporated into the Complaint by reference; and (2) publicly available documents showing information available to the market.[1]

---

[1] Many exhibits fall under both categories, and the Defendants present each document under each category applicable to it.

## II.    THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.

The Court may consider on a motion to dismiss documents incorporated into the Complaint by reference that are central to Plaintiffs' claims and of which authenticity is not in dispute.  *Tellabs*, 551 U.S. at 322; *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If the rule were otherwise, "a plaintiff with a deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied."  *Pension Benefit*, 998 F.2d at 1196; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that the purpose of the rule is to "prevent [a] situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent").  Exhibits 1-8, 10-14, 16-18, 21, 25, 29-31, 34-36, 39-41, 43-44, 47-52, 54-56 & 58 are referenced in the Complaint, are central to Plaintiffs' claims, and their authenticity cannot be disputed because they are public records or come from otherwise self-authenticating sources;[2] they are properly considered relative to this motion to dismiss so that the Court can examine them in their proper context, rather than in the selective manner in which Plaintiffs have referred to them in the Complaint.  *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 163 n.3 (3d Cir. 2014) (taking judicial notice of documents referenced in complaint); *Institutional Investors Grp. v. Avaya*, 564 F.3d 242, 252 (3d Cir. 2009).

---

[2] Citations to the paragraphs of the Complaint in which these materials are referenced are provided in the Iannece Declaration.

**III.    THE COURT SHOULD CONSIDER PUBLIC DOCUMENTS SHOWING INFORMATION AVAILABLE TO THE MARKET.**

*First*, the Court may take judicial notice of Exhibits 1-5, 18-29, 32-33, 37-38, 41, 52 & 58-63, which are documents that were publicly filed with the SEC, such as Form 10-Ks and other disclosures. Filings made with the SEC are routinely the subject of judicial notice in securities cases. *See, e.g.*, *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of documents filed with the SEC); *In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 615 n.21 (E.D. Pa. 2009) (same); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (finding "no reversible error and completely accept[ing] the district court's" reliance on "documents filed with the SEC, but not relied upon in the Complaint"); *In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 572 n.20 (E.D. Pa. 2009) ("We are permitted to take judicial notice of SEC filings in evaluating the allegations in the [ ] Complaint.").

*Second*, the court may take judicial notice of Exhibits 6-17, 30-31, 34-36, 39-40, 42-43, 46-51 & 53-57, which are publicly available investor communications, such as AdaptHealth's press releases, transcripts of earnings conference calls, investor presentations, and stock analyst reports. *See Sapir v. Averback*, 2016 WL 554581, at *1 n.1 (D.N.J. Feb. 10, 2016) (taking judicial notice of press releases and earnings call transcripts); *Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) (taking judicial notice of earnings call transcripts only "for the undisputed fact that the call took place, was recorded, and that the matters reported were actually stated during the call"); *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) (holding that the opinions of analysts or reporters can be judicially noticed only for the fact the opinions were published).

*Third*, the court may take judicial notice of Exhibits 44-45 & 64-66, which are publicly available news articles and information contained on Jehoshaphat Research's public webpage.

*See In re Processed Egg Products Antitrust Litig.*, 2011 WL 5980001, at *6 (E.D. Pa. Nov. 30, 2011) (taking judicial notice of publicly available news articles); *Theia Techs. LLC v. Theia Grp., Inc.*, 2021 WL 291313, at *10 (E.D. Pa. Jan. 28, 2021) (same).

These materials are particularly appropriate for consideration by the Court on this motion to dismiss because Plaintiffs claim that, among other things, AdaptHealth misled the market about the Company's "organic" growth throughout the class period.[3]  These documents are offered not for their truth, but to demonstrate the information that Plaintiffs and the rest of the market had available to them.  For instance, Plaintiffs allege that AdaptHealth misled the market by failing to disclose that it had replaced its prior method of calculating and reporting organic growth without adequate disclosure.[4]  But the public disclosures tell a different story—that AdaptHealth did in fact disclose the change in methodology, and that such change was the subject of extensive questions by analysts.[5]  Further, they are necessary to provide a more complete picture, and appropriate context, particularly where Plaintiffs refer to specific stock analyst reports in the Complaint but ignore other contemporaneous reporting on the same topic.[6]

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and take judicial notice of the documents attached as exhibits to the Iannece Declaration in deciding the Defendants' motion to dismiss.

---

[3] *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint, filed concurrently herewith ("Mot."), at Argument Section I (describing the allegations in the Complaint).

[4] *See, e.g.*, Compl. ¶ 127 (summary of allegations regarding AdaptHealth's calculation and reporting of organic growth).

[5] *See* Mot. at Statement of Facts Section C.2 and Argument Section I.A.1.

[6] *See* Compl. ¶¶ 127, 130-133.

- 7 -

Dated: January 20, 2022

SAXTON & STUMP

By: /s/ Steven D. Costello_____
Steven D. Costello (No. 37288)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania 19355
(484) 328-8500

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000


*Attorneys for Defendants*