UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III,<br><br>       Defendants. | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT<br><br>ELECTRONICALLY FILED |

4889-1925-0198.v1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. STANDARDS APPLICABLE TO REQUEST FOR JUDICIAL NOTICE........................1

III. ARGUMENT..........................................................................................................3

    A. Documents Unopposed for Limited Judicial Notice................................3

    B. Documents Inappropriate for Judicial Notice Because Defendants Have Not Complied with Federal Rule of Evidence 201 and Ask the Court to Consider Them for the Truth of the Matter Asserted ...............................3

        1. AdaptHealth Q2 2021 Financial Supplement (RJN Exhibit 15).................3

        2. Deutsche Bank Analyst Reports (RJN Exhibits 42 and 46) ........................4

        3. Canaccord and Jefferies Analyst Reports (RJN Exhibits 55 and 57) ..........6

        4. Co-CEO Articles (RJN Exhibits 64-66) ......................................................7

        5. *Jehoshaphat Research* Website (RJN Exhibit 45).......................................9

        6. AdaptHealth June 14, 2021 SEC Form 8-K (RJN Exhibit 20)..................10

        7. AdaptHealth SEC Form 8-K (RJN Exhibit 26) .........................................11

        8. Other AdaptHealth SEC Forms 8-K and 10-Q (RJN Exhibits 32, 33, 37, 38) ..................................................................................................11

IV. CONCLUSION....................................................................................................12

4889-1925-0198.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Behrens v. Arconic, Inc.*,
    429 F. Supp. 3d 43 (E.D. Pa. 2019) ................................................................................4

*Hall v. Johnson & Johnson*,
    No. 18-1833(FLW), 2019 WL 7207491 (D.N.J. Dec. 27, 2019).........................................4, 8

*Healey Alt. Inv. P'ship v. Royal Bank of Can.*,
    No. 10-1567(RMB)(KMW), 2010 WL 5055804 (D.N.J. Dec. 2, 2010) ...............................12

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)................................................................................2

*In re Horsehead Holding Corp. Sec. Litig.*,
    No. 16-292-LPS-CJB, 2018 WL 4838234 (D. Del. Oct. 4, 2018),
    *adopted by* No. 16-292-LPS CJB, 2019 WL 1409454 (D. Del. Mar. 28, 2019) .......................2

*In re Processed Egg Prods. Antitrust Litig.*,
    No. 08-MD-02002, 2011 WL 5980001 (E.D. Pa. Nov. 30, 2011) ..........................................8

*In re PTC Therapeutics, Inc., Sec. Litig.*,
    No. 16-1124 (KM) (MAH), 2017 WL 3705801 (D.N.J. Aug. 28, 2017) .........................6, 8, 9

*In re Viropharma, Inc. Sec. Litig.*,
    No. CIV.A. 02-1627, 2003 WL 1824914 (E.D. Pa. April 7, 2003)......................................3, 4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018), *cert. denied*, __ U.S. __, 139 S. Ct. 2615 (2019).......................2

*McDermid v. Inovio Pharms., Inc.*,
    520 F. Supp. 3d 652 (E.D. Pa. 2021) ................................................................................8

*Pa. Dep't of Human Servs. v. United States*,
    897 F.3d 497 (3d Cir. 2018)...............................................................................2

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)............................................................................................3

*Theia Techs. LLC v. Theia Grp., Inc*,
    No. 20-97, 2021 WL 291313 (E.D. Pa. Jan. 28, 2021),
    *appeal dismissed sub nom. Theia Techs. LLC v. Theia Grp. Inc.*,
    No. 21-1303, 2021 WL 3669376 (3d Cir. July 27, 2021)..................................................8

                                                         **Page**

*Vrakas v. U.S. Steel Corp.*,
    No. 17-579, 2018 U.S. Dist. LEXIS 168561 (W.D. Pa. Sep. 29, 2018) .................................. 7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ............................................................................................................... 1, 2

