UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB <br><br> Hon. Harvey Bartle III |

**REPLY IN SUPPORT OF**
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants respectfully submit their reply in support of their Request for Judicial Notice

(the "RJN") [Dkt. No. 38] in connection with the Defendants' Motion to Dismiss the Complaint

("Motion to Dismiss") [Dkt. No. 37-1], and state as follows[1]:

---

[1] Except as otherwise noted, capitalized terms used herein have the same meanings ascribed to them in the Motion to Dismiss.

## INTRODUCTION

In support of their Motion to Dismiss, Defendants respectfully requested that the Court consider certain documents that are either referenced in, and central to, the Complaint or otherwise properly subject to judicial notice in deciding the Motion to Dismiss. In their opposition ("RJN Opp.") [Dkt. No. 41], Plaintiffs concede that the Court may properly take judicial notice or otherwise consider fifty-one of those sixty-six documents: Exhibits 1-14, 16-19, 21-25, 27-31, 34-36, 39-41, 43-44, 47-54, 56, and 58-63. (*See* RJN Opp. at 1, 3.) Accordingly, the Court should consider these exhibits for the reasons stated in the RJN.[2]

Plaintiffs' objections to the remaining fifteen documents (Exhibits 15, 20, 26, 32-33, 37-38, 42, 45-46, 55, 57, and 64-66) are entirely unfounded. Plaintiffs generally assert that a court may not typically consider judicially noticed public documents for the truth of the matters asserted therein. (*See generally* RJN Opp.) But this well-settled legal tenet does not bear on the propriety of the RJN, because the Defendants have not asked the Court to consider any of these documents for their truth. Rather, the Defendants request that the Court consider these documents to show that various disclosures were made and were available to investors. *See United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139-40 (E.D. Pa. 2012) (citing *Benak ex rel. Alliance Premier Growth Fund v. Alliance Cap. Mgmt., L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). Not surprisingly, taking judicial notice for this limited purpose is routine in the context of securities cases; moreover, this is consistent with the precept that a court may consider both the existence and contents of a judicially noticed document. *See ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1231 n.78 (C.D. Cal. 2015)

---

[2] Because Plaintiffs concede that the Court may consider these documents in deciding the Motion to Dismiss, the Defendants do not explicitly address them here. The Defendants reiterate, however, that these exhibits are appropriate for the Court's consideration for the reasons set forth in the RJN and further discussed herein in relation to the other exhibits which the Defendants request the Court consider.

(quoting *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 n.151 (C.D. Cal. 2014)). The Court, accordingly, should consider each of these exhibits.

Rather than meaningfully address whether it is appropriate for the Court to take judicial notice of the requested documents for the purposes described in the RJN, Plaintiffs' opposition is little more than a pretext to advance substantive arguments that should have been made within Plaintiffs' opposition to the Motion to Dismiss. Such attempts are improper and should not be considered by the Court.[3] *See In Re Violin Memory Securities Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) ("The inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper . . . [and] Plaintiffs' substantive argument . . . is stricken."); *Dickey v. Advanced Micro Devices, Inc.*, 2016 WL 1375571, at *2 (N.D. Cal. Apr. 7, 2016) ("The court warns that the parties should not use judicial notice papers to make arguments that should have been made within the parties' opening, opposition, or reply briefs, for which the Civil Local Rules of this District set particular page limits."); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP*, 2014 WL 1716222, at *3 (D.N.J. Apr. 30, 2014) ("[B]ecause Roggio's motion for judicial notice relates to arguments already advanced . . . in his [motion], it operates as an impermissible supplemental brief.").

