# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

May 31, 2022

**VIA ECF**
The Honorable Harvey Bartle III
U.S. District Judge
U.S. District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street, Courtroom 16-A
Philadelphia, Pennsylvania 19106

Re:   *Delaware County Employees Retirement System & Bucks County Employees' Retirement
      System v. AdaptHealth Corp. et al.*, Civ. Action No. 2:21-cv-03382
      **Response to Lead Plaintiffs' Notice of Recent Authority (ECF No. 46)**

Dear Judge Bartle:

We write, on behalf of the Defendants in the above-referenced matter, in response to Lead Plaintiffs'
Notice of Recent Authority regarding *Noto v. 22nd Century Grp., Inc.*, 2022 WL 1633827 (2d Cir.
May 24, 2022).  (ECF No. 46.)  As detailed below, *22nd Century* – an out-of-circuit, non-binding
decision – is entirely distinguishable from the allegations here and does not do anything to bolster Lead
Plaintiffs' arguments in opposition to the Defendants' pending Motion to Dismiss.

In *22nd Century*, the plaintiffs alleged that the defendants violated Rule 10b-5(b) by failing to disclose
an SEC investigation into the defendant company's accounting controls.  The district court held that
defendants had no duty to disclose that investigation.  The Second Circuit remanded that decision
finding that the defendants inherited a duty to disclose the existence of the investigation "in light of the
specific statements they made about the [c]ompany's accounting weaknesses." *Id.* at *6.  These
included management's conclusions that:  (i) the company's "internal controls over financial reporting
were not effective and that material weaknesses exist[ed] in [its] internal control over financial
reporting"; and (ii) the company had completed the implementation and testing of a remediation plan
that was targeted at eliminating [the] previously reported material weaknesses . . . ." *Id.* at *2.  The
Second Circuit further noted that "[b]ecause defendants here specifically noted the deficiencies and
that they were working on the problem, and then stated that they had solved the issue, 'the failure to
disclose [the investigation] would cause a reasonable investor to make an overly optimistic assessment
of the risk.'" *Id.* at *6 (internal quotations and citations omitted).)  This decision was grounded in the

May 31, 2022
Page 2

unremarkable and long-settled principle that "'[e]ven where there is no existing independent duty to disclose information, once a company speaks on an issue or topic, there is a duty to tell the whole truth.'" *Id.* (quoting *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014)). Finally, the Second Circuit drew particular attention to the fact that the defendant company not only failed to disclose the existence of the SEC investigation, but also later affirmatively (and falsely) denied the investigation's existence. *Id.* at *7.

Obviously, the allegations and disclosures in *22nd Century* are wholly distinguishable from Lead Plaintiffs' allegations here on several grounds. *First*, the relevant disclosures in *22nd Century* were allegedly rendered false or misleading by the failure to disclose the existence of an investigation into the defendant company itself, unlike the allegations here relating to Mr. McGee's private acts that were entirely unrelated to AdaptHealth or its business. *Second*, in *22nd Century*, the failure to disclose the existence of the SEC investigation related directly to the specific focus of the SEC's investigation – i.e., weaknesses in the company's accounting controls. Here, the challenged statements concern the success, experience and qualifications of AdaptHealth's management team, and its future and past revenue growth. None of the truthful statements on these topics are at all alleged to have been the focus of any investigation into Mr. McGee – which, rather, focused on an alleged tax fraud scheme purportedly perpetrated through an unrelated company Mr. McGee is alleged to have owned (along with others). That is, there were no disclosures that were rendered false or misleading by the non-disclosure of any pending investigation. *Finally*, unlike in *22nd Century*, AdaptHealth never denied the existence of any criminal investigation into Mr. McGee. It is undisputed that once AdaptHealth was ultimately made aware that Mr. McGee would be indicted by the Danish authorities, AdaptHealth explicitly disclosed this information and placed Mr. McGee on an indefinite, unpaid leave and initiated an internal investigation.

*       *       *

Accordingly, Lead Plaintiffs' "recent authority" does not enhance any of Lead Plaintiffs' positions. To the extent, however, that the Court believes that it would benefit from further briefing on any issue raised in *22nd Century*, Defendants would be happy to do so upon request of the Court.

Respectfully submitted,

/s/  Todd G. Cosenza
Todd G. Cosenza

Cc:     All Counsel (via ECF)