UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB |

**DEFENDANTS ADAPTHEALTH CORP., STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, AND DAVID S. WILLIAMS III'S ANSWER TO PLAINTIFFS' <u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

| | |
|---|---|
| SAXTON & STUMP <br> Steven D. Costello (No. 37288) <br> 100 Deerfield Lane, Suite 240 <br> Malvern, Pennsylvania 19355 <br> (484) 328-8500 | WILLKIE FARR & GALLAGHER LLP <br> Todd G. Cosenza (admitted *pro hac vice*) <br> Zeh S. Ekono (admitted *pro hac vice*) <br> Vincent P. Iannece (admitted *pro hac vice*) <br> 787 Seventh Avenue <br> New York, New York 10019-6099 <br> (212) 728-8000 |

*Attorneys for Defendants AdaptHealth Corp., Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III*

Defendants AdaptHealth Corp. ("AdaptHealth" or the "Company"), Stephen P. Griggs and Jason Clemens (the "AdaptHealth Executive Defendants"), Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (together with the AdaptHealth Executive Defendants, the "AdaptHealth Individual Defendants," and, collectively, the "AdaptHealth Defendants"), by and through their undersigned counsel, hereby respond to the allegations of the Consolidated Class Action Complaint filed by Delaware County Employees Retirement System and Bucks County Employees' Retirement System (collectively, "Plaintiffs"), dated November 22, 2021 (the "Consolidated Complaint"). Except as otherwise expressly recognized herein, the AdaptHealth Defendants deny each and every allegation. In addition, all headings and subheadings are repeated solely for the Court's convenience and the AdaptHealth Defendants deny all allegations in the headings, subheadings, footnotes, or prayers for relief in the Consolidated Complaint, unless expressly indicated otherwise. The AdaptHealth Defendants expressly reserve the right to seek to amend or supplement their Answer. Finally, for the sake of clarity, and unless otherwise expressly stated, the AdaptHealth Defendants use the defined terms and phrases in the Consolidated Complaint for purposes of this Answer, but, in so doing, do not concede that any such definitions are correct or proper.

## I.    SUMMARY OF THE ACTION

1.    The allegations in Paragraph 1 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that Paragraph 1 of the Consolidated Complaint alleges that this action purports to be a class action on behalf of all purchasers of AdaptHealth common stock between November 8, 2019, and July 16, 2021, and that Plaintiffs purport to seek remedies against Defendants for alleged violations of Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and

1

20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The AdaptHealth Defendants deny that they have violated the law or that Plaintiffs are entitled to any relief.

2. With respect to the allegations in Paragraph 2 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth is a full-service home medical equipment company; (b) AdaptHealth was an "emerging growth company" as defined in Section 2(a) of the Securities Act during some or all of the relevant time period; (c) AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period; (d) AdaptHealth began trading publicly on November 11, 2019; (e) AdaptHealth Holdings LLC completed a business combination with DFB Healthcare Acquisitions Corp. ("DFB") in November 2019; (f) AdaptHealth completed at least fifty-nine acquisitions between 2012 and 2019; and (g) AdaptHealth increased its revenue in the three years preceding the business combination with DFB. The AdaptHealth Defendants further state that the allegations in Paragraph 2 of the Consolidated Complaint purport to characterize and selectively quote Defendants' statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 2 of the Consolidated Complaint.

3. With respect to the allegations in Paragraph 3 of the Consolidated Complaint, the AdaptHealth Defendants admit that, based on currently available information, (a) Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period, and (b) Defendant McGee and others entered a financial settlement with Denmark's tax agency, Skatteforvaltningen. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "tax

scheme," Denmark authorities, and the "criminal fine," and otherwise deny the allegations in Paragraph 3 of the Consolidated Complaint. The AdaptHealth Defendants also state that the allegations in the second sentence in Paragraph 3 of the Consolidated Complaint (including Footnote 1) regarding "SEC regulations" state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in the second sentence in Paragraph 3 of the Consolidated Complaint.

4.      With respect to the allegations in Paragraph 4 of the Consolidated Complaint (including Footnote 2), the AdaptHealth Defendants admit that, based on currently available information, a complaint was filed by Skatteforvaltningen, the Customs and Tax Administration of the Kingdom of Denmark, in the United States District Court for the Southern District of New York against various pension funds on November 19, 2019 (the "Denmark Complaint"), which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action, and lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee. The AdaptHealth Defendants further state that the allegations in Paragraph 4 of the Consolidated Complaint purport to characterize and selectively quote statements by the "Danish prosecutors," and respectfully refer the Court to the Denmark Complaint and/or statements by Danish prosecutors for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 4 of the Consolidated Complaint (including Footnote 2).

5.      With respect to the allegations in Paragraph 5 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth's Board of Directors approved the acquisition of AeroCare in December 2020; (b) the AeroCare acquisition closed on February 1, 2021;

(c) AdaptHealth's Board of Directors appointed Defendant Griggs and Defendant McGee as Co-CEOs in February 2021; and (d) AdaptHealth issued the April 2021 Press Release (as defined below), and the AdaptHealth Defendants lack information or knowledge sufficient to form a belief as to the allegations regarding unidentified analyst statements and "pressure from Denmark's criminal investigation mounting on Defendant McGee." The AdaptHealth Defendants further state that the allegations in the third sentence of Paragraph 5 of the Consolidated Complaint purport to characterize and selectively quote the April 2021 Press Release (as defined below) and statements made by unidentified analysts without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 5 of the Consolidated Complaint.

6. With respect to the allegations in Paragraph 6 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021. The AdaptHealth Defendants further state that the allegations in Paragraph 6 purport to characterize Defendants' statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 6 of the Consolidated Complaint.

7. With respect to the allegations in Paragraph 7 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth issued the April 2021 Press Release (as defined below) and (b) *Jehoshaphat Research* issued a report in July 2021 related to AdaptHealth (the "*Jehoshaphat* Report"), and the AdaptHealth Defendants lack information or knowledge sufficient to form a belief as to the allegations regarding analyst statements. The AdaptHealth

Defendants further state that the allegations in Paragraph 7 purport to characterize and selectively quote statements in the April 2021 Press Release and the *Jehoshaphat* Report, as well as statements by unidentified analysts, and the AdaptHealth Defendants respectfully refer the Court to the aforementioned sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 7 of the Consolidated Complaint.

## II.    STATEMENT OF THE CASE

8.    With respect to the allegations in Paragraph 8 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB was originally formed in November 2017 as a special purpose acquisition company, which later entered into a business combination with AdaptHealth Holdings LLC to form AdaptHealth. The AdaptHealth Defendants further state that the allegations in the third sentence in Paragraph 8 purport to characterize and selectively quote statements made in DFB's "SEC filings," and respectfully refer the Court to those SEC filings for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 8 of the Consolidated Complaint.

9.    With respect to the allegations in Paragraph 9 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB announced in July 2019 that it had entered into a definitive agreement for a business combination with AdaptHealth Holdings LLC. The AdaptHealth Defendants further state that the allegations in Paragraph 9 of the Consolidated Complaint purport to characterize and selectively quote DFB's statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 9 of the Consolidated Complaint.

10.    With respect to the allegations in Paragraph 10 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) Defendant McGee served as the CEO of AdaptHealth

5

during some of the relevant time period and (b) AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period. The AdaptHealth Defendants further state that the allegations in Paragraph 10 of the Consolidated Complaint purport to characterize and selectively quote statements by DFB and unidentified analysts without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to the unidentified source(s) and DFB's SEC filings for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 10 of the Consolidated Complaint.

### A.   The Class Period Begins – Defendants Laud Extraordinary Organic Growth and M&A Growth at AdaptHealth, Fueled by "Seasoned Management"

11.   With respect to the allegations in Paragraph 11 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) this action purports to be a class action that starts on November 8, 2019 and (b) on November 8, 2019, DFB announced in a press release that its business combination with AdaptHealth Holdings LLC had closed ("November 8, 2019 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 8, 2019 Press Release for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 11 of the Consolidated Complaint.

12.   The AdaptHealth Defendants deny the allegations in Paragraph 12 of the Consolidated Complaint. The AdaptHealth Defendants further state that the allegations in Paragraph 12 of the Consolidated Complaint purport to characterize and selectively quote "Defendants[']" statements without identifying the source(s) and "an August 2020 investor

6

presentation," and respectfully refer the Court to those unidentified sources and the August 2020 investor presentation for a complete and accurate account of their contents.

13. With respect to the allegations in Paragraph 13 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period. The AdaptHealth Defendants further state that the allegations in Paragraph 13 of the Consolidated Complaint purport to characterize and selectively quote "Defendants[']" statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 13 of the Consolidated Complaint.

