UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB |

**DEFENDANT LUKE MCGEE'S ANSWER TO
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

GRIESING LAW, LLC
Francine Friedman Griesing (No. 48982)
Melissa Hazell Davis (No. 318298)
1880 John F. Kennedy Boulevard, Suite 1800
Philadelphia, PA 19103
215-618-3720

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Marjorie E. Sheldon (*pro hac vice* pending)
Ryan Gander (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York 10036
212-715-9100

*Attorneys for Defendant Luke McGee*

Defendant Luke McGee ("Defendant"), by and through his undersigned counsel, hereby responds to the allegations of the Consolidated Class Action Complaint filed by Lead Plaintiffs Delaware County Employees Retirement System and Bucks County Employees' Retirement System (collectively, "Plaintiffs"), dated November 22, 2021 (the "Consolidated Complaint"). Except as otherwise expressly recognized herein, Defendant denies each and every allegation. Defendant further states that on April 13, 2021, AdaptHealth placed him on unpaid leave from his roles as Co-CEO and a Director of AdaptHealth. To the extent Defendant has responded to allegations concerning AdaptHealth that involve the time period on or after that date, Defendant's responses to those allegations are based on publicly available information rather than personal knowledge.

In addition, all headings and subheadings are repeated solely for the Court's convenience and Defendant denies all allegations in the headings, subheadings, footnotes, or prayers for relief in the Consolidated Complaint, unless expressly indicated otherwise. Defendant expressly reserves the right to seek to amend or supplement his Answer. Finally, for the sake of clarity, and unless otherwise expressly stated, Defendant uses the defined terms and phrases in the Consolidated Complaint for purposes of this Answer, but, in so doing, does not concede that any such definitions are correct or proper.

## I.   SUMMARY OF THE ACTION

1.     The allegations in Paragraph 1 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Paragraph 1 of the Consolidated Complaint alleges that this action purports to be a class action on behalf of all purchasers of AdaptHealth common stock between November 8, 2019, and July 16, 2021, and that Plaintiffs purport to seek remedies against Defendant, AdaptHealth Corp. ("AdaptHealth"), Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua

Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, the "Defendants") for alleged violations of Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Defendant denies that he violated the law or that Plaintiffs are entitled to any relief.

2.      With respect to the allegations in Paragraph 2 of the Consolidated Complaint, Defendant admits only that (a) AdaptHealth is a full-service home medical equipment company; (b) AdaptHealth was an "emerging growth company" as defined in Section 2(a) of the Securities Act during some or all of the relevant time period; (c) AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021; (d) AdaptHealth began trading publicly on November 11, 2019; (e) AdaptHealth Holdings LLC completed a business combination with DFB Healthcare Acquisitions Corp. ("DFB") in November 2019; (f) AdaptHealth completed at least 59 acquisitions between 2012 and 2019; and (g) AdaptHealth increased its revenue in the three years preceding the business combination with DFB.  Defendant further state that the allegations in Paragraph 2 of the Consolidated Complaint purport to characterize and selectively quote Defendants' statements without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 2 of the Consolidated Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the Consolidated Complaint (including Footnote 1), except admits that Defendant had a financial interest in North Channel

3

Bank during some or all of the relevant time period; admits that Defendant and others entered into a financial settlement with Denmark's tax agency, Skatteforvaltningen; and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019.

4.      Defendant denies the allegations in Paragraph 4 of the Consolidated Complaint (including Footnote 2), except admits that a complaint was filed by Skatteforvaltningen, the Customs and Tax Administration of the Kingdom of Denmark, in the United States District Court for the Southern District of New York against various pension funds on November 19, 2019 (the "Denmark Complaint"), which Plaintiffs purport to characterize, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.  Defendant further states that the allegations in Paragraph 4 of the Consolidated Complaint purport to characterize and selectively quote statements by the "Danish prosecutors" and respectfully refers the Court to the Denmark Complaint and/or statements by Danish prosecutors for a complete and accurate account of their contents.

5.      With respect to the allegations in Paragraph 5 of the Consolidated Complaint, Defendant admits only that (a) AdaptHealth's Board of Directors approved the acquisition of AeroCare in December 2020; (b) the AeroCare acquisition closed on February 1, 2021; (c) AdaptHealth's Board appointed Stephen Griggs and Defendant as Co-CEOs in February 2021; and (d) AdaptHealth issued the April 2021 Press Release (as defined below).  Defendant lacks information or knowledge sufficient to form a belief as to the allegations regarding unidentified analyst statements.  Defendant further states that the allegations in the third sentence of Paragraph 5 of the Consolidated Complaint purport to characterize and selectively quote the April 2021 Press

Release (as defined below) and statements made by unidentified analysts without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 5 of the Consolidated Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Consolidated Complaint, except admits that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021.

7.      Defendant denies the allegations in Paragraph 7 of the Consolidated Complaint, except admits that (a) AdaptHealth issued the April 2021 Press Release (as defined below) and (b) *Jehoshaphat Research* issued a report in July 2021 related to AdaptHealth (the "*Jehoshaphat* Report").  Defendant lacks information or knowledge sufficient to form a belief as to the allegations regarding analyst statements.  Defendant further states that the allegations in Paragraph 7 purport to characterize and selectively quote statements in the April 2021 Press Release, the *Jehoshaphat* Report, and statements by unidentified analysts, and Defendant respectfully refers the Court to the aforementioned sources for a complete and accurate account of their contents.

II.    STATEMENT OF THE CASE

8.      With respect to the allegations in Paragraph 8 of the Consolidated Complaint, Defendant admits that DFB was originally formed in November 2017 as a special purpose acquisition company ("SPAC"), which later entered into a business combination with AdaptHealth Holdings LLC to form AdaptHealth.  Defendant further states that the allegations in the third sentence in Paragraph 8 purport to characterize and selectively quote statements made in DFB's "SEC filings," and respectfully refers the Court to those SEC filings for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 8 of the Consolidated Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Consolidated Complaint, except admits that DFB announced in July 2019 that it had entered into a definitive agreement for a business combination with AdaptHealth Holdings LLC. Defendant further states that the allegations in Paragraph 9 of the Consolidated Complaint purport to characterize and selectively quote DFB's statements without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.

10. With respect to the allegations in Paragraph 10 of the Consolidated Complaint, Defendant admits that (a) Defendant served as the CEO of AdaptHealth during some of the relevant time period and (b) AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021. Defendant further states that the allegations in Paragraph 10 of the Consolidated Complaint purport to characterize and selectively quote statements by DFB and unidentified analysts without identifying the source(s), and Defendant respectfully refers the Court to the unidentified source(s) and DFB SEC filings for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 10 of the Consolidated Complaint.

A. **The Class Period Begins – Defendants Laud Extraordinary Organic Growth and M&A Growth at AdaptHealth, Fueled by "Seasoned Management"**

11. With respect to the allegations in Paragraph 11 of the Consolidated Complaint, Defendant admits that (a) this action purports to be a class action that starts on November 8, 2019 and (b) on November 8, 2019, DFB announced in a press release that its business combination with AdaptHealth Holdings LLC had closed ("November 8, 2019 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the

November 8, 2019 Press Release for a complete and accurate account of its contents.  Defendant otherwise denies the allegations in Paragraph 11 of the Consolidated Complaint.

12.    Defendant denies the allegations in Paragraph 12 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 12 of the Consolidated Complaint purport to characterize and selectively quote (i) "Defendants[']" statements without identifying the source(s) and (ii) "an August 2020 investor presentation," and Defendant respectfully refers the Court to those unidentified sources and the August 2020 investor presentation for a complete and accurate account of their contents.

13.    With respect to the allegations in Paragraph 13 of the Consolidated Complaint, Defendant admits that AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021.  Defendant further states that the allegations in Paragraph 13 of the Consolidated Complaint purport to characterize and selectively quote "Defendants[']" statements without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 13 of the Consolidated Complaint.

