UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB <u>CLASS ACTION</u> STIPULATION AND PROTECTIVE ORDER |
| Plaintiffs, | ) ) ) | ELECTRONICALLY FILED |
| vs. | ) ) | |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, and JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants (collectively, the "Parties")[1] to the above-captioned action (the "Action") respectfully request that the Court issue a protective order to protect certain confidential, proprietary or private information that may be produced in the course of discovery in this Action. The Parties by and through their respective undersigned counsel hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## I.    DEFINITIONS

1.    **Challenging Party**. A Party or Non-Party that challenges the designation of Discovery Material as "Confidential" under this Stipulation and Order.

2.    **Confidential Discovery Material**. Any Discovery Material designated as "Confidential" pursuant to the terms of this Stipulation and Order.

3.    **Counsel**. All attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), including (i) those who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action, and (ii) those employed by a Party to perform or support legal functions, to whom disclosure of Protected Material is reasonably necessary in connection with the prosecution or defense of this Action.

4.    **Designating Party**. Any Party or Non-Party who designates information or items as "Confidential" pursuant to the terms of this Stipulation and Order.

5.    **Discovery Material**. Any information provided in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at

---

[1]    "Plaintiffs" refers to Lead Plaintiffs Delaware County Employees Retirement System and Bucks County Employees' Retirement System. "Defendants" refers to AdaptHealth Corp., Luke McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terrence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

depositions and transcripts thereof, deposition exhibits, responses and/or objections to discovery devices (*e.g.*, interrogatories, requests for admission, document requests), and tangible things, regardless of the medium or manner generated, stored, or maintained.

6.      **Expert and/or Consultant**.  A person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

7.      **Non-Party**.  Any person or entity that is not a Party to the Action.

8.      **Party**.  Any Party to the Action, including all of its officers, directors, and employees.

9.      **Personal Data**.  Sensitive personally identifiable information subject to protection under federal, state, or foreign data protection laws.  Personal Data may be treated as Protected Material under this Stipulation and Order, provided, however, that nothing herein shall be construed as waiving any objection any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international protocols rather than pursuant to the Federal Rules of Civil Procedure.

10.      **Privileged Material**.  Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity.

11.      **Producing Party**.  A Party or Non-Party that produces Discovery Material in the Action.

12.     **Protected Material**. Any Discovery Material that is designated as "Confidential," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Stipulation and Order or any other confidentiality agreement or undertaking).

13.     **Receiving Party**. A Party that receives Discovery Material from a Producing Party in the Action.

## II.     PURPOSES AND LIMITATIONS

1.     Subject to Section 4, all Discovery Material (including, but not limited to, Protected Material) shall be used solely for purposes of the prosecution or defense of this Action and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or public outside of court filings in this Action, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending, or final. Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Stipulation and Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and shall ensure that Discovery Material is: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described in Section 4 below. Each person who has access to Discovery Material that has been designated as "Confidential"" shall prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Stipulation and Order, to control access to, duplication of, and distribution of such material.

2.     The protections conferred by this Stipulation and Order and the limitations on the use of the information obtained during the course of discovery in this Action as set forth in this Stipulation and Order cover not only Discovery Material, but also information copied or extracted

- 3 -

therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  However, except as set forth in Section 6, this Stipulation and Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this Action.

3.      The obligations imposed by this Stipulation and Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

### III.    DESIGNATING DISCOVERY MATERIAL

1.      Any Producing Party, subject to this Stipulation and Order, may designate as "Confidential" Discovery Material that the Producing Party believes in good faith contains or reflects non-public personally sensitive information, financial, customer or client information, commercially sensitive information, trade secrets, or information that is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G), any other applicable Federal Rule of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection, or secrecy laws or regulations), or regulations governing the disclosure of government or agency documents.

2.      Nothing in this Order, however, prejudices in any way any objection to, or position concerning, production of the foregoing.

3.      Each Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate legal standards.

4.      With respect to physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures, and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" on each page of the relevant materials at the time of its production in a matter that will not interfere with legibility or audibility.  Excel spreadsheets, if

produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding placeholder TIFF bearing a document control number and the confidentiality designation, if any.

