**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:21-cv-03382-HB |
| Plaintiffs, | Hon. Harvey Bartle III |
| v. |  |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, |  |
| Defendants. |  |

**ADAPTHEALTH DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO ENFORCE SUBPOENA TO SUMZERO, INC.**

Defendants AdaptHealth Corp., Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (the "AdaptHealth Defendants"), by and through their counsel, respectfully submit this Memorandum of Law in Support of their Motion to Enforce Subpoena to SumZero, Inc. (the "Motion").

## INTRODUCTION

On September 12, 2022, the AdaptHealth Defendants served a subpoena (the "Subpoena") on SumZero, Inc. ("SumZero") requesting that SumZero produce certain documents relevant to this Action by September 27, 2022 (the "Return Date").  (Ex. A (Subpoena);[1] Ex. B (Proof of Service).)  After SumZero failed to produce any documents to the AdaptHealth Defendants or otherwise respond to the Subpoena by the Return Date, the AdaptHealth Defendants undertook extensive efforts to ensure that SumZero was aware of the properly served Subpoena, all of which SumZero has ignored.  SumZero's refusal to comply with the Subpoena has left the AdaptHealth Defendants with no choice but to seek this Court's assistance.  Accordingly, the AdaptHealth Defendants respectfully request that this Court order SumZero to comply with the Subpoena, including by producing the subpoenaed documents.[2]

## BACKGROUND

SumZero is a membership-based network of hedge funds, mutual funds, private equity funds, and other investors that claims to be "the world's largest community of investment

---

[1]  All exhibits are attached to the Declaration of Stephen J. Fleury, Jr. In Support of the AdaptHealth Defendants' Motion, dated November 4, 2022 ("Fleury Decl.").

[2]  This Court has jurisdiction to enforce the Subpoena because it was issued by this Court. *See* Fed. R. Civ. P. 45(a)(3); Fed. R. Civ. P. 45(f); *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 17-MC-102, 2017 WL 3334065, at *2 (E.D. Pa. Aug. 4, 2017) (citations omitted) ("This Court has recognized that '[t]he language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued the subpoena.'").

professionals."[3] SumZero allows members to access and exchange investment-related information and also offers other ancillary services, including capital introduction, buy-side career placement, and media placement. *Id.* SumZero is an active and fully operational entity as of the filing of this Motion, with its most recent Twitter post on November 3, 2022,[4] most recent Facebook post on November 2, 2022,[5] and most recent "idea" published on its website on November 3, 2022.[6]

SumZero is likely in possession of documents and information highly relevant to this Action because Jehoshaphat Research ("Jehoshaphat"), the short seller that published a report concerning AdaptHealth (the "Jehoshaphat Report"), is one of its "long-time members."[7] In addition, publicly available information suggests that SumZero has a relationship with Jehoshaphat beyond that of an ordinary SumZero member. For example, the Jehoshaphat Twitter account follows and is followed by the Twitter account for SumZero[8], and SumZero has publicly promoted Jehoshaphat's purported research in the past.[9]

For these reasons, on September 12, 2022, the AdaptHealth Defendants issued the Subpoena to SumZero (Ex. A) and successfully served it on SumZero's registered agent, Corporation Service Company (Ex. B). Nevertheless, SumZero did not respond to the Subpoena on or before the Return Date. Fleury Decl. ¶ 4. After waiting a week after the Return Date without any response, the AdaptHealth Defendants proceeded to contact SumZero by letter and phone in

---

[3] SumZero Home Page, https://www.sumzero.com/ (last visited Nov. 4, 2022).

[4] SumZero (@SumZero), TWITTER (Nov. 3, 2022, 3:08 PM), https://twitter.com/SumZero/status/1588246756856598528.

[5] SumZero, FACEBOOK (Nov. 2, 2022, 9:00 AM), https://fb.watch/gAiP4mmozq/.

[6] *Mix Telematics Limited Sponsored Adr*, SumZero Research (Nov. 3, 2022), https://www.sumzero.com/public/ideas/21092.

[7] Divya Narendra, FACEBOOK (June 9, 2022), https://www.facebook.com/SumZeroInc/community/.

[8] SumZero (@SumZero), TWITTER, https://twitter.com/SumZero (last visited Nov. 4, 2022).