Federal Rules of Evidence
    Rule 201 ..................................................................................................................... *passim*
    Rule 201(b) .................................................................................................................. 2, 4
    Rule 201(b)(1) ........................................................................................................... *passim*
    Rule 30(b)(6) .................................................................................................................... 8

## I. INTRODUCTION

In support of their Motion to Dismiss the Consolidated Class Acton Complaint (ECF No. 37), Defendants[1] have moved for judicial notice of 66 separate exhibits. ECF Nos. 38 (the "RJN"); 38-1 (the "Iannece Decl."). Plaintiffs[2] do not object to the Court taking judicial notice of Defendants' proposed RJN Exhibits 1-14, 16-19, 21-25, 27-31, 34-36, 39-41, 43-44, 47-54, 56 and 58-63, which include documents that Plaintiffs relied on in the Consolidated Class Action Complaint (ECF No. 19) (the "Complaint") or documents that contain facts that Plaintiffs do not currently contest.[3] Defendants' other exhibits, however, are neither integral to the Complaint nor appropriate for judicial notice under Federal Rule of Evidence 201 ("Rule 201").

For Defendants' remaining RJN Exhibits 15, 20, 26, 32-33, 37-38, 42, 45-46, 55, 57 and 64-66, Defendants have either incorrectly invoked Rule 201 or are otherwise improperly using those materials to make inappropriate factual arguments on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. The Court should therefore deny the RJN for this subset of documents.

## II. STANDARDS APPLICABLE TO REQUEST FOR JUDICIAL NOTICE

As a general rule, courts ruling on a Rule 12(b)(6) motion may "'consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public

---

[1] "Defendants" are AdaptHealth Corp. ("AdaptHealth" or the "Company"), Luke McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terrence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

[2] "Plaintiffs" are Delaware County Employees Retirement System and Bucks County Employees' Retirement System.

[3] Plaintiffs attach to the Declaration of Douglas R. Britton in Support of Plaintiffs' (1) Opposition to Defendants' Request for Judicial Notice; and (2) Opposition to Defendants' Motion to Dismiss the Consolidated Class Action Complaint (the "Britton Decl.") additional excerpts of Defendants' RJN Exhibits 1, 4, 5, 30, 41, and 52, (*see* Britton Decl., Exhibits 1, 2, 6, 7, 8, and 10), which Defendants submitted in an excerpted form with their RJN. *See* Iannece Declaration.

- 1 -

record.'"[4] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). But there are two exceptions to this rule. First, a court can consider the text of an undisputedly authentic document that is integral to a plaintiff's claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In this context, "[w]hat is critical is 'whether the claims in the complaint are "based" on an extrinsic document' – not 'merely whether the extrinsic document was explicitly cited.'" *In re Horsehead Holding Corp. Sec. Litig.*, No. 16-292-LPS-CJB, 2018 WL 4838234, at *9 (D. Del. Oct. 4, 2018), *adopted by* No. 16-292-LPS, CJB, 2019 WL 1409454 (D. Del. Mar. 28, 2019). Second, Rule 201 permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a court takes judicial notice under either exception, it must not take notice of the truth of any matters that can be reasonably contested. *See Pa. Dep't of Human Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018) (no clear error in district court's refusal to take judicial notice of regulatory interpretation that provided some support for one party's position but was not "indisputable").

The limited application of judicial notice is not relaxed with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (noting that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery" and that the risk "is especially significant" in securities fraud matters), *cert. denied*, __ U.S. __, 139 S. Ct. 2615 (2019). While a defendant may raise opposing inferences on the element of scienter, the Supreme Court has clearly

---

[4] All citations and footnotes are omitted and emphasis is added unless otherwise noted.

held that any such inferences must be "rationally drawn from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

III.  **ARGUMENT**

  A.  **Documents Unopposed for Limited Judicial Notice**

Plaintiffs do not oppose judicial notice of AdaptHealth's SEC filings not referenced in the Complaint for the fact that they were filed and the existence of their statements.  *See* RJN Exhibits 19-20, 22-24, 26-28, 32-33, 37-38, or 59-63.  But to the extent Defendants cite to these exhibits for the truth of contested matters discussed in support of their Memorandum of Law in Support of their Motion to Dismiss the Consolidated Class Action (ECF No. 37-1) ("Mtn"), the Court should not take notice of those so-called "facts."  *See In re Viropharma, Inc. Sec. Litig.*, No. CIV.A. 02-1627, 2003 WL 1824914, at *1 (E.D. Pa. April 7, 2003) ("[T]he Court will not accept as true the statements made by [defendant] in its SEC and FDA filings.  It would be improper to accept these statements as true because the crux of the Plaintiffs' Complaint is that statements made by [defendant] were not truthful.").