## ARGUMENT

### I.   PLAINTIFFS INCORRECTLY RECITE THE LEGAL STANDARD WITH RESPECT TO REQUESTS FOR JUDICIAL NOTICE

Plaintiffs cite to a number of cases pre-dating the Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, to try to impose a more narrow, and outdated, legal standard

---

[3] The most egregious example of such an attempt is Plaintiffs' argument that "whether McGee's conduct was related to AdaptHealth's business . . . is, in fact, intensely disputed." (*See* RJN Opp. at 10.) Not only is this a substantive argument that was not advanced in Plaintiffs' opposition to the Motion to Dismiss, whether Mr. McGee's conduct was at all related to AdaptHealth's business is not even alleged in the Complaint.

regarding what a court may consider on a motion to dismiss. 551 U.S. 308 (2007). As the Supreme Court made clear in that case, on a motion to dismiss, a court "*must* consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322 (emphasis added).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF ADAPTHEALTH'S DOCUMENTS PUBLICLY FILED WITH THE SEC

Plaintiffs oppose judicial notice of six documents that AdaptHealth publicly filed with the SEC on either a Form 8-K (Exhibits 20, 26, 32, 37 and 38) or Form 10-Q (Exhibit 33), which were not referenced in the Complaint. As explained in the RJN, courts routinely take judicial notice of filings made with the SEC under Rule 201. (RJN at 5 (citing *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); *In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 615 n.21 (E.D. Pa. 2009); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 571 n.20 (E.D. Pa. 2009)).)

Plaintiffs object to Defendants' request for judicial notice as to each of these exhibits on the ground that they believe the documents are being offered "for [their] truth" and the "facts are contested." (*See* RJN Opp. at 10-12.) However, as explained above, and in the RJN, the Defendants request that the Court take judicial notice of and consider these documents merely to show the existence and contents of such documents. For example, Defendants do not introduce Exhibit 20 to prove that Mr. McGee used the proceeds from his stock sale to fund the exercise price and taxes in connection with his stock options or that Mr. McGee's alleged misconduct was not connected at all to AdaptHealth or its business, but rather that investors had ***notice*** of this information. Similarly, the Defendants do not introduce Exhibit 26 to demonstrate the precise reason for (or circumstances surrounding) Mr. Quasha's resignation from the AdaptHealth Board, but rather that investors were notified of its occurrence. Thus, the Court may take

judicial notice and consider these publicly available documents for both their existence and their contents under the standards set forth in the RJN. *See* Fed. R. Evid. 201(b).

Additionally, Plaintiffs object to Defendants request for judicial notice as to Exhibits 32, 33, 37, and 38 for the additional reason that such documents are "irrelevant." (*See* RJN Opp. at 11-12.) Plaintiffs are incorrect. First, the documents are relevant because Plaintiffs have put AdaptHealth's financial well-being at issue and references to the Company's overall revenue growth provide a more accurate and complete picture of how the Company is performing, and is relevant to the materiality of Plaintiffs' claims. Moreover, Plaintiffs continue to attempt to frame Mr. McGee as "the driving force behind the company's growth" (*see* RJN Opp. at 6-7), and therefore, overall growth numbers both before and after Mr. McGee's departure are entirely relevant.

In any event, the supposed relevance of these documents has no bearing on whether judicial notice is appropriate. *See Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013) ("Setting aside the question of whether these items are relevant, the Court finds that they are appropriate for judicial notice."). Indeed, the question of whether a document is "central to the plaintiff's claim" arises only in the context of a court's consideration of documents referred to in the complaint. *See Hajdu v. Metro. Life Ins. Co.*, 2015 WL 2106129, at *2 (W.D. Pa. May 6, 2015) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002)). If a document referred to in the complaint is central to a plaintiff's claims, there is no question that a court may consider it. Exhibits 32, 33, 37, and 38 are not referenced in the Complaint, and as such, their relevance to Plaintiffs' claims has no bearing on whether they can be considered by the Court. Instead, the relevant inquiry is whether the documents are matters of public record—which they are—and therefore subject to judicial notice pursuant to Federal Rule

of Evidence 201. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2000).