14. With respect to the allegations in the second and third sentences in Paragraph 14 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the Prospectus (as defined below) with the SEC in connection with the Secondary Offering (as defined below), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the Prospectus for a complete and accurate account of its contents. The AdaptHealth Defendants further state that the allegations in the first sentence in Paragraph 14 of the Consolidated Complaint purport to characterize and selectively quote AdaptHealth's statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 14 of the Consolidated Complaint.

**B.      Defendants Conceal McGee's Involvement in One of the Largest Tax Frauds in European History**

15.     With respect to the allegations in Paragraph 15 of the Consolidated Complaint, the AdaptHealth Defendants admit, based on currently available information, (a) the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action, (b) that Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period, and (c) that Defendant McGee and others entered a financial settlement with Denmark's tax agency, Skatteforvaltningen; and lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the tax "scheme," the criminal fine, any "legal and criminal exposure," and Denmark authorities.  The AdaptHealth Defendants further state that the allegations in the last sentence in Paragraph 15 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in the last sentence in Paragraph 15 of the Consolidated Complaint.  The AdaptHealth Defendants also state that the allegations in the seventh sentence in Paragraph 15 of the Consolidated Complaint purport to characterize SEC filings without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents.   The AdaptHealth Defendants otherwise deny the remaining allegations in Paragraph 15 of the Consolidated Complaint.

16.     With respect to the allegations in Paragraph 16 of the Consolidated Complaint (including Footnotes 4 and 5), the AdaptHealth Defendants admit that AdaptHealth issued the April 2021 Press Release (as defined below), and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 16 of the Consolidated

Complaint that "McGee's legal troubles surfaced when he was merging AdaptHealth with and into DFB." The AdaptHealth Defendants further state that the allegations in Paragraph 16 purport to characterize and selectively quote statements made in "the German Newspaper *Suddeutsche Zeitung*," the April 2021 Press Release, and unidentified "articles," and respectfully refer the Court to the German Newspaper *Suddeutsche Zeitung,* the April 2021 Press Release, and unidentified "articles" for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 16 of the Consolidated Complaint (including Footnotes 4 and 5).

17.     With respect to the allegations in the first sentence in Paragraph 17 of the Consolidated Complaint, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. The AdaptHealth Defendants further state that the remaining allegations in Paragraph 17 and Footnotes 6 and 7 of the Consolidated Complaint purport to characterize and selectively quote statements made in a news article and in a press release by the State Prosecutor for Serious Economic and International Crime in Denmark, and the AdaptHealth Defendants respectfully refer the Court to the news article and the press release for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 17 of the Consolidated Complaint (including Footnotes 6 and 7).

18.     The allegations in Paragraph 18 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 18 of the Consolidated Complaint.

19.     With respect to the allegations in Paragraph 19 of the Consolidated Complaint (including Footnote 8), the AdaptHealth Defendants admit (a) that AdaptHealth Holdings LLC completed a business combination with DFB in November 2019; and, based on currently available

information, (b) the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action, and (c) that Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period.  The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Consolidated Complaint regarding Defendant McGee, the "tax fraud scheme," and that "Danish authorities were closing in on other entities."  The AdaptHealth Defendants also state that the allegations in Paragraph 19 purport to characterize statements made in DFB and AdaptHealth's public filings and the Denmark Complaint, and respectfully refer the Court to those public filings and the Denmark Complaint for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 19 of the Consolidated Complaint (including Footnote 8).

20.     With respect to the allegations in Paragraph 20 of the Consolidated Complaint, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 20 of the Consolidated Complaint.

21.     With respect to the allegations in Paragraph 21 of the Consolidated Complaint (including Footnotes 9 and 10), the AdaptHealth Defendants admit (a) that Defendant McGee was not named as a defendant in the Denmark Complaint; (b) that AdaptHealth filed a Form 8-K with the SEC on November 14, 2019 ("November 14, 2019 Form 8-K"); and, based on currently available information, (c) the existence of the Denmark Complaint and (d) that the Kingdom of

Belgium, Federal Public Service Finance filed a complaint in the United States District Court for the Southern District of New York against Lion Advisory Inc. Pension Plan, Defendant McGee, and others in July 2021 (the "Belgium Complaint"), and the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 21 of the Consolidated Complaint regarding Defendant McGee, 2321 Capital, and Lion Advisory. The AdaptHealth Defendants further state that the allegations in Paragraph 21 and Footnotes 9 and 10 of the Consolidated Complaint purport to characterize and selectively quote statements made in the Denmark Complaint, the Belgium Complaint, and the November 14, 2019 Form 8-K, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket, the Belgium Complaint and the public docket, and the November 14, 2019 Form 8-K for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 21 of the Consolidated Complaint (including Footnotes 9 and 10).

22.     With respect to the allegations in Paragraph 22 of the Consolidated Complaint (including Footnote 11), the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint. The AdaptHealth Defendants further state that the allegations in Paragraph 22 and Footnote 11 of the Consolidated Complaint purport to characterize and selectively quote statements made in the Denmark Complaint and unidentified "property records," and respectfully refer the Court to the Denmark Complaint, the public docket, and the property records for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 22 of the Consolidated Complaint (including Footnote 11).

11

23.     With respect to the allegations in Paragraph 23 of the Consolidated Complaint, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.  The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 23 of the Consolidated Complaint regarding Defendant McGee, 2321 Capital, Lion Advisory, and the "tax scheme."  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 23 of the Consolidated Complaint.

24.     The allegations in Paragraph 24 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Defendant McGee's legal and criminal exposure," and otherwise deny the allegations in Paragraph 24 of the Consolidated Complaint.

**C.      Defendants Manipulate AdaptHealth's "Organic Growth" Metric to Conceal Its Slowing Business**

25.     With respect to the allegations in Paragraph 25 of the Consolidated Complaint (including Footnote 12), the AdaptHealth Defendants admit (a) that AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period and (b) the existence of the *Investopedia* article, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the *Investopedia* article for a complete and accurate account of its contents.  The AdaptHealth Defendants further state that the allegations in Paragraph 25 of the Consolidated Complaint purport to characterize AdaptHealth's

"message to investors" and information AdaptHealth "provided" without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 25 of the Consolidated Complaint (including Footnote 12).

26. With respect to the allegations in Paragraph 26 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period. The AdaptHealth Defendants further state that the allegations in Paragraph 26 of the Consolidated Complaint purport to characterize and selectively quote "Defendants[']" statements "on several occasions" without identifying the source(s) and "Defendants[']" statements on the February 2020 Earnings Call (as defined below), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources and the transcript of the February 2020 Earnings Call for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 26 of the Consolidated Complaint.

27. With respect to the allegations in Paragraph 27 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's revenue was derived from both "organic" growth and acquisitions during the relevant time period. The AdaptHealth Defendants further state that the allegations in Paragraph 27 of the Consolidated Complaint purport to characterize and selectively quote "Defendants['] represent[ations]" without identifying the source(s) and a "July 2020 investor presentation," and respectfully refer the Court to those unidentified sources and the July 2020 investor presentation for a complete and accurate account of their contents. The

13

AdaptHealth Defendants otherwise deny the allegations in Paragraph 27 of the Consolidated Complaint.

28.     The AdaptHealth Defendants deny the allegations in Paragraph 28 of the Consolidated Complaint.  The AdaptHealth Defendants further state that the allegations in Paragraph 28 of the Consolidated Complaint purport to characterize and selectively quote statements in "public documents" without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified public documents for a complete and accurate account of their contents.

29.     The AdaptHealth Defendants deny the allegations in Paragraph 29 of the Consolidated Complaint.  The AdaptHealth Defendants further state that the allegations in Paragraph 29 of the Consolidated Complaint purport to characterize statements in "AdaptHealth's public disclosures" without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified public disclosures for a complete and accurate account of their contents.

30.     With respect to the allegations in Paragraph 30 of the Consolidated Complaint (including Footnote 13), the AdaptHealth Defendants admit that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021.  The AdaptHealth Defendants further state that the allegations in Footnote 13 of the Consolidated Complaint purport to characterize and selectively quote statements without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 30 of the Consolidated Complaint (including Footnote 13).

14

31.     With respect to the allegations in Paragraph 31 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth released a financial supplement ("March 2021 Financial Supplement") in connection with the March 2021 Earnings Call (as defined below), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call and the March 2021 Financial Supplement for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 31 of the Consolidated Complaint.

32.     With respect to the allegations in Paragraph 32 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021.  The AdaptHealth Defendants further state that the allegations in the third sentence in Paragraph 32 purport to characterize and selectively quote "disclosures from earnings calls," and respectfully refer the Court to transcripts of AdaptHealth's earnings calls for a complete and accurate account of those earnings calls.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 32 of the Consolidated Complaint.