14.    With respect to the allegations in the second and third sentences in Paragraph 14 of the Consolidated Complaint, Defendant admits that AdaptHealth filed the Prospectus with the SEC in connection with the Secondary Offering (as defined below), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Prospectus for a complete and accurate account of its contents.  Defendant further states that the allegations in the first sentence in Paragraph 14 of the Consolidated Complaint purport to characterize and

selectively quote AdaptHealth's statements without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 14 of the Consolidated Complaint.

**B.    Defendants Conceal McGee's Involvement in One of the Largest Tax Frauds in European History**

15.    Defendant denies the allegations in Paragraph 15 of the Consolidated Complaint, except admits (a) the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action; (b) Defendant had a financial interest in North Channel Bank during some or all of the relevant time period; (c) Defendant and others entered into a financial settlement with Denmark's tax agency, Skatteforvaltningen; and (d) the Kingdom of Denmark filed suit against various pension funds, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019.  Defendant also states that the allegations in the seventh sentence in Paragraph 15 of the Consolidated Complaint purport to characterize SEC filings without identifying the source(s), and Defendant respectfully refers the court to those unidentified sources for a complete and accurate account of their contents.

16.    With respect to the allegations in Paragraph 16 of the Consolidated Complaint (including Footnotes 4 and 5), Defendant admits that AdaptHealth issued the April 2021 Press Release (as defined below).  Defendant further states that the allegations in Paragraph 16 purport to characterize and selectively quote statements made in "the German Newspaper *Suddeutsche Zeitung*," the April 2021 Press Release, and unidentified "articles," and Defendant respectfully

refers the Court to the German Newspaper *Suddeutsche Zeitung,* the April 2021 Press Release, and unidentified "articles" for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 16 of the Consolidated Complaint (including Footnotes 4 and 5).

17. Defendant denies the allegations in Paragraph 17 of the Consolidated Complaint (including Footnotes 6 and 7). Defendant further states that the allegations in Paragraph 17 and Footnotes 6 and 7 of the Consolidated Complaint purport to characterize and selectively quote statements made in a news article and in a press release by the State Prosecutor for Serious Economic and International Crime in Denmark, and Defendant respectfully refers the Court to the news article and the press release for a complete and accurate account of their contents.

18. The allegations in Paragraph 18 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18 of the Consolidated Complaint.

19. With respect to the allegations in Paragraph 19 of the Consolidated Complaint (including Footnote 8), Defendant admits only that (a) Defendant had a financial interest in North Channel Bank, during some or all of the relevant time period; (b) the existence of the Denmark Complaint; and (c) AdaptHealth Holdings LLC completed a business combination with DFB in November 2019. Defendant further states that the allegations in Paragraph 19 purport to characterize statements made in DFB and AdaptHealth's public filings and the Denmark Complaint, and respectfully refers the Court to those publications, the Denmark Complaint, and the public docket for a complete and accurate account of their contents. Defendant also states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Consolidated Complaint that "Danish authorities were closing in on other

9

entities." Defendant otherwise denies the allegations in Paragraph 19 of the Consolidated Complaint (including Footnote 8).

20. Defendant denies the allegations in Paragraph 20 of the Consolidated Complaint, except admits the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.

21. With respect to the allegations in Paragraph 21 of the Consolidated Complaint (including Footnotes 9 and 10), Defendant admits only (a) that Defendant was not named as a defendant in the Denmark Complaint; (b) that AdaptHealth filed a Form 8-K with the SEC on November 14, 2019 ("November 14, 2019 Form 8-K"); (c) the existence of the Denmark Complaint; and (d) the Kingdom of Belgium, Federal Public Service Finance filed a complaint in the United States District Court for the Southern District of New York against Lion Advisory Inc. Pension Plan, Defendant, and others in July 2021 (the "Belgium Complaint"). Defendant further states that the allegations in Paragraph 21 and Footnotes 9 and 10 of the Consolidated Complaint purport to characterize and selectively quote statements made in the Denmark Complaint, the Belgium Complaint, and the November 14, 2019 Form 8-K, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket, the Belgium Complaint and the public docket, and the November 14, 2019 Form 8-K for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 21 of the Consolidated Complaint (including Footnotes 9 and 10).

22. Defendant denies the allegations in Paragraph 22 of the Consolidated Complaint (including Footnote 11), except admits the existence of the Denmark Complaint. Defendant further states that the allegations in Paragraph 22 and Footnote 11 of the Consolidated Complaint

purport to characterize and selectively quote statements made in the Denmark Complaint and unidentified "property records," and respectfully refers the Court to the Denmark Complaint and the public docket, and the property records for a complete and accurate account of their contents.

23.     Defendant denies the allegations in Paragraph 23 of the Consolidated Complaint, except admits the existence of the Denmark Complaint, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.

24.     The allegations in Paragraph 24 of the Consolidated Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the Consolidated Complaint.

**C.     Defendants Manipulate AdaptHealth's "Organic Growth" Metric to Conceal Its Slowing Business**

25.     With respect to the allegations in Paragraph 25 of the Consolidated Complaint (including Footnote 12), Defendant admits only (a) that AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021; and (b) the existence of the *Investopedia* article, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the *Investopedia* article for a complete and accurate account of its contents.  Defendant further states that the allegations in Paragraph 25 of the Consolidated Complaint purport to characterize AdaptHealth's "message to investors" and information AdaptHealth "provided" without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.

Defendant otherwise denies the allegations in Paragraph 25 of the Consolidated Complaint (including Footnote 12).

26. With respect to the allegations in Paragraph 26 of the Consolidated Complaint, Defendant admits only that AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021. Defendant further states that the allegations in Paragraph 26 of the Consolidated Complaint purport to characterize and selectively quote "Defendants[']" statements "on several occasions" without identifying the source(s) and "Defendants[']" statements on the February 2020 Earnings Call (as defined below), and Defendant respectfully refers the Court to those unidentified sources and the transcript of the February 2020 Earnings Call for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 26 of the Consolidated Complaint.

27. With respect to the allegations in Paragraph 27 of the Consolidated Complaint, Defendant admit only that AdaptHealth's revenue was derived from both "organic" growth and acquisitions, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Consolidated Complaint regarding the source(s) of AdaptHealth's revenues on or after April 13, 2021. Defendant further states that the allegations in Paragraph 27 of the Consolidated Complaint purport to characterize and selectively quote "Defendants['] represent[ations]" without identifying the source(s) and a "July 2020 investor presentation," and respectfully refers the Court to those unidentified sources and the July 2020 investor presentation for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 27 of the Consolidated Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 28 of the Consolidated Complaint purport to characterize and selectively quote statements in "public documents" without identifying the source(s), and Defendant respectfully refers the Court to those unidentified public documents for a complete and accurate account of their contents.

29.     Defendant denies the allegations in Paragraph 29 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 29 of the Consolidated Complaint purport to characterize statements in "AdaptHealth's public disclosures" without identifying the source(s), and Defendant respectfully refers the Court to those unidentified public disclosures for a complete and accurate account of their contents.

30.     Defendant denies the allegations in Paragraph 30 the Consolidated Complaint (including Footnote 13), except admits that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021.  Defendant further states that the allegations in Footnote 13 of the Consolidated Complaint purport to characterize and selectively quote statements without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents.

31.     With respect to the allegations in Paragraph 31 of the Consolidated Complaint, Defendant admits only that AdaptHealth released a financial supplement ("March 2021 Financial Supplement") in connection with the March 2021 Earnings Call (as defined below), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call and the March 2021 Financial Supplement for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 31 of the Consolidated Complaint.

32.    With respect to the allegations in Paragraph 32 of the Consolidated Complaint, Defendant admits only that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021.  Defendant further states that the allegations in the third sentence in Paragraph 32 purport to characterize and selectively quote "disclosures from earnings calls," and respectfully refers the Court to transcripts of AdaptHealth's earnings calls for a complete and accurate account of those earnings calls.  Defendant otherwise denies the allegations in Paragraph 32 of the Consolidated Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the Consolidated Complaint. Defendant further states that the allegations in the second and third sentences in Paragraph 33 of the Consolidated Complaint purport to characterize and selectively quote "Q4 2020 and Q1 2021 earnings calls and SEC filings," and respectfully refers the Court to transcripts of AdaptHealth's earnings calls and AdaptHealth's SEC filings for a complete and accurate account of those earnings calls and filings.