5.      With respect to deposition transcripts and exhibits, Counsel for any Party may designate as "Confidential" all or any portion of a deposition transcript, including any rough draft transcript, deemed to contain Protected Material.  The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Protected Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript of such deposition or other pretrial testimony.  The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated as "Confidential."  Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential Discovery Material.  Thereafter, only those portions of the transcript designated as "Confidential" shall be deemed Protected Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

6.      With respect to reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, the Party responsible for its creation shall affix the legend "CONFIDENTIAL" on the cover of the report.

7.      If prior to the trial of this Action, a Designating Party discovers that it has previously produced Discovery Material that it considers to be "Confidential" without affixing the appropriate legend(s) to such Discovery Material, or failed to designate deposition or other

testimony within the 30-day period provided for above, the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties, or in the event of a production by a Non-Party, all parties: (i) written notice of such designation; and (ii) properly reproducing copies of such Discovery Material with the new designation, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Stipulation and Order. The Receiving Party, or in the event of a production by a Non-Party, all Parties, must make a good faith effort to retrieve such Discovery Material if disclosed to persons not permitted by this Stipulation and Order. Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another Party in undesignated form, or designating as "Confidential" information that has previously been produced in undesignated form by another Producing Party or Non-Party.

8. Disclosure by the Producing Party of Discovery Material designated as "Confidential" regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

9. A Party or Non-Party may upward designate (i.e., change any Discovery Material produced without a designation of Confidential Discovery Material to Confidential Discovery Material) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's or Non-Party's Protected Material. Upward designation shall be accomplished by providing written notice to all Parties and/or Non-Parties identifying (by identification number or other individually identifiable information) the

Discovery Material pursuant to the procedures set forth in Section 8 regarding challenging designations.  When Discovery Material is upwardly designated, the Party or Non-Party upwardly designating that Discovery Material shall further deliver to the Receiving Parties, or in the event of a production by a Non-Party, all parties:  (i) written notice of such upward designation; and (ii) reproduce copies of such Discovery Material using the existing identification number but with the new designation, and include a load file containing the (a) identification number; (b) old designation; (c) new designation; and (d) designating party.

## IV.    ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

1.    Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purposes related to any other investigation, action, or proceeding, or evaluation of other potential claims not asserted in the Action.  Following the termination of this Action, each Receiving Party must comply with the provisions of Section 9 below.

2.    No person shall disclose, or cause another person to disclose, Protected Material to any other person except as provided in this Stipulation and Order.  A recipient of Protected Material may disclose, summarize, describe, characterize, or otherwise communicate or make available such Protected Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization, or communication is reasonably necessary for the prosecution or defense of this Action:

(a)     Counsel for the Parties in this Action, and the regular and temporary employees and service vendors of such Counsel (including outside copying services and outside litigation support services) assisting in the Action, provided, however, that in all instances, any disclosure is for use in accordance with this Stipulation and Order;

(b)     A Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Action, or, in the case of an individual Party, the Party himself or herself, provided that any such authorized representative who is not a Party or a current employee, officer or director of or attorney for such a Party shall execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c)     Its author, its addressee, or any other person indicated on the face of the document as having received a copy, provided that:  (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the person is not permitted to retain copies of the Confidential Discovery Material Discovery Material; and (iii) the person is explicitly informed by Counsel that this Stipulation and Order forbids him or her to disclose the Confidential Discovery Material Discovery Material except as permitted under this Stipulation and Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

(d)     Deponents, or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation, provided that:  (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purpose; (ii) the person is not permitted to retain copies of the Confidential Discovery Material; and (iii) the person is explicitly informed by counsel that this Stipulation and Order forbids him or her to disclose the Confidential Discovery Material except as permitted under this Stipulation and Order,

and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

(e)    Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to Counsel in connection with this Action, including consulting experts, provided that:  (i) any report created by such Expert or Consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation; and (ii) such Expert or Consultant has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    Court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(g)    The Court and its support personnel;

(h)    Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action, provided that such mediator, arbitrator, or other person has executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)    Relevant employees of or counsel to any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action;

(j)    Any other person agreed to by the Producing Party in writing; and

(k)    Any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

3.    Counsel for the Party showing Protected Material to any person required to execute a Non-Disclosure Agreement pursuant to this Section shall be responsible for obtaining such signed Non-Disclosure Agreement and retaining the original, executed copy thereof.