[9] Divya Narendra, FACEBOOK (June 9, 2022), https://www.facebook.com/SumZeroInc/community/.

an effort to ensure that SumZero was aware of the properly served Subpoena.  Fleury Decl. ¶¶ 5–13.  Specifically, through their undersigned counsel, the AdaptHealth Defendants sent two letters to SumZero's headquarters (Exs. C–D) to which SumZero never responded.  Fleury Decl. ¶¶ 6, 8. The AdaptHealth Defendants even called multiple SumZero-affiliated phone numbers, leaving voicemails when possible.  Fleury Decl. ¶¶ 9–12.  None of these calls, including the one days before the filing of this Motion, have been answered or returned.  All of AdaptHealth Defendants' voluntary efforts have been to no avail as SumZero still has not complied with the Subpoena. Fleury Decl. ¶ 14.

## ARGUMENT

Rule 45(a) of the Federal Rules of Civil Procedure allows a party to a lawsuit to require a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  If the non-party wishes to oppose the Subpoena, it must do so in writing.  Fed. R. Civ. P. 45(d)(2)(B).  *See also* Fed. R. Civ. P. 45(e)(2).  Failure to timely object or otherwise respond to a subpoena entitles the issuing party to a court order requiring the subpoenaed party's full compliance with the subpoena. *See HMV Indy, LLC v. Inovateus Solar, LLC*, No. 2:20-mc-52-JDW, 2020 WL 3498259, at *1 (E.D. Pa. June 29, 2020) (citations omitted) (granting the issuing party's motion to compel, requiring the subpoenaed party's full compliance within two weeks where the subpoenaed party failed to timely object to the subpoena and was not in contact with the issuing party when the time to object passed).

Here, the AdaptHealth Defendants properly served the Subpoena seeking documents highly relevant to this Action.  The clear connections between SumZero and Jehoshaphat suggest that SumZero has documents and information relevant to the AdaptHealth Defendants' defenses,

including (i) the identity of the persons and/or entities behind Jehoshaphat and/or the Jehoshaphat Report, (ii) the public dissemination of the Jehoshaphat Report, (iii) the basis for, motive behind, and accuracy of the Jehoshaphat Report, and (iv) the identity of the persons and/or entities involved in a potential scheme to hedge against or short AdaptHealth common stock. Thus, there is no doubt that the Subpoena is well-within the permissible scope of discovery. *See SLB Enter., LLC v. AGI Corp.*, No. 11-MC-259, 2011 WL 6134542, at *2 (E.D. Pa. Dec. 8, 2011) (holding that a subpoena was permissible where it sought information potentially relevant to a party's counterclaim defenses); *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953, 2008 WL 1995298, at *4 (E.D. Pa. May 5, 2008) (citations omitted) ("[R]elevant discovery includes any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Yet, as of the filing of this Motion, SumZero has failed to comply with the Subpoena. It has not provided any response to the Subpoena. It has not asserted any objection. Nor has it moved for a protective order or otherwise sought to quash the Subpoena on any basis. The AdaptHealth Defendants are thus entitled to an order requiring SumZero to produce the subpoenaed documents. *See, e.g.*, *HMV Indy,* 2020 WL 3498259, at *1 (granting issuing party's motion to compel production of documents from subpoenaed party in the absence of timely objections); *Barnes Found. v. Twp. of Lower Merion*, No. Civ. A. 96-372, 1997 WL 169442, at *2 (E.D. Pa. Apr. 7, 1997) (same).

## CONCLUSION

For the foregoing reasons, the AdaptHealth Defendants respectfully request that this Court

enter the proposed Order directing SumZero to immediately produce the subpoenaed documents.

SAXTON & STUMP

By: /s/ Steven D. Costello
Steven D. Costello (No. 37288)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania  19355
(484) 328-8500

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

*Attorneys for AdaptHealth Corp.,
Stephen P. Griggs, Jason Clemens, Frank
J. Mullen, Richard Barasch, Joshua Parnes,
Alan Quasha, Terence Connors, Dr. Susan
Weaver, Dale Wolf, Bradley Coppens, and
David S. Williams III*

5

**<u>CERTIFICATE OF SERVICE</u>**

I, Steven D. Costello, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

        <u>/s/ Steven D. Costello</u>
        Steven D. Costello

Dated:  November 4, 2022