  B.  **Documents Inappropriate for Judicial Notice Because Defendants Have Not Complied with Federal Rule of Evidence 201 and Ask the Court to Consider Them for the Truth of the Matter Asserted**

Defendants request judicial notice of numerous documents not referenced or relied upon in the Complaint that do not meet the requirements of Rule 201.  *See* RJN Exs. 15, 20, 26, 32-33, 37-38, 42, 45-46, 55, 57, 64-66.  The documents each contain contested facts that are not "generally known" or "accurately and readily" determined.  As discussed below, Defendants' request for these documents should be denied.

  1.  **AdaptHealth Q2 2021 Financial Supplement (RJN Exhibit 15)**

RJN Exhibit 15 is a post-Class Period "AdaptHealth Q2 2021 Financial Supplement," dated August 5, 2021.  Iannece Decl. at 3.  This exhibit was not referenced or relied upon in the

Complaint.  It is thus only judicially noticeable if it complies with the requirements of Rule 201.  To the extent Defendants cite RJN Exhibit 15 for the truth of contested matters – such as AdaptHealth's defensive position that Defendants' modification to the way it reported organic growth was appropriate and "provide[d] a more comprehensive picture of how its businesses were actually growing" (Mtn. at 3, 12 (citing RJN Exhibit 15)) – the Court should not take notice of those purported "facts," which Plaintiffs contest.  *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss ("MTD Opposition") at 8-11 (explaining AdaptHealth manufactured the new "pro forma" growth metric to conceal declining organic growth during the Class Period).  Defendants do not cite any authority stating that judicial notice is appropriate for this purpose.  RJN at 5-6.

These facts are not the type that are "generally known" to this Court or that may be "accurately and readily" determined.  Fed. R. Evid. 201(b); *see Behrens v. Arconic, Inc.*, 429 F. Supp. 3d 43, 48, n.9 (E.D. Pa. 2019) (taking judicial notice of defendants' documents but "not draw[ing] the factual conclusions recommended by [d]efendants" because "many of the facts [d]efendants ask[ed] the [c]ourt to take notice of [were] not only reasonably contested, but central to [p]laintiffs' theories of liability").  Defendants' request should be denied for this Exhibit.

### 2. Deutsche Bank Analyst Reports (RJN Exhibits 42 and 46)

RJN Exhibits 42 and 46 are both Deutsche Bank analyst reports.  Iannece Decl. at 4-5.  Neither exhibit was referenced or relied upon in the Complaint.  They are thus only judicially noticeable if they comply with the requirements of Rule 201.  The Court should decline to consider both documents since Plaintiffs contest Defendants' version of the purported "facts."  *See Viropharma*, 2003 WL 1824914, at *1 ("If a court adopted the approach of considering [publicly available] documents for the truth of the matter asserted therein, it would be authorizing a trial by public documents, and thus imprudently expanding the scope of 12(b)(6) motions."); *Hall v. Johnson & Johnson*, No. 18-1833(FLW), 2019 WL 7207491, at *11 (D.N.J. Dec. 27, 2019) (declining a

request to take judicial notice of document that would require the court to "delve" into factual matters at the center of the parties' contest). Judicial notice of these documents is inappropriate for two reasons.