Importantly, relevance is not a consideration when determining whether to take judicial notice

under Rule 201. *Xlear, Inc. v. STS Health, LLC*, 2015 WL 8967574, at *3 (D. Utah Dec. 15,

2015). Accordingly, the Court should take judicial notice of Exhibits 32, 33, 37, and 38, and

should consider these documents in deciding the Motion to Dismiss.

## III.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE MARKET ANALYST REPORTS

Plaintiffs oppose judicial notice of four analyst reports supposedly not referenced in the

Complaint (Exhibits 42, 46, 55 and 57).[4] As explained in the RJN, courts frequently take judicial

notice of market analyst reports under Rule 201. (RJN at 5 (citing *In re Synchronoss Sec. Litig.*,

705 F. Supp. 2d 367, 391 (D.N.J. 2010)).) Where, as here, Plaintiffs rely extensively on analyst

reports to show the information available to the market (and the market's reaction),[5] judicial

notice of additional analyst reports outside those referenced in the complaint is proper. *See*

*Benak v. Alliance Cap. Mgmt. L.P.*, 349 F. Supp. 2d 882, 888 n.8 (D.N.J. 2004) ("Plaintiffs

would have this Court permit them to 'cherry-pick' just enough articles to establish prima facie

liability, yet just too few to establish inquiry notice as a matter of law. The Court will not

countenance such an approach."); *see also In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d

1106, 1115 n.10 (C.D. Cal. 2003) ("As Plaintiffs rely heavily on such analysts' reports to state

their claims, they 'can hardly complain when [Movants] refer to the same information in their

defense.'").

---

[4] While Exhibits 42, 46, and 57 were not referenced in the Complaint, Exhibit 55 was referred to and directly quoted twice. *See* Compl. ¶¶ 130, 131. Accordingly, this document was incorporated into the Complaint by reference and, thus, the Court may properly consider its contents. *See* RJN at 4.

[5] *See* Compl. ¶¶ 5, 7, 10, 35, 127, 130-133, 139, 152.

In response, Plaintiffs argue that Defendants cannot use the analyst reports for the purpose of disputing Plaintiffs' factual allegations. (*See* RJN Opp. at 4-7.) Plaintiffs confuse judicially noticeable facts with legal arguments to be drawn from those facts. Defendants cited Exhibit 42, for example, not to show that AdaptHealth's "pro forma growth" methodology was appropriate, but rather to show that analysts were aware of AdaptHealth's methodology change and expressed to the market a level of understanding. Neither was Exhibit 42 or 46 cited to show that the Short-Seller Report was inaccurate, but rather to demonstrate that others were performing similar calculations of AdaptHealth's organic growth and came to different conclusions. Similarly, Exhibits 55 and 57 were not cited to dispute whether Mr. McGee's departure was a negative or positive for the Company, but instead to demonstrate that analysts remained confident in AdaptHealth's ability to operate going forward. In sum, Defendants seek judicial notice of these analyst reports to show the full extent of the information available to the market at the time of the alleged corrective disclosures – dispelling, among other claims, Plaintiffs' contentions that (i) the market was unaware of AdaptHealth's "organic growth" methodology change and (ii) only negative information was disclosed to the market in the aftermath of the April 13 Release and the Short-Seller Report.

Defendants request that this Court take judicial notice of the content and existence of Exhibits 42, 46, 55, and 57 for the limited purposes noted above and in Defendants' RJN. (*See* RJN at 5.)