33.     The AdaptHealth Defendants deny the allegations in Paragraph 33 of the Consolidated Complaint.  The AdaptHealth Defendants further state that the allegations in the second and third sentences in Paragraph 33 of the Consolidated Complaint purport to characterize and selectively quote "Q4 2020 and Q1 2021 earnings calls and SEC filings," and respectfully refer the Court to transcripts of AdaptHealth's earnings calls and AdaptHealth's SEC filings for a complete and accurate account of those earnings calls and SEC filings.

**D.      Investors Learn the Truth**

1.      **AdaptHealth Discloses that Denmark Has Charged Defendant McGee with Tax Fraud and that the Company Is Placing Him on Unpaid Leave**

34.      With respect to the allegations in Paragraph 34 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued the April 2021 Press Release (as defined below), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the April 2021 Press Release (as defined below) for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 34 of the Consolidated Complaint.

35.      With respect to the allegations in Paragraph 35 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's stock price closed at $36.99 on April 12, 2021, and closed at $26.69 on April 13, 2021.  The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations that "[t]he market was surprised" and "[a]nalysts were caught off guard."  The AdaptHealth Defendants also state that the allegations in Paragraph 35 of the Consolidated Complaint purport to characterize and selectively quote statements made by analysts without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents.   The AdaptHealth Defendants otherwise deny the allegations in Paragraph 35 of the Consolidated Complaint.

2.      *Jehoshaphat* **Research Issues a Report Revealing the Relevant Truth Regarding AdaptHealth's Decline in Organic Growth**

36.      With respect to the allegations in Paragraph 36 of the Consolidated Complaint, the AdaptHealth Defendants admit the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court

16

to the *Jehoshaphat* Report for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 36 of the Consolidated Complaint.

37.    With respect to the allegations in Paragraph 37 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's stock price closed at $25.47 on July 16, 2021, and closed at $23.96 on July 19, 2021.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 37 of the Consolidated Complaint.

38.    With respect to the allegations in Paragraph 38 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on August 11, 2021 ("August 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the August 2021 Earnings Call for a complete and accurate account of the August 2021 Earnings Call.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 38 of the Consolidated Complaint.

39.    With respect to the allegations in Paragraph 39 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-Q with the SEC on August 6, 2021 ("August 2021 Form 10-Q") and held the August 2021 Earnings Call, both of which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2021 Form 10-Q and the transcript of the August 2021 Earnings Call for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 39 of the Consolidated Complaint.

17

40.     With respect to the allegations in Paragraph 40 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the August 2021 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2021 Form 10-Q for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 40 of the Consolidated Complaint.

## III.     JURISDICTION AND VENUE

41.     The allegations in Paragraph 41 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that the Consolidated Complaint purports to assert claims for alleged violations of Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and otherwise deny the allegations in Paragraph 41 of the Consolidated Complaint.

42.     The allegations in Paragraph 42 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that the Court has subject matter jurisdiction over securities class actions that arise under Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

43.     The allegations in Paragraph 43 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that AdaptHealth is headquartered in this District and conducts business in this District, and otherwise deny the allegations in Paragraph 43 of the Consolidated Complaint.

18

44. The allegations in Paragraph 44 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 44 of the Consolidated Complaint.

## IV. PARTIES

45. With respect to the allegations in Paragraph 45 of the Consolidated Complaint, (a) the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs . . . acquired AdaptHealth securities . . . including in AdaptHealth's January 2021 Secondary Offering" and (b) the AdaptHealth Defendants admit the existence of Exhibit B to the Declaration of Naumon A. Amjed, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to Exhibit B to the Declaration of Naumon A. Amjed for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 45 of the Consolidated Complaint.

46. The AdaptHealth Defendants admit the allegations in Paragraph 46 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Consolidated Complaint that "[t]he Company's common stock trades in an efficient market."

47. The AdaptHealth Defendants admit the allegations in Paragraph 47 of the Consolidated Complaint.

48. The AdaptHealth Defendants admit the allegations in Paragraph 48 of the Consolidated Complaint.

49. The AdaptHealth Defendants admit the allegations in Paragraph 49 of the Consolidated Complaint.

50.     The AdaptHealth Defendants admit the allegations in Paragraph 50 of the Consolidated Complaint.

51.     The AdaptHealth Defendants admit the allegations in Paragraph 51 of the Consolidated Complaint.

52.     The AdaptHealth Defendants admit the allegations in Paragraph 52 of the Consolidated Complaint.

53.     The AdaptHealth Defendants admit the allegations in Paragraph 53 of the Consolidated Complaint.

54.     The AdaptHealth Defendants admit the allegations in Paragraph 54 of the Consolidated Complaint.

55.     The AdaptHealth Defendants admit the allegations in Paragraph 55 of the Consolidated Complaint.

56.     The AdaptHealth Defendants admit the allegations in Paragraph 56 of the Consolidated Complaint.

57.     The AdaptHealth Defendants admit the allegations in Paragraph 57 of the Consolidated Complaint.

58.     The AdaptHealth Defendants admit the allegations in Paragraph 58 of the Consolidated Complaint.

59.     The AdaptHealth Defendants admit the allegations in Paragraph 59 of the Consolidated Complaint.

60.     The allegations in Paragraph 60 state a definition to which no response is required.

61.     The allegations in the first and last sentences in Paragraph 61 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is

20

required, the AdaptHealth Defendants deny the allegations in the first and last sentences in Paragraph 61 of the Consolidated Complaint. With respect to the remaining allegations in Paragraph 61 of the Consolidated Complaint, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to Defendant McGee, North Channel Bank, Denmark authorities, and the tax scheme, and otherwise deny the remaining allegations in Paragraph 61 of the Consolidated Complaint.

## V.   SUBSTANTIVE ALLEGATIONS

### A.   Special Purpose Acquisition Companies

62.     The allegations in Paragraph 62 of the Consolidated Complaint purport to characterize and selectively quote the SEC, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 62 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the unspecified guidance attributed to the SEC for a complete and accurate account of its contents.

63.     The allegations in Paragraph 63 of the Consolidated Complaint purport to characterize and selectively quote the SEC, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 63 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the unspecified guidance attributed to the SEC for a complete and accurate account of its contents.

### B.   DFB Is Created as a SPAC to Acquire a Healthcare Related Business

64.     With respect to the allegations in Paragraph 64 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed a Form 10-K with the SEC on March 29, 2019 (the "March 2019 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2019 Form 10-K for a complete

21

and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 64 of the Consolidated Complaint.

65.      With respect to the allegations in Paragraph 65 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the March 2019 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2019 Form 10-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 65 of the Consolidated Complaint.

### C.      DFB Agrees to Merge with AdaptHealth

66.      With respect to the allegations in Paragraph 66 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) DFB entered into a definitive agreement for a business combination with AdaptHealth Holdings LLC and (b) DFB filed a Form 8-K with the SEC on July 8, 2019 (the "July 2019 Form 8-K"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 66 of the Consolidated Complaint.

67.      With respect to the allegations in Paragraph 67 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the July 2019 Form 8-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 67 of the Consolidated Complaint.

68.      With respect to the allegations in Paragraph 68 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the July 2019 Form 8-K with the SEC, which

Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the July 2019 Form 8-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 68 of the Consolidated Complaint.

69.    With respect to the allegations in Paragraph 69 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the July 2019 Form 8-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the July 2019 Form 8-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 69 of the Consolidated Complaint.

70.    With respect to the allegations in Paragraph 70 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the July 2019 Form 8-K with the SEC and that the "DFB/AdaptHealth Investor Presentation" was an exhibit to the July 2019 Form 8-K, both of which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the July 2019 Form 8-K and the "DFB/AdaptHealth Investor Presentation" for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 70 of the Consolidated Complaint.

71.    The allegations in the first sentence in Paragraph 71 of the Consolidated Complaint state characterizations by Plaintiffs, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in the first sentence in Paragraph 71 of the Consolidated Complaint. With respect to the second sentence in Paragraph 71 of the Consolidated Complaint, the AdaptHealth Defendants lack knowledge or information sufficient to

23

form a belief as to the truth of the allegations that "[a]nalysts . . . have lauded his ability to see trends and described him as the 'visionary' behind AdaptHealth's growth trajectory."

**D.    DFB Issues Proxy Statement for Vote to Approve AdaptHealth Acquisition**

72.    With respect to the allegations in Paragraph 72 of the Consolidated Complaint (including Footnote 14), the AdaptHealth Defendants admit that DFB filed a Preliminary Proxy Statement on Schedule 14A with the SEC on August 19, 2019 (the "August 2019 Preliminary Proxy Statement"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2019 Preliminary Proxy Statement for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 72 of the Consolidated Complaint (including Footnote 14).

73.    With respect to the allegations in Paragraph 73 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB filed the August 2019 Preliminary Proxy Statement with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2019 Preliminary Proxy Statement for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 73 of the Consolidated Complaint.