### D.    Investors Learn the Truth

#### 1.    AdaptHealth Discloses that Denmark Has Charged Defendant McGee with Tax Fraud and that the Company Is Placing Him on Unpaid Leave

34.    Defendant denies the allegations in Paragraph 34 of the Consolidated Complaint, except admits that AdaptHealth issued the April 2021 Press Release (as defined below), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the April 2021 Press Release for a complete and accurate account of its contents.

35.    With respect to the allegations in Paragraph 35 of the Consolidated Complaint, Defendant admits only that AdaptHealth's stock price closed at $36.99 on April 12, 2021, and closed at $26.69 on April 13, 2021, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[t]he market was surprised" and "[a]nalysts

14

were caught off guard." Defendant further states that the allegations in Paragraph 35 of the Consolidated Complaint purport to characterize and selectively quote statements made by analysts without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 34 of the Consolidated Complaint.

### 2. *Jehoshaphat Research* Issues a Report Revealing the Relevant Truth Regarding AdaptHealth's Decline in Organic Growth

36. Defendant denies the allegations in Paragraph 36 of the Consolidated Complaint, except admits the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the *Jehoshaphat* Report for a complete and accurate account of its contents.

37. Defendant denies the allegations in Paragraph 37 of the Consolidated Complaint, except admits that AdaptHealth's stock price closed at $25.47 on July 16, 2021, and closed at $23.96 on July 19, 2021.

38. Defendant denies the allegations in Paragraph 38 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on August 11, 2021 ("August 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the August 2021 Earnings Call for a complete and accurate account of the August 2021 Earnings Call.

39. Defendant denies the allegations in Paragraph 39 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-Q with the SEC on August 6, 2021 ("August 2021 Form 10-Q") and held the August 2021 Earnings Call, both of which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2021

Form 10-Q and the transcript of the August 2021 Earnings Call for a complete and accurate account of their contents.

40. Defendant denies the allegations in Paragraph 40 of the Consolidated Complaint, except admits that AdaptHealth filed the August 2021 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2021 Form 10-Q for a complete and accurate account of its contents.

## III.   JURISDICTION AND VENUE

41. The allegations in Paragraph 41 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that the Consolidated Complaint purports to assert claims for alleged violations of Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and otherwise denies the allegations in Paragraph 41 of the Consolidated Complaint.

42. The allegations in Paragraph 42 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over securities class actions that arise under Sections 11, 12, and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5.

43. The allegations in Paragraph 43 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that AdaptHealth is headquartered in this District and conducts business in this District, and otherwise denies the allegations in Paragraph 43 of the Consolidated Complaint.

44. The allegations in Paragraph 44 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Consolidated Complaint.

## IV. PARTIES

45. With respect to the allegations in Paragraph 45 of the Consolidated Complaint, (a) Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs acquired AdaptHealth securities during the class period, including in AdaptHealth's January 2021 Secondary Offering, and (b) Defendant admits the existence of Exhibit B to the Declaration of Naumon A. Amjed, which Plaintiffs purport to characterize and selectively quote. Defendant respectfully refers the Court to Exhibit B for a complete and accurate account of its contents. Defendant otherwise denies the allegations in Paragraph 45 of the Consolidated Complaint.

46. Defendant admits the allegations in Paragraph 46 of the Consolidated Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Consolidated Complaint that "[t]he Company's common stock trades in an efficient market."

47. Defendant admits the allegations in Paragraph 47 of the Consolidated Complaint.

48. Defendant admits the allegations in Paragraph 48 of the Consolidated Complaint.

49. Defendant admits the allegations in Paragraph 49 of the Consolidated Complaint.

50. Defendant admits the allegations in Paragraph 50 of the Consolidated Complaint.

51. Defendant admits the allegations in Paragraph 51 of the Consolidated Complaint.

52. Defendant admits the allegations in Paragraph 52 of the Consolidated Complaint.

53. Defendant admits the allegations in Paragraph 53 of the Consolidated Complaint.

54. Defendant admits the allegations in Paragraph 54 of the Consolidated Complaint.

55.     Defendant admits the allegations in Paragraph 55 of the Consolidated Complaint.

56.     Defendant admits the allegations in Paragraph 56 of the Consolidated Complaint.

57.     Defendant admits the allegations in Paragraph 57 of the Consolidated Complaint.

58.     Defendant admits the allegations in Paragraph 58 of the Consolidated Complaint.

59.     The allegations in Paragraph 59 state a definition to which no response is required.

60.     The allegations in Paragraph 60 state a definition to which no response is required.

61.     The allegations in the first sentence in Paragraph 61 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Consolidated Complaint, including the allegations in the first sentence of this paragraph.

## V.     SUBSTANTIVE ALLEGATIONS

### A.     Special Purpose Acquisition Companies

62.     The allegations in Paragraph 62 of the Consolidated Complaint purport to characterize and selectively quote the SEC to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Consolidated Complaint, and Defendant respectfully refers the Court to the unspecified guidance attributed to the SEC for a complete and accurate account of its contents.

63.     The allegations in Paragraph 63 of the Consolidated Complaint purport to characterize and selectively quote the SEC, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 63 of the Consolidated Complaint, and Defendant respectfully refers the Court to the unspecified guidance attributed to the SEC for a complete and accurate account of its contents.

**B.      DFB Is Created as a SPAC to Acquire a Healthcare Related Business**

64.      Defendant denies the allegations in Paragraph 64 of the Consolidated Complaint, except admits that DFB filed a Form 10-K with the SEC on March 29, 2019 (the "March 2019 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2019 Form 10-K for a complete and accurate account of its contents.

65.      Defendant denies the allegations in Paragraph 65 of the Consolidated Complaint, except admits that DFB filed the March 2019 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2019 Form 10-K for a complete and accurate account of its contents.

**C.      DFB Agrees to Merge with AdaptHealth**

66.      Defendant denies the allegations in Paragraph 66 of the Consolidated Complaint, except admits that (a) DFB entered into a definitive agreement for a business combination with AdaptHealth Holdings LLC and (b) DFB filed a Form 8-K with the SEC on July 8, 2019 ("July 2019 Form 8-K"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.

67.      Defendant denies the allegations in Paragraph 67 of the Consolidated Complaint, except admits that DFB filed the July 2019 Form 8-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.

68.      Defendant denies the allegations in Paragraph 68 of the Consolidated Complaint, except admits that DFB filed the July 2019 Form 8-K with the SEC, which Plaintiffs purport to

characterize and selectively quote, and Defendant respectfully refers the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.

69.    Defendant denies the allegations in Paragraph 69 of the Consolidated Complaint, except admits that DFB filed the July 2019 Form 8-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the July 2019 Form 8-K for a complete and accurate account of its contents.

70.    Defendant denies the allegations in Paragraph 70 of the Consolidated Complaint, except admits that DFB filed the July 2019 Form 8-K with the SEC and that the "DFB/AdaptHealth Investor Presentation" was an exhibit to the July 2019 Form 8-K, both of which Plaintiffs purport to characterize and selectively quote.  Defendant respectfully refers the Court to the July 2019 Form 8-K and the "DFB/AdaptHealth Investor Presentation" for a complete and accurate account of their contents.

71.    The allegations in the first sentence in Paragraph 71 of the Consolidated Complaint state characterizations by Plaintiffs to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence in Paragraph 71 of the Consolidated Complaint.  With respect to the second sentence in Paragraph 71 of the Consolidated Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[a]nalysts . . . have lauded his ability to see trends and described him as the 'visionary' behind AdaptHealth's growth trajectory" and Defendant respectfully refers the Court to the unidentified analyst reports for a complete and accurate account of their contents.