4.      Counsel for the Party that obtains the signed Exhibit A, as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties, Non-Parties, or the Court upon good cause shown.

5.      Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in this Section who have been shown Protected Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Protected Material was disclosed.

6.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately:  (i) notify in writing to the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Protected Material; (iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Stipulation and Order; and (iv) use best efforts to ensure that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Stipulation and Order, execute the Non-Disclosure Agreement in the form attached as Exhibit A hereto.

7.      This Order does not prohibit a Producing Party's use of its own Protected Material for any purpose.

8.      Every person or entity given access to Confidential Discovery Material or information contained therein:  (i) shall not make copies, duplicates, extracts, summaries, or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order; (ii) shall maintain the Protected Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure; and (iii) shall be advised by the Party providing

such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to such terms.

9.      This Stipulation and Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third parties.

## V.      FILING CONFIDENTIAL DISCOVERY MATERIAL

1.      A Party may not file in the public record in this Action any Confidential Discovery Material without written permission from the Producing and/or Designating Party or a court order secured after appropriate notice to all interested persons.  A Party that seeks to file under seal any Confidential Discovery Material must comply with Rule 5.1.5 of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania.  Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue. Confidential Discovery Material may be filed publicly if the Party seeking to file such material receives written permission from the Producing and/or Designating Party or requests permission from the Court to file the material under seal, and the Court denies the request on substantive, rather than procedural, grounds.  The date upon which the Confidential Discovery Material is appended to a motion to file under seal shall act as the date that such material is filed with the Court regardless of the date upon which the Court issues an order on the motion to file under seal.

2.      In certain instances, materials submitted to the Court may have been designated Confidential Discovery Material by another Party or Non-Party, and the filing Party may disagree or have no position with respect to whether sealing is appropriate.  In such instances, the filing Party shall comply with the procedures in Rule 5.1.5 of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, but shall indicate in its motion for permission to file under seal

that the confidentiality designation was made by another Party or a Non-Party. If the Designating Party is a Non-Party, such Designating Party shall also be served with copies of the motion and the unredacted materials submitted to the Court. Within seven (7) days thereafter, the filing Party and the Designating Party shall meet and confer in a good faith effort to narrow or eliminate the materials or information subject to the conditional filing. Within 14 days of the conditional filing, the Designating Party shall file a motion to seal not to exceed ten (10) pages of double-spaced 12-point font, specifying the portions of the Discovery Material to be sealed, setting forth the reasons why sealing is appropriate under the circumstances, and stating whether the motion is opposed. To the extent that the filing Party and Designating Party disagree as to whether sealing of any material is necessary, the Party opposing the sealing may file a response within five days, also limited to ten (10) pages of double-spaced 12-point font. The Discovery Material that is the subject of the motion to seal shall be treated as "Confidential" (as designated by the Designating Party) until the Court rules on said motion. If no motion to seal is timely filed, the Court may direct that the filings be made publicly available.

3.      All documents and materials filed on the Court's docket that contain Personal Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings which are comprised of or contain Personal Data or information taken therefrom, shall be filed under seal, subject to Court approval, and the same procedures outlines in Section 5, above.

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

5.      Sealed records that have been filed may be removed from the court docket by the Designating Party: (i) within ninety (90) days after a final decision disposing of the Action is

rendered if no appeal is taken; or (ii) if an appeal of the final decision is taken, within thirty (30) days after final disposition of the appeal.

## VI.    CLAWBACK OF PRIVILEGED MATERIAL

1.      It is the intent of the Parties to assert and preserve all information within the attorney-client privilege and/or entitled to work product protection.  Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in the Action or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or in part, by the attorney-client privilege or the attorney work-product doctrine, including, but not limited to, the joint-defense or common-interest doctrines, whether inadvertent or otherwise, shall not be deemed to be a waiver of those protections with respect to the Privileged Material, or the right to object to the production or disclosure of the Privileged Material in this Action or for any other purpose.  This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing herein is intended to be or shall serve to limit a Party's right to conduct a review of documents or other Protected Material (including metadata) for relevance, responsiveness, and/or segregation of Privileged Material.