First, like RJN Exhibit 15, Defendants rely on RJN Exhibit 42 to support the contested factual argument that altering AdaptHealth's organic growth metric was appropriate because the traditional "same store" growth figure did not "'provide a clear representation of the business.'" Mtn. at 3 (quoting RJN Exhibit 42). But the Deutsche Bank analysts also stated in the report that they would still "'appreciate a true "same store" growth number.'" *Id.* And Plaintiffs allege that Defendants changed the metric to conceal AdaptHealth's true (declining) organic growth, as evidenced by the fact that AdaptHealth previously provided the true organic growth information to investors and only introduced the new "pro forma" metric just as the Company's organic growth turned negative. MTD Opposition at 8-11.

Second, Defendants point to the analyst reports as evidence that the July 19, 2021 *Jehoshaphat* Report was factually incorrect, arguing that "as outlined in [RJN Exhibit 42], the calculations in the Short-Seller Report are '[d]isprovable with 2Q [2021] results.'" Mtn. at 15. *See also* Mtn. at 15, n.74 (citing RJN Exhibit 46) ("'[T]he author (who is short the stock and pushing the story to move the stock down) clearly only gives one side of the issue . . . .'"); Mtn. at 14 & n.72 (describing the *Jehoshaphat* Report as "fundamentally wrong" and citing RJN Exhibit 46); Mtn. at 15 (quoting RJN Exhibit 46 at 3) (noting the analysts were "confident that [AdaptHealth] is seeing the organic growth they are reporting'") (emphasis omitted). But Defendants elsewhere concede that AdaptHealth "enhance[d] its disclosures" in response to the *Jehoshaphat* Report (Mtn. at 15, n.73), and confirmed in its post-Class Period SEC filings that *Jehoshaphat's* organic growth critiques were credible and that AdaptHealth's true organic growth was, in fact, negative when AdaptHealth had reported 11.5% growth. MTD Opposition at 8-11. Plaintiffs' allegations are, moreover, based on

- 5 -

the aspects of the *Jehoshaphat* Report that the Company and Plaintiffs' forensic accountants have confirmed as credible. *Id.* at 8-11, 33, n.21, 35.[5]

Defendants do not cite any authority stating that judicial notice is appropriate for the manner in which they use these documents. RJN at 5-6. Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for judicial notice should therefore be denied for these exhibits.

### 3. Canaccord and Jefferies Analyst Reports (RJN Exhibits 55 and 57)

RJN Exhibits 55 and 57 are additional analyst reports. Iannece Decl. at 6. Neither exhibit was referenced or relied upon in the Complaint. They are thus only judicially noticeable if they comply with the requirements of Rule 201. Like the Deutsche Bank analyst reports (RJN Exhibits 42 and 46), the Court should decline to consider both of these additional analyst reports, as Plaintiffs contest the purported "facts" asserted by Defendants in these exhibits.

Defendants cite RJN Exhibits 55 and 57 for their truth to argue that "contrary to the allegations in the Complaint, even in the immediate aftermath of Mr. McGee's departure, analysts continued to express faith in AdaptHealth's . . . ability, in the long term, to acquire and integrate deals." Mtn. at 17-18 (citing RJN Exhibits 55 and 57). Plaintiffs' well-pled allegations, however, reveal that other analysts viewed McGee's removal as a "'clear negative'" because he was the

---

[5] Defendants further reference RJN Exhibit 42 to suggest that the market "understood" why the Company changed how it reported its growth metric. Mtn. at 13, n.66. But that is, again, a disputed issue. Plaintiffs allege that the change was not well understood and that the true reason for the change – to hide negative organic growth – and the fact of negative organic growth itself, were all concealed from the market. MTD Opposition at 8-11. The Court should therefore also decline to judicially notice RJN Exhibit 42 for this additional reason. *See In re PTC Therapeutics, Inc., Sec. Litig.*, No. 16-1124 (KM) (MAH), 2017 WL 3705801, at *8, n.5 (D.N.J. Aug. 28, 2017) (declining to judicially notice "analyst reports to demonstrate that the market was generally aware that [defendants'] study had failed to reach its endpoints" because "those reports also reiterate[d] the allegedly false or misleading information that management conveyed to the market by other means").