## IV. THE COURT SHOULD TAKE JUDICIAL NOTICE OF ADAPTHEALTH'S Q2 2021 FINANCIAL SUPPLEMENT

As explained in the RJN, AdaptHealth's Q2 2021 Financial Supplement (Exhibit 15) is a publicly available investor communication that courts may properly take judicial notice of. (*See* RJN at 5.) Plaintiffs do not dispute this. Rather, Plaintiffs oppose Defendants' request for

judicial notice of Exhibit 15 for the sole reason that they believe the document is cited "for the truth of contested matters." (*See* RJN Opp. at 3-4.) Once again, this misconstrues Defendants' intentions. Defendants do not cite this exhibit to prove that the Company's pro forma growth methodology provided a more comprehensive picture of how the Company's businesses were actually growing as compared to its traditional organic growth calculations (*see* RJN Opp. at 3-4), but rather merely to demonstrate precisely what AdaptHealth was disclosing to the market. Moreover, Plaintiffs put AdaptHealth's post-class period disclosures squarely at issue when they baselessly alleged that such disclosures were evidence of scienter.[6]

Accordingly, the Court should take judicial notice of Exhibit 15 and consider this document in deciding the Motion to Dismiss.

## V.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE *JEHOSHAPHAT RESEARCH* WEBSITE

Plaintiffs puzzlingly contest Defendants' request that the Court take judicial notice of the "About Us" page on the short-seller *Jehoshaphat Research*'s website (Exhibit 45) (*see* RJN Opp. at 9) – the same website on which the Short-Seller Report, upon which Plaintiffs' claims heavily rely, was published. Plaintiffs' claim that this exhibit is cited to argue that the Short-Seller Report's "conclusions regarding AdaptHealth's organic growth were incorrect" is baseless. (*Id.*) Rather, this document is very clearly referenced merely to demonstrate how *Jehoshaphat Research* describes itself publicly to investors and that investors had notice that *Jehoshaphat Research* is providing an admittedly biased (and, therefore, not neutral or independent) perspective.

Moreover, given that this is the short-seller's description of its own practice to the market, it is irrelevant whether this specific language appeared on its website during the class

---

[6] *See, e.g.*, Compl. ¶ 141.

period.  But, to be clear, there is absolutely no indication that this language has not always appeared verbatim (or at least in substance) on the website, and Plaintiffs cite no case law where the mere possibility that information was not publicly available until after the class period was the basis for a denial of a request for judicial notice.

Accordingly, the Court should take judicial notice of Exhibit 45 for the limited purposes noted above and in Defendants' RJN.  (*See* RJN at 5-6.)

## VI.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE NEWS ARTICLES RELATING TO CO-CEO ARRANGEMENTS

Plaintiffs admit that "news articles are generally proper candidates for judicial notice" so long as they are not offered for their truth.  (*See* RJN Opp. at 7; *see also* RJN at 5-6.)  However, Plaintiffs contest Defendants' request for judicial notice of Exhibits 64-66 because they believe such documents are cited "to dispute factually Plaintiffs' allegation" that the Company's adoption of the co-CEO model was "slightly unusual . . . (as described by analysts)."  (*See* RJN Opp. at 7.)  This is incorrect.  Defendants do not, as Plaintiffs contend (*see id*. at 7-8), cite these documents to show that AdaptHealth's implementation of a Co-CEO arrangement was for "a legitimate business purpose" – in fact, these articles have absolutely nothing to do with AdaptHealth.  Rather, these documents are merely referenced to demonstrate that independent news sources were publicly commenting on the increased adoption of the Co-CEO model within public companies, and thus this information was available to the market.  (RJN Opp. at 7.)

Accordingly, the Court should take judicial notice of Exhibits 64-66 for the limited purposes noted above and in Defendants' RJN.  (*See* RJN at 5-6.)

- 10 -

## VII.   CONCLUSION

For the foregoing reasons and for the reasons identified in the RJN, Defendants respectfully request that the Court take judicial notice of Exhibits 15, 20, 26, 32-33, 37-38, 42, 45-46, 55, 57, and 64-66 in connection with its consideration of the Motion to Dismiss.

Dated: April 15, 2022

SAXTON & STUMP


By: /s/ Steven D. Costello_____
Steven D. Costello (No. 37288)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania 19355
(484) 328-8500

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000


*Attorneys for Defendants*