**E.    The DFB/AdaptHealth Merger Becomes Final**

74.    The AdaptHealth Defendants admit the allegations in Paragraph 74 of the Consolidated Complaint.

75.    With respect to the allegations in Paragraph 75 of the Consolidated Complaint (including Footnote 15), the AdaptHealth Defendants admit that DFB issued the November 8, 2019 Press Release and that DFB filed a Form 8-K with the SEC on December 3, 2019 (the "December 2019 Form 8-K"), both of which Plaintiffs purport to characterize and selectively

quote, and the AdaptHealth Defendants respectfully refer the Court to the November 8, 2019 Press Release and the December 2019 Form 8-K for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 75 of the Consolidated Complaint (including Footnote 15).

**F.      Materially False and Misleading Statements Issued During the Class Period**

1.      **Statements Made False and Misleading by Defendants' Failure to Disclose Defendant McGee's Involvement in the Tax Scheme**

76.      With respect to the allegations in Paragraph 76 of the Consolidated Complaint, the AdaptHealth Defendants admit that DFB announced the closing of a business combination with AdaptHealth Holdings LLC in the November 8, 2019 Press Release, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 8, 2019 Press Release for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 76 of the Consolidated Complaint.

77.      With respect to the allegations in Paragraph 77 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release on November 13, 2019 announcing the Q3 2019 financial results for its subsidiary AdaptHealth Holdings LLC (the "November 13, 2019 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 13, 2019 Press Release for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 77 of the Consolidated Complaint.

78.      With respect to the allegations in Paragraph 78 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 8-K with the SEC on November 20, 2019 (the "November 20, 2019 Form 8-K"), which Plaintiffs purport to characterize and

selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 20, 2019 Form 8-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 78 of the Consolidated Complaint.

79. The allegations in Paragraph 79 (including Footnote 16) of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, (a) the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action, (b) Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period, and (c) Defendant McGee and others entered a financial settlement with Denmark's tax agency Skatteforvaltningen; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 79 of the Consolidated Complaint (including Footnote 16). The AdaptHealth Defendants further state that Plaintiffs purport to characterize and selectively quote a news article and the Denmark Complaint, and the AdaptHealth Defendants respectfully refer the Court to the news article and the Denmark Complaint for a complete and accurate account of their contents.

80. With respect to the allegations in Paragraph 80 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Fourth Quarter and Full Year 2019 Financial Results" on February 25, 2020 (the "February 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the February 2020 Press Release for a

complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 80 of the Consolidated Complaint.

81.     With respect to the allegations in Paragraph 81 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on February 25, 2020 (the "February 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the February 2020 Earnings Call for a complete and accurate account of the February 2020 Earnings Call.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 81 of the Consolidated Complaint.

82.     With respect to the allegations in Paragraph 82 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-K with the SEC on March 6, 2020 (the "March 2020 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 82 of the Consolidated Complaint.

83.     With respect to the allegations in Paragraph 83 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the March 2020 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 83 of the Consolidated Complaint.

84.     With respect to the allegations in Paragraph 84 of the Consolidated Complaint, the AdaptHealth Defendants admit that one of the exhibits to the March 2020 Form 10-K was a

27

"Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 84 of the Consolidated Complaint.

85.     The allegations in Paragraph 85 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 85 of the Consolidated Complaint.

86.     With respect to the allegations in Paragraph 86 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Definitive Proxy Statement on Schedule 14A (also known as Form DEF 14A) with the SEC on April 29, 2020 (the "April 2020 Form DEF 14A"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the April 2020 Form DEF 14A for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 86 of the Consolidated Complaint.

87.     With respect to the allegations in Paragraph 87 of the Consolidated Complaint, the AdaptHealth Defendants admit (a) that AdaptHealth filed the April 2020 Form DEF 14A with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the April 2020 Form DEF 14A for a complete and accurate account of its contents, and, based on publicly available information, (b) the existence of

the Denmark Complaint, (c) that Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period, and (d) that Defendant McGee and others entered a financial settlement with Denmark's tax agency, Skatteforvaltningen; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "tax fraud," the "criminal fine," the "criminal investigation," and "entities created or controlled" by Defendant McGee; and otherwise deny the allegations in Paragraph 87 of the Consolidated Complaint. The AdaptHealth Defendants further state that the allegations in the last sentence in Paragraph 87 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in the last sentence in Paragraph 87 of the Consolidated Complaint.

88.    With respect to the allegations in Paragraph 88 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release announcing its financial results for Q1 2020 on May 5, 2020 ("May 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the May 2020 Press Release for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 88 of the Consolidated Complaint.

89.    With respect to the allegations in Paragraph 89 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on May 5, 2020 ("May 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the May 2020 Earnings

Call for a complete and accurate account of the May 2020 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 89 of the Consolidated Complaint.

90. With respect to the allegations in Paragraph 90 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-Q with the SEC on May 8, 2020 ("May 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the May 2020 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 90 of the Consolidated Complaint.

91. With respect to the allegations in Paragraph 91 of the Consolidated Complaint, the AdaptHealth Defendants admit that one of the exhibits to the May 2020 Form 10-Q was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the May 2020 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 91 of the Consolidated Complaint.

92. The allegations in Paragraph 92 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 92 of the Consolidated Complaint.

93. With respect to the allegations in Paragraph 93 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release entitled "AdaptHealth

30

Corp. Announces Second Quarter 2020 Financial Results" on August 4, 2020 ("August 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2020 Press Release for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 93 of the Consolidated Complaint.

94.    With respect to the allegations in Paragraph 94 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on August 4, 2020 ("August 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the August 2020 Earnings Call for a complete and accurate account of the August 2020 Earnings Call.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 94 of the Consolidated Complaint.

95.    With respect to the allegations in Paragraph 95 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-Q with the SEC on August 7, 2020 ("August 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2020 Form 10-Q for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 95 of the Consolidated Complaint.

96.    With respect to the allegations in Paragraph 96 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the August 2020 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2020 Form 10-Q for a complete and accurate account of

31

its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 96 of the Consolidated Complaint.

97.    With respect to the allegations in Paragraph 97 of the Consolidated Complaint, the AdaptHealth Defendants admit that one of the exhibits to the August 2020 Form 10-Q was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the August 2020 Form 10-Q for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 97 of the Consolidated Complaint.

98.    The allegations in Paragraph 98 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 98 of the Consolidated Complaint.

99.    With respect to the allegations in Paragraph 99 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Third Quarter 2020 Financial Results" on November 4, 2020 ("November 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 2020 Press Release for a

complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 99 of the Consolidated Complaint.

100. With respect to the allegations in Paragraph 100 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on November 4, 2020 ("November 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the November 2020 Earnings Call for a complete and accurate account of the November 2020 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 100 of the Consolidated Complaint.

101. With respect to the allegations in Paragraph 101 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-Q with the SEC on November 6, 2020 ("November 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 101 of the Consolidated Complaint.

102. With respect to the allegations in Paragraph 102 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the November 2020 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 102 of the Consolidated Complaint.

103. With respect to the allegations in Paragraph 103 of the Consolidated Complaint, the AdaptHealth Defendants admit that one of the exhibits to the November 2020 Form 10-Q was

a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 103 of the Consolidated Complaint.

104. The allegations in Paragraph 104 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 104 of the Consolidated Complaint.

105. With respect to the allegations in Paragraph 105 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth conducted a public offering of 8,000,000 shares of its Class A Common Stock, at a price to the public of $33.00 per share, consisting of 7,250,000 shares of Class A Common Stock being sold by the Company and an additional 750,000 shares of the Company's Class A Common Stock being sold by a selling stockholder, that closed on January 8, 2021 (the "Secondary Offering"); and (b) AdaptHealth filed a Form S-3 with the SEC on December 18, 2020, in connection with the Secondary Offering (the "Registration Statement"); and (c) AdaptHealth filed a Form 424B5 with the SEC on January 4, 2021, in connection with the Secondary Offering (the "Prospectus"). The AdaptHealth Defendants further state that the allegations in Paragraph 105 purport to characterize and selectively quote the Registration Statement and the Prospectus, and the AdaptHealth Defendants respectfully refer the Court to the Registration Statement and the Prospectus for a complete and accurate account of

34

their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 105 of the Consolidated Complaint.

106.    With respect to the allegations in Paragraph 106 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the Prospectus with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the Prospectus for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 106 of the Consolidated Complaint.

107.    The allegations in the last sentence in Paragraph 107 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in the last sentence in Paragraph 107 of the Consolidated Complaint.   The AdaptHealth Defendants deny the allegations in the first sentence in Paragraph 107 of the Consolidated Complaint.

108.    With respect to the allegations in Paragraph 108 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Fourth Quarter and Full Year 2020 Financial Results" on March 4, 2021 ("March 2021 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Press Release for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 108 of the Consolidated Complaint.