**D.    DFB Issues Proxy Statement for Vote to Approve AdaptHealth Acquisition**

72.    Defendant denies the allegations in Paragraph 72 of the Consolidated Complaint (including Footnote 14), except admits that DFB filed a Preliminary Proxy Statement on Schedule 14A with the SEC on August 19, 2019 ("August 2019 Preliminary Proxy Statement"), which

Plaintiffs purport to characterize and selectively quote.  Defendant respectfully refers the Court to the August 2019 Preliminary Proxy Statement for a complete and accurate account of its contents.

73.    Defendant denies the allegations in Paragraph 73 of the Consolidated Complaint, except admits that DFB filed the August 2019 Preliminary Proxy Statement with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2019 Preliminary Proxy Statement for a complete and accurate account of its contents.

### E.    The DFB/AdaptHealth Merger Becomes Final

74.    Defendant admits the allegations in Paragraph 74 of the Consolidated Complaint.

75.    Defendant admits the allegations in Paragraph 75 of the Consolidated Complaint and respectfully refers the Court to the November 8, 2019 Press Release and the December 2019 Form 8-K for a complete and accurate account of their contents.

### F.    Materially False and Misleading Statements Issued During the Class Period

#### 1.    Statements Made False and Misleading by Defendants' Failure to Disclose Defendant McGee's Involvement in the Tax Scheme

76.    Defendant denies the allegations in Paragraph 76 of the Consolidated Complaint, except admits that DFB announced the closing of a business combination with AdaptHealth Holdings LLC in the November 8, 2019 Press Release, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 8, 2019 Press Release for a complete and accurate account of its contents.

77.    Defendant denies the allegations in Paragraph 77 of the Consolidated Complaint, except admits that AdaptHealth issued a press release on November 13, 2019 announcing the Q3 2019 financial results for its subsidiary, AdaptHealth Holdings LLC ("November 13, 2019 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant

respectfully refers the Court to the November 13, 2019 Press Release for a complete and accurate account of its contents.

78.     Defendant denies the allegations in Paragraph 78 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 8-K with the SEC on November 20, 2019 ("November 20, 2019 Form 8-K"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 20, 2019 Form 8-K for a complete and accurate account of its contents.

79.     The allegations in Paragraph 79 (including Footnote 16) of the Consolidated Complaint state legal conclusions and Plaintiffs' characterizations to which no response is required.  To the extent a response is required, Defendant admits only the existence of the Denmark Complaint, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.  Further responding to the allegations in Paragraph 79, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019.  Defendant further states that Plaintiffs purport to characterize and selectively quote a news article, and Defendant respectfully refers the Court to the news article for a complete and accurate account of its contents.  Defendant otherwise denies the allegations in Paragraph 79 of the Consolidated Complaint (including Footnote 16).

80.     Defendant denies the allegations in Paragraph 80 of the Consolidated Complaint, except admits that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Fourth Quarter and Full Year 2019 Financial Results" on February 25, 2020 ("February 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant

respectfully refers the Court to the February 2020 Press Release for a complete and accurate account of its contents.

81.    Defendant denies the allegations in Paragraph 81 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on February 25, 2020 ("February 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the February 2020 Earnings Call for a complete and accurate account of the February 2020 Earnings Call.

82.    Defendant denies the allegations in Paragraph 82 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-K with the SEC on March 6, 2020 ("March 2020 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.

83.    Defendant denies the allegations in Paragraph 83 of the Consolidated Complaint, except admits that AdaptHealth filed the March 2020 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.

84.    Defendant denies the allegations in Paragraph 84 of the Consolidated Complaint, except admits that one of the exhibits to the March 2020 Form 10-K was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2020 Form 10-K for a complete and accurate account of its contents.

85.    Defendant denies the allegations in Paragraph 85 of the Consolidated Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Consolidated Complaint, except admits that AdaptHealth filed a Definitive Proxy Statement on Schedule 14A (also known as Form DEF 14A) with the SEC on April 29, 2020 ("April 2020 Form DEF 14A"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the April 2020 Form DEF 14A for a complete and accurate account of its contents.

87.     Defendant denies the allegations in Paragraph 87 of the Consolidated Complaint, except admits the existence of the Denmark Complaint, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action; admits that AdaptHealth filed the April 2020 Form DEF 14A with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the April 2020 Form DEF 14A for a complete and accurate account of its contents; and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019.

88.     Defendant denies the allegations in Paragraph 88 of the Consolidated Complaint, except admits that AdaptHealth issued a press release announcing its financial results for Q1 2020 on May 5, 2020 ("May 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the May 2020 Press Release for a complete and accurate account of its contents.

89.     Defendant denies the allegations in Paragraph 89 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on May 5, 2020 ("May 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers

24

the Court to the transcript of the May 2020 Earnings Call for a complete and accurate account of the May 2020 Earnings Call.

90. Defendant denies the allegations in Paragraph 90 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-Q with the SEC on May 8, 2020 ("May 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the May 2020 Form 10-Q for a complete and accurate account of its contents.

91. Defendant denies the allegations in Paragraph 91 of the Consolidated Complaint, except admits that one of the exhibits to the May 2020 Form 10-Q was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the May 2020 Form 10-Q for a complete and accurate account of its contents.

92. Defendant denies the allegations in Paragraph 92 of the Consolidated Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Consolidated Complaint, except admits that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Second Quarter 2020 Financial Results" on August 4, 2020 ("August 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2020 Press Release for a complete and accurate account of its contents.

94. Defendant denies the allegations in Paragraph 94 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on August 4, 2020 ("August 2020 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the August 2020 Earnings Call for a complete and accurate account of the August 2020 Earnings Call.

95.     Defendant denies the allegations in Paragraph 95 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-Q with the SEC on August 7, 2020 ("August 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2020 Form 10-Q for a complete and accurate account of its contents.

96.     Defendant denies the allegations in Paragraph 96 of the Consolidated Complaint, except admits that AdaptHealth filed the August 2020 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2020 Form 10-Q for a complete and accurate account of its contents.

97.     Defendant denies the allegations in Paragraph 97 of the Consolidated Complaint, except admits that one of the exhibits to the August 2020 Form 10-Q was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the August 2020 Form 10-Q for a complete and accurate account of its contents.

98.     Defendant denies the allegations in Paragraph 98 of the Consolidated Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Consolidated Complaint, except admits that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Third Quarter 2020 Financial Results" on November 4, 2020 ("November 2020 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 2020 Press Release for a complete and accurate account of its contents.

100.    Defendant denies the allegations in Paragraph 100 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on November 4, 2020 ("November 2020

Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the November 2020 Earnings Call for a complete and accurate account of the November 2020 Earnings Call.

101.    Defendant denies the allegations in Paragraph 101 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-Q with the SEC on November 6, 2020 ("November 2020 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents.

102.    Defendant denies the allegations in Paragraph 102 of the Consolidated Complaint, except admits that AdaptHealth filed the November 2020 Form 10-Q with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents.

103.    Defendant denies the allegations in Paragraph 103 of the Consolidated Complaint, except admits that one of the exhibits to the November 2020 Form 10-Q was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant McGee, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the November 2020 Form 10-Q for a complete and accurate account of its contents.

104.    Defendant denies the allegations in Paragraph 104 of the Consolidated Complaint.

105.    With respect to the allegations in Paragraph 105 of the Consolidated Complaint, Defendant admits only that (a) AdaptHealth conducted a public offering of 8,000,000 shares of its Class A Common Stock, at a price to the public of $33.00 per share, consisting of 7,250,000 shares of Class A Common Stock being sold by the Company and an additional 750,000 shares of the

27

Company's Class A Common Stock being sold by a selling stockholder, that closed on January 8, 2021 (the "Secondary Offering"); (b) AdaptHealth filed a Form S-3 with the SEC on December 18, 2020, in connection with the Secondary Offering (the "Registration Statement"); and (c) AdaptHealth filed a Form 424B5 with the SEC on January 4, 2021, in connection with the Secondary Offering (the "Prospectus").  Defendant further states that the allegations in Paragraph 105 purport to characterize and selectively quote the Registration Statement and the Prospectus, and Defendant respectfully refers the Court to the Registration Statement and the Prospectus for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 105 of the Consolidated Complaint.