2.      In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

3.      Upon notice that the Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party:  (i) shall promptly undertake commercially reasonable efforts to return to the Producing Party, destroy or sequester all summaries or copies of such Privileged Material (notwithstanding the final sentence of Section 2.2 regarding a Receiving Party's own

work product that reflects the Protected Material referred to in this Section), (ii) shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return, destroy or sequester such Privileged Material, (iii) shall inform the Producing Party as to whether disclosure of the clawed-back Discovery Material to another Party or Non-Party has been made, and (iv) shall not use such items for any purpose until further order of the Court.  In all events, such return, destruction, sequestration and certification must occur within ten (10) business days of receipt of the request.  The return, destruction or sequestration of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such documents previously were produced.

4.     If during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, the Party may at its sole election:  (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection; or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall return, destroy or sequester all copies of the purportedly privileged or protected document pursuant to this Section.  Immediately following the deposition, the Parties will commence the procedure outlined in this Section to address the claim or privilege or other protection and any related disputes.  Until any such disputes are resolved, all Parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as Privileged Material.

Additionally, the Parties agree, in the event of a production or disclosure of any Discovery Material in the Action or any other proceeding that the Producing Party subsequently claims contains, in full or in part, Personal Data that should be protected from discovery or disclosure, to meet and confer with respect to the appropriateness of and procedure for the claw back of such Personal Data.

**VII.    USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT**

1.    Unless applicable rules or the Court provides for different notice or procedure, if any Receiving Party plans to utilize any Protected Material at a court hearing or conference and the same Protected Material has been filed with the Court in accordance with Section 5 of this Stipulation and Order, the Receiving Party may utilize the publicly filed version, if any, of the Protected Material at such court hearing or conference without providing notice to the Producing and/or Designating Party.  The Receiving Party may also refer the Court to the sealed version of the Protected Material by ECF, Bates, or Exhibit number without providing notice to the Producing and/or Designating Party, but shall not describe or disclose the sealed content of the Protected Material unless (i) the Producing and/or Designating Party is given an opportunity to review the Protected Material either before or during the proceeding and waives the designation of the Protected Material for purposes of the proceeding, or (ii) the Court directs otherwise.

2.    If a Party plans to utilize Protected Material at a court hearing or conference and that same Protected Material has not been filed with the Court by any Party, the utilizing Party will use reasonable efforts to inform the opposing Party of its intent to use such Protected Material no later than 72 hours in advance of the court appearance.  The Parties will then use reasonable efforts to meet and confer regarding the proper treatment of the Protected Material.  Whether or not any such notice is given, the Party utilizing the Protected Material will provide the opposing Party with an opportunity to approach the Court in confidence, whether in Chambers or sidebar or such other

- 15 -

method as the Court shall direct, regarding the use of the Protected Material before reference is made to any such Protected Material.  Neither the use of Protected Material at closed or sealed hearings nor the improper use of Protected Material at public hearings shall cause such Protected Material to lose its status as Confidential Discovery Material.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any hearings, including petitioning the Court to close the courtroom.

3.      This Section of this Stipulation and Order does not address the use of Protected Material at trial and does not apply to the use of Protected Material following the completion of discovery with respect to Class Certification pursuant to the First Scheduling Order (ECF No. 62). The Parties agree to meet and confer following the completion of discovery with respect to Class Certification regarding the necessary revisions to this Section, if any, and the use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time.

## VIII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.      A Party may object to the designation of Discovery Material as "Confidential" at any time.  Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the designation of any Confidential Discovery Material by any Designating Party.