"'driving force behind the company's growth.'" Complaint, ¶35. Defendants again do not cite any authority to support judicial notice for this purpose. RJN at 5-6.

Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for judicial notice should be denied.

### 4.   Co-CEO Articles (RJN Exhibits 64-66)

RJN Exhibits 64-66 are two articles from websites and a third article from the Harvard Business Review. Iannece Decl. at 6. Defendants ask the Court to judicially notice RJN Exhibits 64-66, which they claim are "publicly available news articles." RJN at 5.[6] The articles were not referenced or relied upon in the Complaint. They are thus only judicially noticeable if they comply with the requirements of Rule 201. They do not, for several reasons.

First, while news articles are generally proper candidates for judicial notice, they are not if offered for their truth, especially where the facts are contested. *See Vrakas v. U.S. Steel Corp.*, No. 17-579, 2018 U.S. Dist. LEXIS 168561, at *16-*17 (W.D. Pa. Sep. 29, 2018) (taking judicial notice of newspaper articles "but only for the generally known or incontestable facts, cited in [defendants'] . . . [b]rief, that 'stocks moved sharply higher' after the 2016 presidential election, . . . and that in several years between 2007 and 2016, dismissal rates for securities class actions exceeded 50%"). Defendants cite RJN Exhibits 64-66 for their truth to argue that AdaptHealth's adoption of a co-CEO arrangement between Defendants McGee and Griggs was for a "legitimate business purpose." Mtn. at 39 (citing RJN Exhibits 64-66). Defendants make this argument to dispute factually Plaintiffs' allegation that the Company's timely decision to adopt the "slightly unusual" co-CEO arrangement (as described by analysts) right before McGee's indictment became public is not mere coincidence, but is evidence of Defendants' knowledge of McGee's legal exposure. Complaint, ¶¶131-132, 139.

---

[6]   RJN Exhibit 65, a summary of a Harvard Business Review article, can hardly be said to be a news source.

But, again, Defendants do not cite authority holding that judicial notice is appropriate for this purpose. Courts, in fact, support the opposite conclusion. *See Hall*, 2019 WL 7207491, at \*11 (declining a request to take judicial notice of document that would require the court to "delve" into factual matters at the center of the parties' dispute).[7]

Second, judicial notice of RJN Exhibit 66 is inappropriate because it post-dates the Class Period and is irrelevant. RJN Exhibit 66, in fact, provides only anecdotal information that is not indicative of the extent to which the co-CEO model had or had not been widely adopted when Defendants announced AdaptHealth's co-CEO arrangement months earlier. Courts do not take judicial notice of documents that are "irrelevant to [p]laintiffs' claims . . . during the class period." *McDermid v. Inovio Pharms., Inc.*, 520 F. Supp. 3d 652, 658, n.1 (E.D. Pa. 2021); *see, e.g., PTC Therapeutics*, 2017 WL 3705801, at \*3, n.5 (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – *e.g.*, what was known to PTC at the time it made the alleged misstatement –is quite low"); *see also Hall*, 2019 WL 7207491, at \*10 (declining to take judicial notice of an exhibit "issued . . . three months after the close of the Class Period . . . [because] it arguably ha[d] minimal relevance to the claims at issue").

Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for judicial notice should be denied.

---

[7] Defendants' own authority holds that courts may not take judicial notice of news articles for the truth of the information contained therein. RJN at 5-6. *See In re Processed Egg Prods. Antitrust Litig.*, No. 08-MD-02002, 2011 WL 5980001, at \*6 (E.D. Pa. Nov. 30, 2011) (noting that "[e]ven if the [c]ourt took judicial notice of the articles . . . , [it] would not at this stage consider the documents for the truth of the information contained therein"); *see also Theia Techs. LLC v. Theia Grp., Inc*, No. 20-97, 2021 WL 291313 (E.D. Pa. Jan. 28, 2021) (taking judicial notice of news article because courts may "take judicial notice **of the existence of newspaper articles** and that the information contained therein was publicly available"), *appeal dismissed sub nom. Theia Techs. LLC v. Theia Grp. Inc.*, No. 21-1303, 2021 WL 3669376, at \*10 (3d Cir. July 27, 2021). *Theia* is also inapposite because there, defendants directly put at issue the judicially noticed news article in a Rule 30(b)(6) deposition. *Id.*, at \*10. Here, Plaintiffs have not put Defendants' RJN Exhibits 64-66 at issue.