109.    With respect to the allegations in Paragraph 109 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on March 4, 2021 ("March 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively recount,

and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 109 of the Consolidated Complaint.

110. With respect to the allegations in Paragraph 110 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-K with the SEC on March 16, 2021 ("March 2021 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 110 of the Consolidated Complaint.

111. With respect to the allegations in Paragraph 111 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the March 2021 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 111 of the Consolidated Complaint.

112. With respect to the allegations in Paragraph 112 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the March 2021 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate

account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 112 of the Consolidated Complaint.

113.    With respect to the allegations in Paragraph 113 of the Consolidated Complaint, the AdaptHealth Defendants admit that one of the exhibits to the March 2021 Form 10-K was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 113 of the Consolidated Complaint.

114.    The allegations in Paragraph 114 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterizations, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint; lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant McGee, the criminal fine, and the "tax scheme"; and otherwise deny the allegations in Paragraph 114 of the Consolidated Complaint.

2.    **Materially False and Misleading Statements and Omissions Regarding Organic Revenue Growth**

115.    The AdaptHealth Defendants deny the allegations in Paragraph 115 of the Consolidated Complaint.

116.    With respect to the allegations in Paragraph 116 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call for a complete and

accurate account of the March 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 116 of the Consolidated Complaint.

117. With respect to the allegations in Paragraph 117 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 117 of the Consolidated Complaint.

118. With respect to the allegations in Paragraph 118 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 118 of the Consolidated Complaint.

119. With respect to the allegations in Paragraph 119 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth released the March 2021 Financial Supplement, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call and the March 2021 Financial Supplement for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 119 of the Consolidated Complaint.

120. With respect to the allegations in Paragraph 120 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the March 2021 Form 10-K with the

SEC, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 120 of the Consolidated Complaint.

121. With respect to the allegations in Paragraph 121 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the March 2021 Form 10-K with the SEC and that one of the exhibits to the March 2021 Form 10-K was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendants McGee, Griggs, and Clemens. The AdaptHealth Defendants further state that the allegations in Paragraph 121 purport to characterize statements made in the March 2021 Form 10-K, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 121 of the Consolidated Complaint.

122. With respect to the allegations in Paragraph 122 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held an earnings call on May 6, 2021 ("May 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the May 2021 Earnings Call for a complete and accurate account of the May 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 122 of the Consolidated Complaint.

123. With respect to the allegations in Paragraph 123 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the May 2021 Earnings Call, which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the May 2021 Earnings Call for a complete and

accurate account of the May 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 123 of the Consolidated Complaint.

124. With respect to the allegations in Paragraph 124 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the May 2021 Earnings Call, which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the May 2021 Earnings Call for a complete and accurate account of the May 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 124 of the Consolidated Complaint.

125. With respect to the allegations in Paragraph 125 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth released a financial supplement in connection with the May 2021 Earnings Call ("May 2021 Financial Supplement"), which Plaintiffs purport to characterize and selectively recount, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the March 2021 Earnings Call and the May 2021 Financial Supplement for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 125 of the Consolidated Complaint.

126. With respect to the allegations in Paragraph 126 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 10-Q with the SEC on May 10, 2021 ("May 2021 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the May 2021 Form 10-Q for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 126 of the Consolidated Complaint.

127. With respect to the allegations in Paragraph 127 of the Consolidated Complaint, the AdaptHealth Defendants admit (a) that AdaptHealth filed the March 2021 Form 10-K and the

40

May 2021 Form 10-Q with the SEC, both of which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the March 2021 Form 10-K and the May 2021 Form 10-Q for a complete and accurate account of their contents; (b) the existence of the *Jehoshaphat* Report, the August 10, 2021 Jefferies analyst report, and the August 5, 2021 Cannacord Genuity report; and (c) that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021. The AdaptHealth Defendants also lack sufficient knowledge and information to form a belief as to the truth of the allegations in the Consolidated Complaint regarding the purported reactions and statements of analysts. The AdaptHealth Defendants further state that the allegations in Paragraph 127 purport to characterize and selectively quote the March 2021 Form 10-K, the May 2021 Form 10-Q, the *Jehoshaphat* Report, the August 10, 2021 Jefferies analyst report, the August 5, 2021 Cannacord Genuity report, and unidentified analysts, and the AdaptHealth Defendants respectfully refer the Court to the aforementioned sources of information for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 127 of the Consolidated Complaint.

### G. The Truth About the Tax Fraud and Organic Growth Is Revealed in a Series of Disclosures

#### 1. McGee is Charged Criminally in Connection with the Largest Fraud in Denmark's History

128. With respect to the allegations in Paragraph 128 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued a press release entitled "AdaptHealth Corp.'s Board of Directors' Statement on Co-Chief Executive Officer Luke McGee" on April 13, 2021 ("April 2021 Press Release"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the April 2021 Press Release for a

41

complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 128 of the Consolidated Complaint.

129.    With respect to the allegations in Paragraph 129 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's stock price closed at $36.99 on April 12, 2021, and closed at $29.69 on April 13, 2021.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 129 of the Consolidated Complaint.

130.    The AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Consolidated Complaint regarding the purported reactions and statements of "analysts."  The AdaptHealth Defendants further state that the allegations in Paragraph 130 purport to characterize and selectively quote statements from "analysts" without identifying the source(s), and the AdaptHealth Defendants respectfully refer the Court to those unidentified sources for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 130 of the Consolidated Complaint.

131.    The AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Consolidated Complaint regarding the purported reactions and statements of "analysts."  The AdaptHealth Defendants further state that the allegations in Paragraph 131 purport to characterize and selectively quote statements from "analysts" and a "Canaccord Genuity analyst," and respectfully refer the Court to those statements for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 131 of the Consolidated Complaint.

132.    The AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Consolidated Complaint regarding

the purported reactions and statements of "analysts."  The AdaptHealth Defendants further state that the allegations in Paragraph 132 purport to characterize and selectively quote statements from "[a]nalysts at Deutsche Bank," and respectfully refer the Court to those statements for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 132 of the Consolidated Complaint.

133.    The AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Consolidated Complaint regarding the purported reactions and statements of "analysts at UBS."  The AdaptHealth Defendants further state that the allegations in Paragraph 133 purport to characterize and selectively quote statements from "analysts at UBS," and respectfully refer the Court to those statements for a complete and accurate account of their contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 133 of the Consolidated Complaint.

### 2.    Short Seller *Jehoshaphat* Research Discovers that AdaptHealth is Manipulating Organic Growth

134.    With respect to the allegations in Paragraph 134 of the Consolidated Complaint, the AdaptHealth Defendants admit the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the *Jehoshaphat* Report for a complete and accurate account of its contents.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 134 of the Consolidated Complaint.

135.    With respect to the allegations in Paragraph 135 of the Consolidated Complaint, the AdaptHealth Defendants admit the existence of the *Jehoshaphat* Report, and that AdaptHealth's stock price closed at $25.47 on July 16, 2021, and closed at $23.96 on July 19,

2021.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 135 of the Consolidated Complaint.

136.   The allegations in Paragraph 136 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 136 of the Consolidated Complaint.

## VI.   SCIENTER

### A.   Defendants Knew or Were Reckless in Not Knowing that Concealing McGee's Criminal Exposure Misled Investors About AdaptHealth's Revenue and Revenue Growth Prospects

137.   With respect to the allegations in Paragraph 137 of the Consolidated Complaint, the AdaptHealth Defendants admit that, based on currently available information, (a) Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period and (b) Defendant McGee and others entered a financial settlement with Denmark's tax agency, Skatteforvaltningen.  The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "tax scheme," the criminal fine, and "Denmark's investigation," and otherwise deny the allegations in Paragraph 137 of the Consolidated Complaint.  The AdaptHealth Defendants further state that the allegations in Paragraph 137 purport to characterize and selectively quote statements from unidentified "Denmark authorities," and the AdaptHealth Defendants respectfully refer the Court to those statements for a complete and accurate account of their contents.

138.   With respect to the allegations in Paragraph 138 of the Consolidated Complaint, the AdaptHealth Defendants admit, based on currently available information, the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action; lack knowledge or information sufficient to form a belief as to the

44

truth of the allegations regarding Defendant McGee, 2321 Capital, Lion Advisory and Bowline Management Pension Plan; and otherwise deny the allegations in Paragraph 138 of the Consolidated Complaint.

139. With respect to the allegations in Paragraph 139 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth filed the March 2021 Form 10-K with the SEC; (b) AdaptHealth's Board approved Defendants Griggs and McGee as Co-CEOs; and (c) AdaptHealth issued the April 2021 Press Release. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Consolidated Complaint regarding analyst reactions and analyst statements, Defendant McGee, the "tax scheme," and "Denmark's criminal investigation." The AdaptHealth Defendants also state that the allegations in Paragraph 139 purport to characterize and selectively quote statements from unnamed analysts and respectfully refer the Court to those statements for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 139 of the Consolidated Complaint.