106.   Defendant denies the allegations in Paragraph 106 of the Consolidated Complaint, except admits that AdaptHealth filed the Prospectus with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Prospectus for a complete and accurate account of its contents.

107.   Defendant denies the allegations in Paragraph 107 of the Consolidated Complaint.

108.   Defendant denies the allegations in Paragraph 108 of the Consolidated Complaint, except admits that AdaptHealth issued a press release entitled "AdaptHealth Corp. Announces Fourth Quarter and Full Year 2020 Financial Results" on March 4, 2021 ("March 2021 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Press Release for a complete and accurate account of its contents.

109.   Defendant denies the allegations in Paragraph 109 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on March 4, 2021 ("March 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully

refers the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call.

110. Defendant denies the allegations in Paragraph 110 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-K with the SEC on March 16, 2021 ("March 2021 Form 10-K"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

111. Defendant denies the allegations in Paragraph 111 of the Consolidated Complaint, except admits that AdaptHealth filed the March 2021 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

112. Defendant denies the allegations in Paragraph 112 of the Consolidated Complaint, except admits that AdaptHealth filed the March 2021 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

113. Defendant denies the allegations in Paragraph 113 of the Consolidated Complaint, except admits that one of the exhibits to the March 2021 Form 10-K was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

114. Defendant denies the allegations in Paragraph 114 of the Consolidated Complaint.

**2.      Materially False and Misleading Statements and Omissions Regarding Organic Revenue Growth**

115.    Defendant denies the allegations in Paragraph 115 of the Consolidated Complaint.

116.    Defendant denies the allegations in Paragraph 116 of the Consolidated Complaint, except admits that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call.

117.    Defendant denies the allegations in Paragraph 117 of the Consolidated Complaint, except admits that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call.

118.    Defendant denies the allegations in Paragraph 118 of the Consolidated Complaint, except admits that AdaptHealth held the March 2021 Earnings Call, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call for a complete and accurate account of the March 2021 Earnings Call.

119.    Defendant denies the allegations in Paragraph 119 of the Consolidated Complaint, except admits that AdaptHealth released the March 2021 Financial Supplement, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call and the March 2021 Financial Supplement for a complete and accurate account of their contents.

120. Defendant denies the allegations in Paragraph 120 of the Consolidated Complaint, except admits that AdaptHealth filed the March 2021 Form 10-K with the SEC, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

121. Defendant denies the allegations in Paragraph 121 of the Consolidated Complaint, except admits that AdaptHealth filed the March 2021 Form 10-K with the SEC and that one of the exhibits to the March 2021 Form 10-K was a "Certification Pursuant to 18 U.S.C. Section 1350 as Required by Section 906 of the Sarbanes-Oxley Act of 2002" signed by Defendant, Stephen P. Griggs, and Jason Clemens. Defendant further states that the allegations in Paragraph 121 purport to characterize statements made in the March 2021 Form 10-K, and Defendant respectfully refers the Court to the March 2021 Form 10-K for a complete and accurate account of its contents.

122. Defendant denies the allegations in Paragraph 122 of the Consolidated Complaint, except admits that AdaptHealth held an earnings call on May 6, 2021 ("May 2021 Earnings Call"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the May 2021 Earnings Call for a complete and accurate account of the May 2021 Earnings Call.

123. Defendant denies the allegations in Paragraph 123 of the Consolidated Complaint, except admits that AdaptHealth held the May 2021 Earnings Call, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the May 2021 Earnings Call for a complete and accurate account of the May 2021 Earnings Call.

124. Defendant denies the allegations in Paragraph 124 of the Consolidated Complaint, except admits that AdaptHealth held the May 2021 Earnings Call, which Plaintiffs purport to

31

characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the May 2021 Earnings Call for a complete and accurate account of the May 2021 Earnings Call.

125.   Defendant denies the allegations in Paragraph 125 of the Consolidated Complaint, except admits that AdaptHealth released a financial supplement in connection with the May 2021 Earnings Call ("May 2021 Financial Supplement"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the March 2021 Earnings Call and the May 2021 Financial Supplement for a complete and accurate account of their contents.

126.   Defendant denies the allegations in Paragraph 126 of the Consolidated Complaint, except admits that AdaptHealth filed a Form 10-Q with the SEC on May 10, 2021 ("May 2021 Form 10-Q"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the May 2021 Form 10-Q for a complete and accurate account of its contents.

127.   Defendant denies the allegations in Paragraph 127 of the Consolidated Complaint, except admits (a) that AdaptHealth began reporting "pro forma net revenue growth" on March 4, 2021, (b) that AdaptHealth filed the March 2021 Form 10-K and the May 2021 Form 10-Q with the SEC, and (c) the existence of the *Jehoshaphat* Report, the August 10, 2021 Jefferies analyst report, and the August 5, 2021 Cannacord Genuity report.  Defendant further states that the allegations in Paragraph 127 purport to characterize and selectively quote the March 2021 Form 10-K, the May 2021 Form 10-Q, the *Jehoshaphat* Report, the August 10, 2021 Jefferies analyst report, the August 5, 2021 Cannacord Genuity report, and unidentified analysts, and Defendant respectfully refers the Court to the aforementioned sources of information for a complete and accurate account of their contents.  Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in this paragraph regarding the purported reactions and statements of analysts.

**G.     The Truth About the Tax Fraud and Organic Growth Is Revealed in a Series of Disclosures**

**1.     McGee is Charged Criminally in Connection with the Largest Fraud in Denmark's History**

128.    With respect to the allegations in Paragraph 128 of the Consolidated Complaint, Defendant admits only that AdaptHealth issued a press release entitled "AdaptHealth Corp.'s Board of Directors' Statement on Co-Chief Executive Officer Luke McGee" on April 13, 2021 ("April 2021 Press Release"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the April 2021 Press Release for a complete and accurate account of its contents.  Defendant otherwise denies the allegations in Paragraph 128 of the Consolidated Complaint.

129.    Defendant denies the allegations in Paragraph 129 of the Consolidated Complaint, except admits that AdaptHealth's stock price closed at $36.99 on April 12, 2021, and closed at $29.69 on April 13, 2021.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Consolidated Complaint regarding the purported reactions and statements of "analysts."  Defendant further states that the allegations in Paragraph 130 purport to characterize and selectively quote statements from "analysts" without identifying the source(s), and Defendant respectfully refers the Court to those unidentified sources for a complete and accurate account of their contents. Defendant otherwise denies the allegations in Paragraph 130 of the Consolidated Complaint.

131.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Consolidated Complaint regarding the purported

reactions and statements of "analysts."  Defendant further states that the allegations in Paragraph 131 purport to characterize and selectively quote statements from "analysts" and a "Canaccord Genuity analyst," and Defendant respectfully refers the Court to those statements for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 131 of the Consolidated Complaint.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Consolidated Complaint regarding the purported reactions and statements of "analysts."  Defendant further states that the allegations in Paragraph 132 purport to characterize and selectively quote statements from "[a]nalysts at Deutsche Bank," and Defendant respectfully refers the Court to those statements for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 132 of the Consolidated Complaint.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Consolidated Complaint regarding the purported reactions and statements of "analysts at UBS."  Defendant further states that the allegations in Paragraph 133 purport to characterize and selectively quote statements from "analysts at UBS," and Defendant respectfully refers the Court to those statements for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 133 of the Consolidated Complaint.

### 2.    Short Seller Jehoshaphat Research Discovers that AdaptHealth is Manipulating Organic Growth

134.    With respect to the allegations in Paragraph 134 of the Consolidated Complaint, Defendant admits the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the *Jehoshaphat* Report for a

complete and accurate account of its contents.  Defendant otherwise denies the allegations in Paragraph 134 of the Consolidated Complaint.