2.      In the event that a Receiving Party wishes to challenge the designation of any Discovery Material as "Confidential" or challenge a failure to so designate, the Challenging Party must do so in good faith and shall begin the process by notifying the Designating Party and all Parties to the Action in writing of its challenge, identifying the challenged material with as much specificity as reasonably practicable, including, for example, by identification number or categorically, where appropriate, and stating with particularity the grounds of the objection.  The

Challenging Party and the Designating Party shall within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed. If the Designating Party agrees to change a confidentiality designation, it must promptly notify all Receiving Parties that it is withdrawing the designation and reproduce the document without the designating legend. If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth above, the Challenging Party may seek relief from the Court (and the Designating Party may respond) in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation should be changed, the Parties shall immediately treat the material in accordance with the Court's change in designation, and the Designating Party shall reproduce copies of all materials with their designations changed in accordance with the ruling within ten (10) business days of the ruling.

## IX.    IMMEDIATE AND CONTINUING EFFECT

1.    This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

2.    This Stipulation and Order shall, absent written permission of the Producing and/or Designating Party or order of the Court, continue to be binding throughout and after the conclusion of the Action. Within sixty (60) days after receiving notice of entry of an order of judgment, or decree finally ending the Action, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, of the final disposition of the Action, including the time for appeal, all persons having received Protected Material shall either: (i) identify and destroy all such Protected Material, including all copies thereof, and certify to all Parties that all such materials have been destroyed; or (ii) return such materials to counsel for the Producing Party and

- 17 -

certify to all Parties that all such materials have been returned and not retained.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material under this Order, provided, however, that such Counsel shall maintain the confidentiality thereof pursuant to the terms of this Order.

## X.   LEGAL PROCESS

1.   If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof that seeks disclosure of any information or items designated in this Action as Protected Material by another Party, the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) business days after receipt unless production is required earlier than fourteen (14) business days after receipt, in which case the notice must be made within 72 hours after receipt.  In the event that the Receiving Party requires more time to determine whether notification is permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization than the notification deadlines set forth herein permit, the Receiving Party and the Designating Party shall meet and confer regarding an extension of the notification deadline, though in so doing the Receiving Party is neither required nor expected to disclose the identity or substance of the legal process at issue.

2.      The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to request to issue that some or all of the material covered by the subpoena or order is subject to this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (i) consents, or (ii) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Material subject to this Order, the Receiving Party shall inform the party that caused the discovery request, subpoena, order, or other form of legal process to request to issue that the Protected Material has been marked confidential under the terms of this Order.

3.      The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expense of seeking protection in that matter or proceeding of its Protected Material.  Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

4.    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation or some other form of legal process from any court, federal, or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Confidential Discovery Material.

## XI.   NON-PARTIES

1.    Any Non-Party from whom Discovery Material is or has been sought in this Action may obtain the protections of this Stipulation and Order by giving written notice to the Parties that it intends to be bound by the provisions of this Stipulation and Order and designating that its provision of Discovery Material is subject to this Stipulation and Order.

2.    The subpoenaing or requesting Party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Stipulation and Order and its right to obtain its protections.

3.    To the extent that any Non-Party produces Discovery Material in this Action that contains Protected Material of a Party to this Action, any Party may designate such Discovery Material as "Confidential" for purposes of this Stipulation and Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by Counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 60-day period, the Parties shall treat any Discovery Material produced by a Non-Party as Confidential Discovery Material.  Thereafter, only those portions of such Discovery Material designated as Protected Material shall be deemed as such.

4.    As soon as practicable, and in no case more than ten (10) business days after a Receiving Party's receipt of (i) Discovery Material produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, (ii) a request pursuant to the Hague Convention, or (iii) any

other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such court filings and/or Discovery Material available to all other Parties.

## XII.    VIOLATIONS OF PROTECTIVE ORDER

1.      In the event that any Party or person should violate the terms of this Stipulation and Order, the aggrieved Producing Party may apply to the Court to obtain relief against such Party or person violating or threatening to violate any of the terms of this Protective Order.  In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court.  The Parties and any other person subject to the terms of this Stipulation and Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XIII.    MISCELLANEOUS

1.      It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in the Action.  Nonetheless, the Parties hereto may modify the terms of the Stipulation and Order by agreement of all Parties in writing and approval by the Court.