### 5. *Jehoshaphat Research* Website (RJN Exhibit 45)

Defendants ask the Court to judicially notice RJN Exhibit 45, which they claim is "publicly available . . . information contained on *Jehoshaphat Research's* public webpage." RJN at 5; Iannece Decl. at 5. This webpage was not referenced or relied upon in the Complaint, and it therefore is only judicially noticeable if it meets the requirements of Rule 201.

Defendants offer RJN Exhibit 45 to argue that the *Jehoshaphat* Report's conclusions regarding AdaptHealth's organic growth were incorrect, which Plaintiffs contest. *Compare* Mtn. at 14 ("Jehoshaphat disclaims on its website that '[i]nvestors should realize that we are biased . . . .'") *with* MTD Opposition at 8-11, 33, n.21, 42-43 (alleging *Jehoshaphat* Report's core analysis was both credible and correct in its critique). The fact that an analysis is provided by a short seller does not mean that the analyst's conclusions are not credible or are incorrect. *See id.* at 43. Defendants' view of the facts are clearly and reasonably contested. *Id.* And, once again, they cite no authority supporting the use of judicial notice for this purpose. RJN at 5-6. Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for this Exhibit should be denied.

There is also no need for the Court to notice RJN Exhibit 45 for the more limited purpose of its existence. The website page contains no specific publication date, other than the post-Class Period date on which Defendants printed it, and, as such, it is unknown whether the particular information it contains was available publicly during the Class Period. *See PTC Therapeutics*, 2017 WL 3705801, at *3, n.5 (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – *e.g.*, what was known to PTC at the time it made the alleged misstatements – is quite low"). The Court should therefore decline to take judicial notice of RJN Exhibit 45 in its entirety.

- 9 -

### 6. AdaptHealth June 14, 2021 SEC Form 8-K (RJN Exhibit 20)

Defendants request judicial notice of RJN Exhibit 20, which is AdaptHealth's June 14, 2021 SEC Form 8-K. Iannece Decl. at 3. This SEC filing was not referenced or relied upon in the Complaint. Accordingly, it is only judicially noticeable if it meets the requirements of Rule 201.

Defendants cite RJN Exhibit 20 for its truth to argue that (1) tens of millions of dollars of McGee's AdaptHealth stock sales were to "fund 'the exercise price and withholding taxes'" (Mtn. at 34 (quoting RJN Exhibit 20)); and (2) McGee's alleged misconduct was unrelated to AdaptHealth because a law firm hired by AdaptHealth's board of directors ("Board") to investigate reported with a "'high degree'" of confidence that AdaptHealth had no "connection to" McGee's misconduct. Mtn. at 16 (quoting RJN Exhibit 20). Defendants do not cite any authority stating that judicial notice is appropriate for this purpose. RJN at 5-6. And the facts are contested. McGee's actual use of the proceeds from his insider sales, in fact, are neither "generally known" nor "accurately and readily" determined. Fed. R. Evid. 201(b)(1); MTD Opposition at 36-38. The same is true for whether McGee's conduct was related to AdaptHealth's business. *Id.* That issue is, in fact, intensely disputed. McGee was central to that business, which with contracting organic revenue had become AdaptHealth's primary source of revenue growth by Q4 2020. And its growth depended on McGee's expertise, which AdaptHealth emphasized repeatedly throughout the Class Period. Plaintiffs also contest that Defendants were unaware of McGee's misconduct. *Id.* Defendant Alan Quasha ("Quasha") – a member of AdaptHealth's Board with long standing business ties to McGee and the two co-owners of the German North Channel Bank used to facilitate the tax scheme to defraud the Danish Treasury – informed reporters "that he first heard about the 'problems in Denmark' sometime in 2016," well before the start of the Class Period. *See id.* at 3, 31; Britton Decl., Ex. 4 at 7.

Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for this Exhibit should be denied.

### 7. AdaptHealth SEC Form 8-K (RJN Exhibit 26)

Defendants request judicial notice of RJN Exhibit 26, which is AdaptHealth's August 30, 2021 SEC Form 8-K. Iannece Decl. at 3. This SEC filing was not referenced or relied upon in the Complaint. It is thus only judicially noticeable if it meets the requirements of Rule 201.

Defendants cite RJN Exhibit 26 for its truth to argue that Quasha resigned from AdaptHealth's Board, effective September 1, 2021, without "disagreement with the Company in connection with his resignation." Mtn. at 9, n.28. Plaintiffs contest Defendants' characterization. *See* MTD Opposition at 31. Quasha had longstanding business ties to McGee and his two co-conspirators and admitted that he knew of the "'problems in Denmark'" as early as 2016. Britton Decl., Ex. 4. The timing of his departure, in context, raises questions of fact. *See* MTD Opposition at 3, 31. And Defendants again do not cite authority stating that judicial notice is appropriate for this purpose. RJN at 5-6.

Defendants' version of these facts are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b)(1). Their request for this Exhibit should be denied.

### 8. Other AdaptHealth SEC Forms 8-K and 10-Q (RJN Exhibits 32, 33, 37, 38)

Defendants request judicial notice of RJN Exhibits 32, 33, 37, and 38, AdaptHealth's May 6, 2021, August 5, 2021 and November 4, 2021 Forms 8-K and November 9, 2021 Form 10-Q. Iannece Decl. at 4. These SEC filings were not referenced or relied upon in the Complaint. They are therefore only judicially noticeable if they meet the requirements of Rule 201.

Defendants cite these exhibits, three of which post-date the Class Period, to argue that "the Company has grown significantly since 2017." Mtn at 11. But the Company's overall revenue growth is not at issue in the Complaint. The Complaint rather concerns AdaptHealth's concealing of

its declining ***organic revenue growth*** during the Class Period.  MTD Opposition at 8-11.  Nevertheless, Defendants, again, do not cite authority stating that judicial notice is appropriate for this purpose.  RJN at 5-6.  The Court should therefore decline to take judicial notice of these irrelevant documents.  *See Healey Alt. Inv. P'ship v. Royal Bank of Can.*, No. 10-1567(RMB)(KMW), 2010 WL 5055804, at *1 (D.N.J. Dec. 2, 2010) (denying request for judicial notice where "[t]he documents address the merits of Plaintiff's claims, are not relied upon or integral to the Complaint, and are of disputed authenticity and relevance").

Defendants' version of these facts are not "generally known" or "accurately and readily" determined.  Fed. R. Evid. 201(b)(1).  Their request for these exhibits should be denied.

## IV.     CONCLUSION

For the reasons stated herein, the Court should deny Defendants' RJN and take, at most, only limited notice of RJN Exhibits 15, 20, 26, 32-33, 37-38, 42, 45-46, 55, 57 and 64-66 for the fact of their existence, not the truth of the matters asserted therein.

DATED:  March 21, 2022                Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE

s/ DOUGLAS R. BRITTON
DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com

Lead Counsel for Plaintiffs

- 13 -

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Plaintiffs

CERTIFICATE OF SERVICE

   I hereby certify under penalty of perjury that on March 21, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                s/ DOUGLAS R. BRITTON
                DOUGLAS R. BRITTON

                ROBBINS GELLER RUDMAN
                   & DOWD LLP
                655 West Broadway, Suite 1900
                San Diego, CA  92101-8498
                Telephone:  619/231-1058
                619/231-7423 (fax)

                Email:  dougb@rgrdlaw.com

4889-1925-0198.v1

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **VINCENT A COPPOLA**
  vcoppola@pribanic.com,gregory@pribanic.com

- **TODD G. COSENZA**
  TCosenza@wilkie.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,dmk@saxtonstump.com,tah@saxtonstump.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,dmk@saxtonstump.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`