## B.   Defendants Knew or Were Reckless in Not Knowing That the Pro Forma "Organic" Growth Metric Obscured the Company's Actual Organic Growth Trends

140. The AdaptHealth Defendants deny the allegations in Paragraph 140 of the Consolidated Complaint. The AdaptHealth Defendants further state that the allegations in Paragraph 140 of the Consolidated Complaint purport to characterize and selectively quote various "SEC filings" and "SEC disclosures" by AdaptHealth, and the AdaptHealth Defendants respectfully refer the Court to those filings and disclosures for a complete and accurate account of their contents.

141. The AdaptHealth Defendants deny the allegations in Paragraph 141 of the Consolidated Complaint. The AdaptHealth Defendants further state the allegations in Paragraph

141 of the Consolidated Complaint purport to characterize and selectively quote SEC filings, analysts, investors, and other unidentified sources of information, and the AdaptHealth Defendants respectfully refer the Court to those filings and unidentified sources for a complete and accurate account of their contents.

142. With respect to the allegations in Paragraph 142 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth held the August 2021 Earnings Call, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the August 2021 Earnings Call for a complete and accurate account of the August 2021 Earnings Call. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 142 of the Consolidated Complaint.

143. With respect to the allegations in Paragraph 143 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth released a financial supplement in connection with the August 2021 Earnings Call ("August 2021 Financial Supplement"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the transcript of the August 2021 Earnings Call and the August 2021 Financial Supplement for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 143 of the Consolidated Complaint.

144. With respect to the allegations in Paragraph 144 of the Consolidated Complaint, the AdaptHealth Defendants admit the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the *Jehoshaphat* Report for a complete and accurate account of its contents. The

46

AdaptHealth Defendants otherwise deny the allegations in Paragraph 144 of the Consolidated Complaint.

### C. Defendant McGee's Insider Selling

145. The allegations in Paragraph 145 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit, based on currently available information, (a) the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and the AdaptHealth Defendants respectfully refer the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action, and (b) that Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period; and lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "criminal fine," the "tax scheme," the "pension plans," and "Denmark's continued investigation." The AdaptHealth Defendants further state that the allegations in Paragraph 145 of the Consolidated Complaint purport to characterize "SEIC's statement" and respectfully refer the Court to that unidentified statement for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 145 of the Consolidated Complaint.

146. With respect to the allegations in Paragraph 146 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed a Form 4 with the SEC on December 7, 2020 ("December 2020 Form 4"), which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the December 2020 Form 4 for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 146 of the Consolidated Complaint.

147. With respect to the allegations in Paragraph 147 of the Consolidated Complaint, the AdaptHealth Defendants admit the existence of the *Jehoshaphat* Report, which Plaintiffs

47

purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to that report for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 147 of the Consolidated Complaint.

148.    The allegations in Paragraph 148 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Denmark's criminal investigation continued to close in on McGee" and "Defendant McGee was incentivized," and otherwise deny the allegations in Paragraph 148 of the Consolidated Complaint.

## VII.    LOSS CAUSATION

149.    The allegations in Paragraph 149 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 149 of the Consolidated Complaint.

150.    The allegations in Paragraph 150 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 150 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Consolidated Complaint that Plaintiffs and "the Class . . . purchas[ed] AdaptHealth's stock."

151.    The allegations in Paragraph 151 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 151 of the Consolidated Complaint.

152.    With respect to the allegations in Paragraph 152 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth issued the April 2021 Press Release, which

48

Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the April 2021 Press Release for a complete and accurate account its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 152 of the Consolidated Complaint.

153. With respect to the allegations in Paragraph 153 of the Consolidated Complaint, the AdaptHealth Defendants admit that the price of AdaptHealth's stock closed at $36.99 on April 12, 2021, and closed at $26.69 on April 13, 2021. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 153 of the Consolidated Complaint.

154. The allegations in Paragraph 154 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that the price of AdaptHealth's stock closed at $25.47 on July 16, 2021, and closed at $23.96 on July 19, 2021, and otherwise deny the allegations in Paragraph 154 of the Consolidated Complaint.

155. The allegations in Paragraph 155 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 155 of the Consolidated Complaint.

156. The allegations in Paragraph 156 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 156 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Consolidated Complaint that "on April 13, 2021, the NASDAQ was up 1.1%, with the Russell 2000 Healthcare Index up 1.6%" and "on July 19, 2021, the NASDAQ declined only 1.1% and the Russell 2000 Healthcare Index was flat."

157.    The allegations in Paragraph 157 of the Consolidated Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 157 of the Consolidated Complaint.

## VIII.   APPLICABILITY OF THE PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

158.    The allegations in Paragraph 158 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 158 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Consolidated Complaint that Plaintiffs and "other members of the Class purchased or otherwise acquired AdaptHealth's publicly traded securities," that Plaintiffs and "other members of the Class . . . rel[ied] upon the integrity of the market price of [AdaptHealth's] securities and the market information relating to AdaptHealth," and that "the market . . . was . . . efficient at all times."

159.    The allegations in Paragraph 159 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that (a) AdaptHealth's common stock has been listed and traded on the NASDAQ under the ticker symbol "AHCO" since on or about November 11, 2019; (b) AdaptHealth has made various filings with the SEC and/or the NASDAQ; (c) AdaptHealth communicated with investors through various means; and (d) securities analysts published reports that referenced AdaptHealth.  The AdaptHealth Defendants further state that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Consolidated Complaint that "the market for AdaptHealth's securities was an efficient market"

and that reports by securities analysts "were distributed to the sales force and certain customers of their respective brokerage firms" and were "publicly available and entered the public marketplace." The AdaptHealth Defendants otherwise deny the allegations in Paragraph 159 of the Consolidated Complaint.

160. The allegations in Paragraph 160 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 160 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Consolidated Complaint that "the market for AdaptHealth's securities promptly digested current information regarding AdaptHealth from all publicly available sources and reflected such information in AdaptHealth's securities price."

161. The allegations in Paragraph 161 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 161 of the Consolidated Complaint.

## IX.   NO SAFE HARBOR

162. The allegations in Paragraph 162 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 162 of the Consolidated Complaint.

## X.   PLAINTIFFS' CLAIM FOR RELIEF UNDER THE SECURITIES ACT OF 1933

163. The allegations in Paragraph 163 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 163 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the Consolidated Complaint for a complete and accurate account of its contents.

51

164.    With respect to the allegations in Paragraph 164 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth filed a Form S-3 and Form 424B5 with the SEC in connection with the Secondary Offering, and (b) Defendants Luke McGee, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III signed the Form S-3. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 164 of the Consolidated Complaint.

165.    With respect to the allegations in Paragraph 165 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the Prospectus with the SEC in connection with the Secondary Offering, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the Prospectus for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 165 of the Consolidated Complaint.

166.    With respect to the allegations in Paragraph 166 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth filed the Prospectus with the SEC in connection with the Secondary Offering, which Plaintiffs purport to characterize and selectively quote, and the AdaptHealth Defendants respectfully refer the Court to the Prospectus for a complete and accurate account of its contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 166 of the Consolidated Complaint.

167.    The allegations in Paragraph 167 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations regarding Defendant McGee, the criminal fine, the Denmark authorities, and criminal investigation, and otherwise deny the allegations in Paragraph 167 of the Consolidated Complaint.

168.    With respect to the allegations in Paragraph 168 of the Consolidated Complaint, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to Defendant McGee, North Channel Bank, Denmark authorities, and the tax scheme, and otherwise deny the allegations in Paragraph 168 of the Consolidated Complaint.

## XI.    PLAINTIFFS' CLASS ACTION ALLEGATIONS

169.    The allegations in Paragraph 169 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that this action purports to be a class action on behalf of all purchasers of AdaptHealth common stock and that the Consolidated Complaint purports to exclude from the purported class Defendants and their immediate families, the Company's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successor, or assigns, and any entity in which Defendants have or had a controlling interest.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 169 of the Consolidated Complaint.

170.    The allegations in the first sentence in Paragraph 170 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in the first sentence in Paragraph 170 of the Consolidated Complaint.  With respect to the remaining allegations in Paragraph 170 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth's common stock has traded on the NASDAQ under the ticker symbol "AHCO" since on or about November 11, 2019, and (b) AdaptHealth or its transfer agent has information to identify record owners of

AdaptHealth. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations that "the exact number of Class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery," that "Plaintiffs believe that there are hundreds or thousands of members in the proposed Class," and that "Record owners and other members of the Class . . . may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions." The AdaptHealth Defendants otherwise deny the remaining allegations in Paragraph 170 of the Consolidated Complaint.