135.   Defendant denies the allegations in Paragraph 135 of the Consolidated Complaint, except admits the existence of the *Jehoshaphat* Report and that AdaptHealth's stock price closed at $25.47 on July 16, 2021, and closed at $23.96 on July 19, 2021.

136.   Defendant denies the allegations in Paragraph 136 of the Consolidated Complaint.

## VI.   SCIENTER

### A.   Defendants Knew or Were Reckless in Not Knowing that Concealing McGee's Criminal Exposure Misled Investors About AdaptHealth's Revenue and Revenue Growth Prospects

137.   Defendant denies the allegations in Paragraph 137 of the Consolidated Complaint, except admits that Defendant McGee had a financial interest in North Channel Bank during some or all of the relevant time period; admits that Defendant McGee and others entered a financial settlement with Denmark's tax agency, Skatteforvaltningen; admits that  the Kingdom of Denmark filed suit against various pension funds; and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019. Defendant further states that the allegations in Paragraph 137 purport to characterize and selectively quote statements from unidentified "Denmark authorities," and Defendant respectfully refers the Court to those statements for a complete and accurate account of their contents.

138.   Defendant denies the allegations in Paragraph 138 of the Consolidated Complaint, except admits the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.

139.     With respect to the allegations in Paragraph 139 of the Consolidated Complaint, Defendant admits that (a) AdaptHealth filed the March 2021 Form 10-K with the SEC; (b) AdaptHealth's Board approved Stephen P. Griggs and Defendant as Co-CEOs; and (c) AdaptHealth issued the April 2021 Press Release.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Consolidated Complaint regarding analyst reactions and analyst statements.  Defendant further states that the allegations in Paragraph 139 purport to characterize and selectively quote statements from unnamed analysts, and Defendant respectfully refers the Court to those statements for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 139 of the Consolidated Complaint.

**B.      Defendants Knew or Were Reckless in Not Knowing That the Pro Forma "Organic" Growth Metric Obscured the Company's Actual Organic Growth Trends**

140.     Defendant denies the allegations in Paragraph 140 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 140 of the Consolidated Complaint purport to characterize and selectively quote various "SEC filings" and "SEC disclosures" by AdaptHealth, and Defendant respectfully refers the Court to those filings and disclosures for a complete and accurate account of their contents.

141.     Defendant denies the allegations in Paragraph 141 of the Consolidated Complaint. Defendant further states the allegations in Paragraph 141 of the Consolidated Complaint purport to characterize and selectively quote SEC filings, analysts, investors, and other unidentified sources of information, and Defendant respectfully refers the Court to those filings and unidentified sources for a complete and accurate account of their contents.

142.     Defendant denies the allegations in Paragraph 142 of the Consolidated Complaint, except admits that AdaptHealth held the August 2021 Earnings Call, which Plaintiffs purport to

characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the August 2021 Earnings Call for a complete and accurate account of the August 2021 Earnings Call.

143.   With respect to the allegations in Paragraph 143 of the Consolidated Complaint, Defendant admits only that AdaptHealth released a financial supplement in connection with the August 2021 Earnings Call ("August 2021 Financial Supplement"), which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the transcript of the August 2021 Earnings Call and the August 2021 Financial Supplement for a complete and accurate account of their contents.  Defendant otherwise denies the allegations in Paragraph 143 of the Consolidated Complaint.

144.   Defendant denies the allegations in Paragraph 144 of the Consolidated Complaint, except admits the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the *Jehoshaphat* Report for a complete and accurate account of its contents.

### C.   Defendant McGee's Insider Selling

145.   Defendant denies the allegations in Paragraph 145 of the Consolidated Complaint, except admits the existence of the Denmark Complaint, which Plaintiffs purport to characterize, and Defendant respectfully refers the Court to the Denmark Complaint and the public docket for a complete and accurate account of that action.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resolution of proceedings in Denmark that resulted in North Channel Bank paying a fine of 110 million Danish Kroner in September 2019.  Defendant further states that the allegations in Paragraph 145 of the Consolidated Complaint purport to characterize the "SEIC's statement," and Defendant respectfully refers the Court to that unidentified statement for a complete and accurate account of its contents.

146.     Defendant denies the allegations in Paragraph 146 of the Consolidated Complaint, except refers to the December 2020 Form 4 for a complete and accurate account of its contents.

147.     Defendant denies the allegations in Paragraph 147 of the Consolidated Complaint, except admits the existence of the *Jehoshaphat* Report, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to that report for a complete and accurate account of its contents.

148.     Defendant denies the allegations in Paragraph 148 of the Consolidated Complaint.

## VII.   LOSS CAUSATION

149.     Defendant denies the allegations in Paragraph 149 of the Consolidated Complaint.

150.     Defendant denies the allegations in Paragraph 150 of the Consolidated Complaint.

151.     Defendant denies the allegations in Paragraph 151 of the Consolidated Complaint.

152.     Defendant denies the allegations in Paragraph 152 of the Consolidated Complaint, except admits that AdaptHealth issued the April 2021 Press Release, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the April 2021 Press Release for a complete and accurate account of its contents.

153.     Defendant denies the allegations in Paragraph 153 of the Consolidated Complaint, except admits that the price of AdaptHealth's stock closed at $36.99 on April 12, 2021 and closed at $26.69 on April 13, 2021.

154.     Defendant denies the allegations in Paragraph 154 of the Consolidated Complaint, except admits that the price of AdaptHealth's stock closed at $25.47 on July 16, 2021 and closed at $23.96 on July 19, 2021.

155.     Defendant denies the allegations in Paragraph 155 of the Consolidated Complaint.

156.     Defendant denies the allegations in Paragraph 156 of the Consolidated Complaint.

157.     Defendant denies the allegations in Paragraph 157 of the Consolidated Complaint.

## VIII.   APPLICABILITY OF THE PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

158.   The allegations in Paragraph 158 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 158 of the Consolidated Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Consolidated Complaint that Plaintiffs and "other members of the Class purchased or otherwise acquired AdaptHealth's publicly traded securities," that Plaintiffs and "other members of the Class . . . rel[ied] upon the integrity of the market price of [AdaptHealth's] securities and the market information relating to AdaptHealth," and that "the market . . . was . .  efficient at all times."

159.   The allegations in Paragraph 159 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits only that (a) AdaptHealth's common stock has been listed and traded on the NASDAQ under the ticker symbol "AHCO" since on or about November 11, 2019; (b) AdaptHealth has made various filings with the SEC and/or the NASDAQ; (c) AdaptHealth communicated with investors through various means; and (d) securities analysts published reports that referenced AdaptHealth. Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Consolidated Complaint that "the market for AdaptHealth's securities was an efficient market" and that reports by securities analysts "were distributed to the sales force and certain customers of their respective brokerage firms" and were "publicly available and entered the public marketplace."   Defendant otherwise denies the allegations in Paragraph 159 of the Consolidated Complaint.

160.    The allegations in Paragraph 160 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 160 of the Consolidated Complaint.

161.    The allegations in Paragraph 161 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 161 of the Consolidated Complaint.

## IX.    NO SAFE HARBOR

162.    The allegations in Paragraph 162 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 162 of the Consolidated Complaint.

## X.    PLAINTIFFS' CLAIM FOR RELIEF UNDER THE SECURITIES ACT OF 1933

163.    The allegations in Paragraph 163 of the Consolidated Complaint state Plaintiffs' characterization of its claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 163 of the Consolidated Complaint.

164.    With respect to the allegations in Paragraph 164 of the Consolidated Complaint, Defendant admits only that (a) AdaptHealth filed a Form S-3 and Form 424B5 with the SEC in connection with the Secondary Offering, and (b) Defendant, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III signed the Form S-3.  Defendant otherwise denies the allegations in Paragraph 164 of the Consolidated Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Consolidated Complaint, except admits that AdaptHealth filed the Prospectus with the SEC in connection with the

40

Secondary Offering, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Prospectus for a complete and accurate account of its contents.