2.      Entering into or agreeing to this Order, producing or receiving Protected Material or otherwise complying with the terms of this Stipulation and Order, shall not:

(a)      Operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

(b)      Prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Protected Material, in connection with this Action or any other proceeding;

- 21 -

(c)     Prejudice in any way the rights of a Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity of admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

(d)     Waive any applicable privilege, protection, or immunity;

(e)     Waive a Party's right to move the Court for an order allowing disclosure of Protected Material for good cause;

(f)     Prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Protected Material;

(g)     Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery material, so long as any alterations or waivers are made in writing and, with respect to alterations, signed in writing by all Parties; or

(h)     Affect, or be construed to affect, in any way the admissibility of any document, interrogatory response, or other evidence at hearings or trial of the Action.

3.     The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

4.     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Stipulation and Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

5.     This Stipulation and Order may be executed in any number of actual, telecopied, or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each

actual, telecopied, or emailed counterparty may be joined together and attached to one such original and shall constitute one and the same instrument.

6.      Pursuant to the Court's Policies and Procedures, the Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

SO STIPULATED AND AGREED.

DATED:  October 26, 2022

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)

_____

280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Fax: (610) 667-7056
azivitz@ktmc.com
hbass@ktmc.com

*Local Counsel for Plaintiffs*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Fax: (619) 231-7423
dougb@rgrdlaw.com
klavelle@rgrdlaw.com

*Lead Counsel for Plaintiffs*

- 23 -

DATED:  October 25, 2022           SAXTON & STUMP LLC
                                   STEVEN D. COSTELLO


                                   */s/ Steven D. Costello*
                                   ───────────────────────────────
                                   STEVEN D. COSTELLO

                                   100 Deerfield Lane, Suite 240
                                   Malvern, PA 19355
                                   Telephone: (484) 328-8500
                                   Fax: (484) 713-5241
                                   sdc@saxtonstump.com

                                   WILLKIE FARR & GALLAGHER LLP
                                   TODD G. COSENZA (admitted *pro hac vice*)
                                   ZEH S. EKONO (admitted *pro hac vice*)
                                   VINCENT P. IANNECE (admitted *pro hac vice*)
                                   787 Seventh Avenue
                                   New York, NY 10019
                                   Telephone: (212) 728-8000
                                   tcosenza@willkie.com
                                   zekono@willkie.com
                                   viannece@willkie.com

                                   *Attorneys for Defendants AdaptHealth Corp., Stephen
                                   P. Griggs, Jason Clemens, Frank J. Mullen, Richard
                                   Barasch, Joshua Parnes, Alan Quasha, Terence
                                   Connors, Dr. Susan Weaver, Dale Wolf, Bradley
                                   Coppens, and David S. Williams III*


DATED:  October 25, 2022           GRIESING LAW, LLC
                                   FRANCINE FRIEDMAN GRIESING
                                   MELISSA HAZELL DAVIS

                                   ───────────────────────────────
                                   MELISSA HAZELL DAVIS

                                   1880 John F. Kennedy Blvd, Ste. 1800
                                   Philadelphia, PA 19103
                                   Telephone: (215) 618-3720
                                   fgriesing@griesinglaw.com
                                   mdavis@griesinglaw.com

KRAMER LEVIN & FRANKEL LLP
DANI R. JAMES (admitted *pro hac vice*)
MARJORIE E. SHELDON (admitted *pro hac vice*)
RYAN GANDER (admitted *pro hac vice*)
117 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
djames@kramerlevin.com
msheldon@kramerlevin.com
rgander@kramerlevin.com

*Attorneys for Defendant Luke McGee*

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED: November 3, 2022          /s/ Harvey Bartle III
                                        THE HONORABLE HARVEY BARTLE, III
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address           of           my           present           employment           is

_____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Protective Order in this case signed by the Court governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential," and I will comply with all provisions of the Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Protected Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Protected Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of this case, I will return all Protected Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained or destroy all such Protected Material at the request of counsel for the party for whom I was employed or retained.

8.      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of any issue or dispute arising hereunder and that my intentional

- 26 -

violation of any term of the Protective Order could subject me to punishment for contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____    _____