171. The allegations in Paragraph 171 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 171 of the Consolidated Complaint.

172. The allegations in Paragraph 172 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Consolidated Complaint.

173. The allegations in Paragraph 173 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 173 of the Consolidated Complaint.

174. The allegations in Paragraph 174 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 174 of the Consolidated Complaint.

## COUNT I

### Violations of §10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### (Against AdaptHealth and the Officer Defendants)

175. The AdaptHealth Defendants hereby repeat and reallege each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.

176. The allegations in Paragraph 176 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 176 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

177. The allegations in Paragraph 177 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 177 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Consolidated Complaint that Plaintiffs and "member[s] of the Class" "purchase[d] or otherwise acquire[d] AdaptHealth securities and options."

178. The AdaptHealth Defendants deny the allegations in Paragraph 178 of the Consolidated Complaint and respectfully refer the Court to "the quarterly and annual reports, SEC filings, press releases and other statements and documents" referenced in the Consolidated Complaint for a complete and accurate account of their contents.

179. The AdaptHealth Defendants deny the allegations in Paragraph 179 of the Consolidated Complaint.

180. The AdaptHealth Defendants deny the allegations in Paragraph 180 of the Consolidated Complaint.

181. The allegations in Paragraph 181 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that the Officer Defendants served as officers of AdaptHealth during some or all of the relevant time period. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs and "other members of the Class" "purchased or otherwise acquired" AdaptHealth common stock, that Plaintiffs and "other members of the Class" were "ignoran[t]" of information alleged in the Consolidated Complaint, and that "the market for securities" had "integrity." The AdaptHealth Defendants further state that the allegations in Paragraph 181 of the Consolidated Complaint purport to characterize reports, releases and public statements, and the AdaptHealth Defendants respectfully refer the Court to those sources for a complete and accurate account of their contents. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 181 of the Consolidated Complaint.

182. The allegations in Paragraph 182 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 182 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Consolidated Complaint that Plaintiffs and "other members of the Class" "purchased or otherwise acquired" AdaptHealth common stock, that Plaintiffs and "other members of the Class" relied on the statements alleged in the Consolidated Complaint, that Plaintiffs and "other members of the Class" lacked knowledge of information

56

alleged in the Consolidated Complaint, and that "the market for securities" had "integrity" or was "efficient" during the relevant time period.

183. The allegations in Paragraph 183 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 183 of the Consolidated Complaint.

184. The allegations in Paragraph 184 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 184 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Consolidated Complaint that Plaintiffs and "other members of the Class" purchased, acquired, or sold AdaptHealth common stock.

## COUNT II

### Violations of §20(a) of the Exchange Act
### (Against the Officer Defendants)

185. The AdaptHealth Defendants hereby repeat and reallege each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.

186. With respect to the allegations in Paragraph 186 of the Consolidated Complaint, the AdaptHealth Defendants admit that the Officer Defendants served as officers of AdaptHealth during some or all of the relevant time period. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 186 of the Consolidated Complaint.

187. The allegations in Paragraph 187 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 187 of the Consolidated Complaint.

57

188.    The allegations in Paragraph 188 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 188 of the Consolidated Complaint.

189.    The allegations in Paragraph 189 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 189 of the Consolidated Complaint.

190.    The allegations in Paragraph 190 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 190 of the Consolidated Complaint.

## COUNT III

### For Violations of §11 of the Securities Act
### (Against AdaptHealth and the Registration Statement Defendants)

191.    With respect to the first sentence in Paragraph 191 of the Consolidated Complaint, the AdaptHealth Defendants hereby repeat and reallege each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.  With respect to the second sentence in Paragraph 191 of the Consolidated Complaint, the allegations state Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in the second sentence in Paragraph 191 of the Consolidated Complaint and respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 191 of the Consolidated Complaint that "Plaintiffs . . . do not intend to allege, fraud, recklessness, or intentional

misconduct" and that "any implication of fraud, recklessness, or intentional misconduct is expressly disclaimed [by Plaintiffs]."

192. The allegations in Paragraph 192 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 192 of the Consolidated Complaint and respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

193. The allegations in Paragraph 193 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 193 of the Consolidated Complaint and respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

194. The allegations in Paragraph 194 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 194 of the Consolidated Complaint.

195. The allegations in Paragraph 195 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that AdaptHealth filed the Registration Statement and the Prospectus with the SEC in connection with the Secondary Offering, and otherwise deny the allegations in Paragraph 195 of the Consolidated Complaint.

196. The AdaptHealth Defendants deny the allegations in Paragraph 196 of the Consolidated Complaint.

197. The AdaptHealth Defendants deny the allegations in Paragraph 197 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Consolidated Complaint that Plaintiffs and "member[s] of the Class" "purchased shares in the Secondary Offering" and did not "kn[o]w" certain information alleged in the Consolidated Complaint.

198. The allegations in Paragraph 198 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that AdaptHealth sold its common stock in connection with the Secondary Offering, and otherwise deny the allegations in Paragraph 198 of the Consolidated Complaint.

199. With respect to the allegations in Paragraph 199 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's Secondary Offering closed on January 8, 2021. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 that "AdaptHealth stock was sold to Class members in connection with the Secondary Offering." The AdaptHealth Defendants otherwise deny the allegations in Paragraph 199 of the Consolidated Complaint.

200. The allegations in Paragraph 200 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 200 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 that "Plaintiffs and the members of the Class . . . acquired AdaptHealth stock in the Secondary Offering."

201. The AdaptHealth Defendants deny the allegations in Paragraph 201 of the Consolidated Complaint.

60

202.    The allegations in the first, second, and third sentences in Paragraph 202 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required with respect to the allegations in the first, second, and third sentences in Paragraph 202 of the Consolidated Complaint, the AdaptHealth Defendants admit that (a) AdaptHealth filed a Form S-3 and Form 424B5 with the SEC in connection with the Secondary Offering, and (b) Defendants Luke McGee, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III signed the Form S-3.  The AdaptHealth Defendants otherwise deny the allegations in the first, second, and third sentences in Paragraph 202 of the Consolidated Complaint.  The AdaptHealth Defendants deny the allegations in the last sentence in Paragraph 202 of the Consolidated Complaint.

## COUNT IV

### For Violations of §12(a)(2) of the Securities Act in Connection with the Offering
### (Against Defendant AdaptHealth)

203.    With respect to the first sentence in Paragraph 203 of the Consolidated Complaint, the AdaptHealth Defendants hereby repeat and reallege each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.  The allegations in the second sentence in Paragraph 203 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations of the second sentence in Paragraph 203 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

204. The allegations in Paragraph 204 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 204 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

205. The allegations in Paragraph 205 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the AdaptHealth Defendants admit that AdaptHealth sold its common stock in connection with the Secondary Offering. The AdaptHealth Defendants otherwise deny the allegations in Paragraph 205 of the Consolidated Complaint, and the AdaptHealth Defendants respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

206. The AdaptHealth Defendants deny the allegations in Paragraph 206 of the Consolidated Complaint.

207. The AdaptHealth Defendants deny the allegations in Paragraph 207 of the Consolidated Complaint, except the AdaptHealth Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 that "no member of the Class knew" certain information alleged in the Consolidated Complaint.

208. The allegations in Paragraph 208 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 208 of the Consolidated Complaint.

209.    The allegations in Paragraph 209 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 209 of the Consolidated Complaint.

210.    With respect to the allegations in Paragraph 210 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's Secondary Offering closed on January 8, 2021.  The AdaptHealth Defendants otherwise deny the allegations in Paragraph 210 of the Consolidated Complaint.

**COUNT V**

**For Violations of §15 of the Securities Act**
**(Against the Registration Statement Defendants)**

211.    With respect to the first sentence in Paragraph 211 of the Consolidated Complaint, the AdaptHealth Defendants hereby repeat and reallege each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.  With respect to the second sentence in Paragraph 211 of the Consolidated Complaint, the allegations state Plaintiffs' characterization of their claims in this action, to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations of the second sentence in Paragraph 211 of the Consolidated Complaint and respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs . . . do not intend to allege, fraud, recklessness, or intentional misconduct" and that "any implication of fraud, recklessness, or intentional misconduct is expressly disclaimed [by Plaintiffs]."

212.    The allegations in Paragraph 212 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action, to which no response is

63

required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in Paragraph 212 of the Consolidated Complaint and respectfully refer the Court to the allegations of the Consolidated Complaint for a complete and accurate account of their contents.

213.    The AdaptHealth Defendants deny the allegations in Paragraph 213 of the Consolidated Complaint.

214.    The AdaptHealth Defendants deny the allegations in Paragraph 214 of the Consolidated Complaint, except the AdaptHealth Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Consolidated Complaint that "Plaintiffs and the members of the Class did not know" certain information alleged in the Consolidated Complaint.