166.    Defendant denies the allegations in Paragraph 166 of the Consolidated Complaint, except admits that AdaptHealth filed the Prospectus with the SEC in connection with the Secondary Offering, which Plaintiffs purport to characterize and selectively quote, and Defendant respectfully refers the Court to the Prospectus for a complete and accurate account of its contents.

167.    Defendant denies the allegations in Paragraph 167 of the Consolidated Complaint.

168.    Defendant denies the allegations in Paragraph 168 of the Consolidated Complaint.

## XI.    PLAINTIFFS' CLASS ACTION ALLEGATIONS

169.    The allegations in Paragraph 169 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant admits only that this action purports to be a class action on behalf of all purchasers of AdaptHealth common stock during the putative class period and that the Consolidated Complaint purports to exclude from the purported class defendants in this action and the Company's officers and directors, their immediate families, legal representatives, heirs, successor, or assigns, and any entity in which defendants in this action have or had a controlling interest.  Defendant otherwise denies the allegations in Paragraph 169 of the Consolidated Complaint.

170.    Defendant denies the allegations in Paragraph 170 of the Consolidated Complaint, except admits that AdaptHealth's common stock has traded on the NASDAQ under the ticker symbol "AHCO" since on or about November 11, 2019.  Defendant further states that the first sentence in Paragraph 170 of the Consolidated Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence in Paragraph 170 of the Consolidated Complaint.

171.    The allegations in Paragraph 171 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 171 of the Consolidated Complaint.

172.    The allegations in Paragraph 172 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Consolidated Complaint.

173.    The allegations in Paragraph 173 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 173 of the Consolidated Complaint.

174.    The allegations in Paragraph 174 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 174 of the Consolidated Complaint.

## COUNT I

**Violations of §10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder**
**(Against AdaptHealth and the Officer Defendants)**

175.    Defendant hereby repeats and realleges each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.

176.    The allegations in Paragraph 176 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 176 of the Consolidated Complaint.

177.    Defendant denies the allegations in Paragraph 177 of the Consolidated Complaint.

178.   Defendant denies the allegations in Paragraph 178 of the Consolidated Complaint and respectfully refers the Court to "the quarterly and annual reports, SEC filings, press releases and other statements and documents" referenced in the Consolidated Complaint for a complete and accurate account of their contents.

179.   Defendant denies the allegations in Paragraph 179 of the Consolidated Complaint.

180.   Defendant denies the allegations in Paragraph 180 of the Consolidated Complaint.

181.   The allegations in Paragraph 181 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except admits that Defendant, Stephen P. Griggs, and Jason Clemens served as officers of AdaptHealth during some or all of the relevant time period.

182.   The allegations in Paragraph 182 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 182 of the Consolidated Complaint.

183.   The allegations in Paragraph 183 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 183 of the Consolidated Complaint.

184.   The allegations in Paragraph 184 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 184 of the Consolidated Complaint.

## COUNT II

### Violations of §20(a) of the Exchange Act
### (Against the Officer Defendants)

185.   Defendant hereby repeats and realleges each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.

186.     Defendant denies the allegations in Paragraph 186 of the Consolidated Complaint, except admits that the Defendant, Stephen P. Griggs, and Jason Clemens served as officers of AdaptHeath during some or all of the relevant time period.

187.     The allegations in Paragraph 187 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 187 of the Consolidated Complaint.

188.     The allegations in Paragraph 188 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 188 of the Consolidated Complaint.

189.     The allegations in Paragraph 189 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 189 of the Consolidated Complaint.

190.     The allegations in Paragraph 190 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 190 of the Consolidated Complaint.

## COUNT III

### For Violations of §11 of the Securities Act
### (Against AdaptHealth and the Registration Statement Defendants)

191.     With respect to the first sentence in Paragraph 191 of the Consolidated Complaint, Defendant hereby repeats and realleges each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.  With respect to the second sentence in Paragraph 191 of the Consolidated Complaint, the allegations state Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence in Paragraph 191 of the Consolidated

44

Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 191 of the Consolidated Complaint that "Plaintiffs . . . do not intend to allege, fraud, recklessness, or intentional misconduct" and that "any implication of fraud, recklessness, or intentional misconduct is expressly disclaimed [by Plaintiffs]."

192.    The allegations in Paragraph 192 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 192 of the Consolidated Complaint.

193.    The allegations in Paragraph 193 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 193 of the Consolidated Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Consolidated Complaint.

195.    The allegations in Paragraph 195 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except admits that AdaptHealth filed the Registration Statement and the Prospectus with the SEC in connection with the Secondary Offering and respectfully refers the Court to the Registration Statement and Prospectus for a complete and accurate account of their contents.

196.    Defendant denies the allegations in Paragraph 196 of the Consolidated Complaint.

197.    Defendant denies the allegations in Paragraph 197 of the Consolidated Complaint.

198.   The allegations in Paragraph 198 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that AdaptHealth sold its common stock in connection with the Secondary Offering, and Defendant otherwise denies the allegations in Paragraph 198 of the Consolidated Complaint.

199.   Defendant denies the allegations in Paragraph 199 of the Consolidated Complaint, except admits that AdaptHealth's Secondary Offering closed on January 8, 2021.  Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 that "AdaptHealth stock was sold to Class members in connection with the Secondary Offering."

200.   The allegations in Paragraph 200 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 200 of the Consolidated Complaint.

201.   The allegations in Paragraph 201 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 201 of the Consolidated Complaint.

202.   The allegations in the first, second, and third sentences in Paragraph 202 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required with respect to the allegations contained in the first, second, and third sentences in Paragraph 202 of the Consolidated Complaint, Defendant admits only that (a) AdaptHealth filed a Form S-3 and Form 424B5 with the SEC in connection with the Secondary Offering, and (b) Defendant, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III  signed the Form S-3.  Defendant otherwise denies the allegations in the first, second,

and third sentences in Paragraph 202 of the Consolidated Complaint. Defendant denies the allegations in the last sentence in Paragraph 202 of the Consolidated Complaint.

## COUNT IV

### For Violations of §12(a)(2) of the Securities Act in Connection with the Offering
### (Against Defendant AdaptHealth)

203.    With respect to the first sentence in Paragraph 203 of the Consolidated Complaint, Defendant hereby repeats and realleges each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein. The allegations in the second sentence in Paragraph 203 of the Consolidated Complaint state Plaintiffs' characterization of their claims in this action to which no response is required. To the extent a response is required, Defendant denies the allegations of the second sentence in Paragraph 203 of the Consolidated Complaint.

204.    The allegations in Paragraph 204 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 204 of the Consolidated Complaint.

205.    The allegations in Paragraph 205 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph, except admits that AdaptHealth sold its common stock in connection with the Secondary Offering.

206.    The allegations in Paragraph 206 of the Consolidated Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 206 of the Consolidated Complaint.

47

207.    The allegations in Paragraph 207 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 207 of the Consolidated Complaint.

208.    The allegations in Paragraph 208 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 208 of the Consolidated Complaint.

209.    The allegations in Paragraph 209 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 209 of the Consolidated Complaint.

210.    Defendant denies the allegations in Paragraph 210 of the Consolidated Complaint, except admits that AdaptHealth's Secondary Offering closed on January 8, 2021.

## COUNT V

### For Violations of §15 of the Securities Act
### (Against the Registration Statement Defendants)

211.    With respect to the first sentence in Paragraph 211 of the Consolidated Complaint, Defendant hereby repeats and realleges each and every response to all of the preceding paragraphs of the Consolidated Complaint as if fully set forth herein.  With respect to the second sentence in Paragraph 211 of the Consolidated Complaint, the allegations state Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations of the second sentence in Paragraph 211 of the Consolidated Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs . . . do not intend to allege, fraud, recklessness, or intentional misconduct" and that "any implication of fraud, recklessness, or intentional misconduct is expressly disclaimed [by Plaintiffs]."