215.    The allegations in Paragraph 215 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants admit that (a) the Registration Defendants were officers and/or directors of AdaptHealth during some or all of the relevant time period, and (b) Defendants Luke McGee, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III signed the Form S-3 in connection with the Secondary Offering, and otherwise deny the allegations in Paragraph 215 of the Consolidated Complaint.

216.    The allegations in the first sentence in Paragraph 216 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, the AdaptHealth Defendants deny the allegations in the first sentence in Paragraph 216 of the Consolidated Complaint.  The AdaptHealth Defendants deny the allegations in the second sentence in Paragraph 216 of the Consolidated Complaint.

217. With respect to the allegations in Paragraph 217 of the Consolidated Complaint, the AdaptHealth Defendants admit that AdaptHealth's Secondary Offering closed on January 8, 2021. The AdaptHealth Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 that "AdaptHealth common stock was sold to the Class in connection with the Secondary Offering." The AdaptHealth Defendants otherwise deny the allegations in Paragraph 217 of the Consolidated Complaint.

## ANSWER TO PRAYER FOR RELIEF

The AdaptHealth Defendants state that Plaintiffs' Prayer for Relief states conclusions of law to which no response is required. The AdaptHealth Defendants deny that Plaintiffs are entitled to any damages or any other of the relief requested.

## DEMAND FOR TRIAL BY JURY

The AdaptHealth Defendants state that Plaintiffs' Jury Demand is a statement to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, the AdaptHealth Defendants assert the following defenses and reserve the right to assert other defenses and claims when and if they become appropriate and/or available in this action and to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action. By asserting these defenses, the AdaptHealth Defendants do not assume the burden of proof, production, or persuasion for any fact, issue, or element of a cause of action as to which the applicable law places that burden on Plaintiffs. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST DEFENSE

Plaintiffs fail, in whole or in part, to state a claim upon which relief may be granted.

65

## SECOND DEFENSE

Plaintiffs fail to adequately plead any of the alleged underlying conduct that Plaintiffs claim gives rise to liability under the securities laws.

## THIRD DEFENSE

Plaintiffs fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fail to properly identify the alleged false or misleading statements of which Plaintiffs complain.

## FOURTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Consolidated Complaint in deciding to purchase AdaptHealth common stock.

## FIFTH DEFENSE

The AdaptHealth Defendants are not liable to the extent Plaintiffs did not purchase shares of AdaptHealth securities in the Secondary Offering, did not purchase AdaptHealth common stock traceable to the Secondary Offering, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any legally cognizable injury or damages resulting from any act or omission of the AdaptHealth Defendants.  In the alternative, Plaintiffs' claims are barred, in whole or in part, because the damages alleged in the Consolidated Complaint are speculative, remote, and/or not subject to proof or allocation.

66

**SEVENTH DEFENSE**

The AdaptHealth Defendants are not liable because, to the extent Plaintiffs have been damaged at all, Plaintiffs' failure to mitigate their damages bars recovery.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

**NINTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs cannot prove that the AdaptHealth Defendants acted with scienter.

**TENTH DEFENSE**

Plaintiffs do not have standing to assert the claims in the Consolidated Complaint.

**ELEVENTH DEFENSE**

Plaintiffs' claims are not properly maintainable as class action claims.

**TWELFTH DEFENSE**

Plaintiffs are not adequate class action representatives.

**THIRTEENTH DEFENSE**

AdaptHealth is not liable because any knowledge possessed by Defendant McGee cannot be imputed to AdaptHealth.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs did not act with due diligence.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs failed to identify true corrective disclosures, and the truth was not revealed by the alleged corrective disclosures.

67

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred because the AdaptHealth Defendants did not omit or fail to state any material facts that were necessary in order to make any statement made by the AdaptHealth Defendants not false or misleading.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred because the AdaptHealth Defendants did not make, or cause to be made, any statements that were false or misleading.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred because the AdaptHealth Defendants did not know, or by using reasonable care could not have known, of any falsity.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs knew or should have known of some or all of the alleged misstatements or omissions.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs purchased AdaptHealth common stock with actual or constructive knowledge of the risks involved in an investment in AdaptHealth common stock, and thus voluntarily assumed the risk that the value of the securities would decline if such risk materialized.

**TWENTY-FIRST DEFENSE**

The AdaptHealth Defendants are not liable because none of them nor their agents acted knowingly or recklessly with respect to any alleged material misstatement omission.

**TWENTY-SECOND DEFENSE**

The AdaptHealth Defendants are not liable because they and their agents, at all times, and with respect to the matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Consolidated Complaint.

**TWENTY-THIRD DEFENSE**

The AdaptHealth Defendants are not liable because some or all of the matters now claimed by the Consolidated Complaint to be the subject of misrepresentations or omissions were in fact disclosed, otherwise publicly available, or widely known to the market and to the investing community.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred because any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by the AdaptHealth Defendants were not material as a matter of law to Plaintiffs' investment decisions.

**TWENTY-FIFTH DEFENSE**

The AdaptHealth Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material to the investment decisions of a reasonable investor.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred because at all relevant times the AdaptHealth Defendants had no duty to disclose the allegedly admitted information.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between the alleged misstatements and omissions and any alleged underlying wrongdoing sufficient to create a duty to disclose.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were matters of opinion that, at the times those statements were made, were genuinely believed by the speaker and therefore are non-actionable.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were statements of corporate optimism or puffery that are non-actionable.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were forward-looking statements identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and/or the bespeaks caution doctrine and, therefore, are non-actionable.

## THIRTY-FIRST DEFENSE

The AdaptHealth Defendants are not liable because neither they nor their agents had knowledge of, or reasonable ground to believe in, the existence of the facts by reason of which liability is alleged to exist.

70

**THIRTY-SECOND DEFENSE**

The AdaptHealth Defendants are not liable because Plaintiffs have not pled the required connection between the challenged statements and the alleged loss, and any loss suffered by Plaintiffs was not causally related to the misstatements alleged by Plaintiffs.

**THIRTY-THIRD DEFENSE**

Plaintiffs cannot recover from the AdaptHealth Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs will otherwise be unable to establish that they relied upon the purported misstatements and omissions alleged in the Consolidated Complaint.

**THIRTY-FOURTH DEFENSE**

Plaintiffs cannot recover against the AdaptHealth Defendants because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged were the cause of Plaintiffs' decision to purchase AdaptHealth common stock.

**THIRTY-FIFTH DEFENSE**

Plaintiffs cannot recover from the AdaptHealth Defendants because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Consolidated Complaint. Any depreciation in the market price or value of the securities in question resulted from factors other than the misstatements or omissions alleged in the Consolidated Complaint.

**THIRTY-SIXTH DEFENSE**

The AdaptHealth Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, laches, waiver, ratification, unclean hands, unjust enrichment, and/or other equitable doctrines.

71

## THIRTY-SEVENTH DEFENSE

Plaintiffs are not entitled to recover attorney's fees, costs or expenses, or any other relief purportedly requested in the Consolidated Complaint.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because the injuries and underlying wrongdoing alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the AdaptHealth Defendants or their agents, by the conduct of third parties for whom the AdaptHealth Defendants are not responsible, through forces in the marketplace over which the AdaptHealth Defendants have no control, or through acts or omissions by Plaintiffs.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred because the AdaptHealth Officer Defendants were not control persons under Section 20(a) of the Securities Exchange Act of 1934 or Section 15(a) of the Securities Act of 1933 and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## FOURTIETH DEFENSE

The AdaptHealth Defendants may have additional unasserted defenses, and therefore hereby give notice that they intend to rely upon any other affirmative defenses that may become available or develop during the discovery proceedings in this case, and hereby reserve their right to amend their Answer to assert any such affirmative defenses.

72

## **PRAYER FOR RELIEF**

WHEREFORE, the AdaptHealth Defendants respectfully request that the Court:

a.  dismiss Plaintiffs' Consolidated Complaint in its entirety, with prejudice, entering judgment against Plaintiffs and in favor of the AdaptHealth Defendants on Plaintiffs' Consolidated Complaint;

b.  deny each and every demand and Prayer for Relief contained in the Consolidated Complaint;

c.  award the AdaptHealth Defendants their reasonable attorneys' fees and other costs and expenses incurred in defending against this action; and

d.  grant such other and further relief as the Court deems just and proper.


Respectfully submitted this 5th day of August 2022.

SAXTON & STUMP


By: /s/ Steven D. Costello
Steven D. Costello (No. 37288)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania  19355
(484) 328-8500

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (*pro hac vice* pending)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000


*Attorneys for the AdaptHealth Defendants*

73

## <u>CERTIFICATE OF SERVICE</u>

I, Steven D. Costello, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.


/s/ Steven D. Costello
Steven D. Costello

Dated:  August 5, 2022