48

212.   The allegations in Paragraph 212 of the Consolidated Complaint state conclusions of law and Plaintiffs' characterization of their claims in this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 212 of the Consolidated Complaint.

213.   Defendant denies the allegations in Paragraph 213 of the Consolidated Complaint.

214.   Defendant denies the allegations in Paragraph 214 of the Consolidated Complaint.

215.   The allegations in Paragraph 215 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except admits that (a) the Registration Statement Defendants, as defined in the Consolidated Complaint, were officers and/or directors of AdaptHealth during some or all of the relevant time period, and (b) Defendant, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III signed the Form S-3 in connection with the Secondary Offering.

216.   The allegations in the first sentence in Paragraph 216 of the Consolidated Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence in Paragraph 216 of the Consolidated Complaint.  Defendant denies the allegations in the second sentence in Paragraph 216 of the Consolidated Complaint.

217.   With respect to the allegations in Paragraph 217 of the Consolidated Complaint, Defendant admits only that AdaptHealth's Secondary Offering closed on January 8, 2021. Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 that "AdaptHealth common stock was sold to the

Class in connection with the Secondary Offering." Defendant otherwise denies the allegations in Paragraph 217 of the Consolidated Complaint.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief states conclusions of law to which no response is required. Defendant denies that Plaintiffs are entitled to any damages or any of the other relief requested.

## DEMAND FOR TRIAL BY JURY

Plaintiffs' Demand for Trial by Jury is a statement to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, Defendant asserts the following defenses and reserves the right to assert other defenses and claims when and if they become appropriate and/or available in this action and to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action. By asserting these defenses, Defendant does not assume the burden of proof, production, or persuasion for any fact, issue, or element of a cause of action as to which the applicable law places that burden on Plaintiffs. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST DEFENSE

Plaintiffs fail, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs fail to adequately plead any of the alleged underlying conduct that Plaintiffs claim give rise to liability under the securities laws.

## THIRD DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1),

50

and otherwise fail to properly identify the alleged false or misleading statements of which Plaintiffs complain.

## FOURTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Consolidated Complaint in deciding to purchase AdaptHealth common stock.

## FIFTH DEFENSE

Defendant is not liable to the extent Plaintiffs did not purchase shares of AdaptHealth securities in the Secondary Offering, did not purchase AdaptHealth common stock traceable to the Secondary Offering, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any legally cognizable injury or damages resulting from any act or omission of the Defendants.  In the alternative, Plaintiffs' claims are barred, in whole or in part, because the damages alleged in the Consolidated Complaint are speculative, remote, and/or not subject to proof or allocation.

## SEVENTH DEFENSE

Defendant is not liable because to the extent Plaintiffs have been damaged at all, their failure to mitigate their damages bars recovery.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

51

## NINTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot prove that Defendant acted with scienter.

## TENTH DEFENSE

Plaintiffs do not have standing to assert the claims in the Consolidated Complaint.

## ELEVENTH DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims.

## TWELFTH DEFENSE

Plaintiffs are not adequate class action representatives.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not exercise due diligence.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to identify true corrective disclosures, and the truth was not revealed by the alleged corrective disclosures.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not omit or fail to state any material facts that were necessary in order to make any statement made by Defendant not false or misleading.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not make, or cause to be made, any statements that were false or misleading.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not know, or by using reasonable care could not have known, of any falsity.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs knew or should have known of some or all of the alleged misstatements or omissions.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs purchased AdaptHealth common stock with actual or constructive knowledge of the risks involved in an investment in AdaptHealth common stock, and thus voluntarily assumed the risk that the value of the securities would decline if such risk materialized.

## TWENTIETH DEFENSE

Defendant is not liable because he did not act knowingly or recklessly with respect to any alleged material misstatement omission.

## TWENTY-FIRST DEFENSE

Defendant is not liable because, at all times, and with respect to the matters contained herein, he acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Consolidated Complaint.

## TWENTY-SECOND DEFENSE

Defendant is not liable because some or all of the matters now claimed by the Consolidated Complaint to be the subject of misrepresentations or omissions were in fact disclosed, otherwise publicly available, or widely known to the market and to the investing community.

53

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred because any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by Defendant were not material as a matter of law to Plaintiffs' investment decisions.

**TWENTY-FOURTH DEFENSE**

Defendant is not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material to the investment decisions of a reasonable investor.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred because at all relevant times Defendant had no duty to disclose the allegedly admitted information.

**TWENTY-SIXTH DEFENSE**

Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between the alleged misstatements and omissions and any alleged underlying wrongdoing sufficient to create a duty to disclose.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were matters of opinion that, at the times those statements were made, were genuinely believed by the speaker and therefore are non-actionable.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were statements of corporate optimism or puffery that are non-actionable.

54

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred because certain statements challenged by the Consolidated Complaint were forward-looking statements identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and/or the bespeaks caution doctrine and, therefore, are non-actionable.

**THIRTIETH DEFENSE**

Defendant is not liable because he did not have knowledge of, or reasonable grounds to believe in, the existence of the facts by reason of which liability is alleged to exist.

**THIRTY-FIRST DEFENSE**

Defendant is not liable because Plaintiffs have not pled the required connection between the challenged statements and the alleged loss, and any loss suffered by Plaintiffs was not causally related to the misstatements alleged by Plaintiffs.

**THIRTY-SECOND DEFENSE**

Plaintiffs cannot recover from Defendant, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs will otherwise be unable to establish that they relied upon the purported misstatements and omissions alleged in the Consolidated Complaint.

## THIRTY-THIRD DEFENSE

Plaintiffs cannot recover against Defendant because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged were the cause of Plaintiffs' decision to purchase AdaptHealth common stock.

## THIRTY-FOURTH DEFENSE

Plaintiffs cannot recover from Defendant because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Consolidated Complaint.  Any depreciation in the market price or value of the securities in question resulted from factors other than the misstatements or omissions alleged in the Consolidated Complaint.

## THIRTY-FIFTH DEFENSE

Defendant is not liable because Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, laches, waiver, ratification, unclean hands, unjust enrichment, and/or other equitable doctrines.

## THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to recover attorney's fees, costs or expenses, or any other relief purportedly requested in the Consolidated Complaint.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred because the injuries and underlying wrongdoing alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendant, by the conduct of third parties for whom Defendant is not responsible, through forces in the marketplace over which Defendants have no control, or through acts or omissions by Plaintiffs.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because Defendant was not a control person under Section 20(a) of the Securities Exchange Act of 1934 or Section 15(a) of the Securities Act of 1933 and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## THIRTY-NINTH DEFENSE

Defendant may have additional unasserted defenses, and therefore hereby gives notice that he intends to rely upon any other affirmative defenses that may become available or develop during the discovery proceedings in this case, and hereby reserve the right to amend his Answer to assert any such affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

a.   dismiss Plaintiffs' Consolidated Complaint in its entirety, with prejudice, entering

judgment against Plaintiffs and in favor of Defendant on Plaintiffs' Consolidated

Complaint;

b.   deny each and every demand and Prayer for Relief contained in the Consolidated

Complaint;

c.   award Defendant his reasonable attorneys' fees and other costs and expenses

incurred in defending against this action; and

d.   grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of August, 2022.

GRIESING LAW, LLC

By: /s/ Melissa Hazell Davis
Francine Friedman Griesing (No. 48982)
Melissa Hazell Davis (No. 318298)
1880 John F. Kennedy Boulevard, Suite 1800
Philadelphia, PA 19103
215-618-3720

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Marjorie E. Sheldon (*pro hac vice* pending)
Ryan Gander (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York  10036
212-715-9100

*Attorneys for Defendant Luke McGee*

## CERTIFICATE OF SERVICE

I, Melissa Hazell Davis, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

/s/ Melissa Hazell Davis
Melissa Hazell Davis, Esq.

Dated: August 5, 2022

59