UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>LEAD PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT'S SCHEDULING ORDER |
| Plaintiffs, | ) ) ) | ELECTRONICALLY FILED |
| vs. | ) ) | |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

4856-4734-2422.v11

## I.    INTRODUCTION

Lead Plaintiffs Delaware County Employees Retirement System and Bucks County Employees' Retirement System ("Plaintiffs") bring this motion under the Court's Procedures, Local Rule 26.1, and Rules 26, 34, and 37 of the Federal Rules of Civil Procedure (the "Federal Rules") to compel the AdaptHealth Defendants[1] to comply with the Court's July 15, 2022 First Scheduling Order (ECF 62) and December 12, 2022 Second Scheduling Order (ECF 93) (the "Scheduling Orders"), and to set an April 30, 2023 substantial completion date for their document production.

Despite multiple orders from this Court stating that "[a]ll non-deposition discovery as it relates to the merits shall proceed at this time," the AdaptHealth Defendants have taken the position that merits and class "discovery cannot and will not move forward in tandem" (*see* Declaration of Kevin A. Lavelle filed herewith ("Lavelle Decl.") Ex. A at 3), and that they will only produce documents "in accordance with the relevant discovery deadlines", (Ex. B at 2). And despite the fact that they received Plaintiffs' document requests eight months ago and agreed to an electronic search protocol over two months ago, the AdaptHealth Defendants have produced a mere 20 documents in this litigation, consisting of six incomplete organizational charts, 13 documents about the corrective disclosures in the case (many of which are just duplicative components of longer email chains) and a records retention policy.  The AdaptHealth Defendants' strategy of delay is obvious.  Without a Court-ordered deadline for the completion of document production, the AdaptHealth Defendants will continue to trickle out documents in defiance of the Scheduling Orders, which the Court has already admonished as "totally unacceptable."

---

[1]    The "AdaptHealth Defendants" refer to Defendants AdaptHealth Corp., Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

4856-4734-2422.v11

Plaintiffs' request for an April 30, 2023 substantial completion date is reasonable. It is a full nine months from when Plaintiffs served Defendants with their First Request for Production of Documents and almost four months from when the parties reached an agreement on custodians and search terms. The AdaptHealth Defendants have represented that "it is not possible at this time for us to provide a date by which our productions will be complete."[2] But like the pace of the AdaptHealth Defendants' document production to date, this position this far into the litigation is untenable. Without a specific order compelling the AdaptHealth Defendants to produce documents by a date certain, Plaintiffs will continue to suffer prejudice from these delay tactics.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This securities fraud class action concerns, in large part, Defendants' failure to disclose that the Company's then-CEO, Luke McGee – who helmed AdaptHealth's rapid growth – was the subject of criminal and civil investigations and lawsuits concerning his involvement in a tax fraud that bilked Denmark and others out of billions of dollars in tax refunds (¶¶3, 15-24),[3] and Defendants' failure to disclose that its organic growth had turned negative. ¶¶2, 25-33.

After denying Defendants' motion to dismiss the Complaint on June 9, 2022, the Court entered the First Scheduling Order on July 15, 2022 and set a December 30, 2022 deadline for class certification discovery. The order was clear on merits discovery – "[a]ll non-deposition discovery as it relates to the merits shall proceed at this time." ECF 62 at 2. Plaintiffs served their First Request for Production of Documents on July 1, 2022. Despite this, the AdaptHealth

---

[2]    The parties have met and conferred and reached an impasse. After stating that it was "not possible at this time . . . to provide a date," Defendants offered September 15, 2023 as their proposed substantial completion date, which is 14 months after Plaintiffs served their document requests. The Court discussed these issues with the parties during the conference call on February 9, 2023. Lavelle Decl., Ex. C at 6.

[3]    "¶__" and "¶¶__" refer to paragraphs in the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). ECF 19. Emphasis added, unless otherwise noted.

4856-4734-2422.v11

Defendants refused to propose custodians or search terms for the identification of potentially responsive documents until Friday, November 4, 2022 – *four months later*. Lavelle Decl., Ex. C at 12.

Plaintiffs then responded with their search term counter-proposal just five days later on November 9, 2022. *Id*. at 11-12. On November 11, 2022, the day after the AdaptHealth Defendants produced organization charts for the company, Plaintiffs made their custodian counter-proposal. *Id*. at 10-11. The AdaptHealth Defendants did not respond to Plaintiffs' proposals until January 6, 2023 – *two months later* – despite Plaintiffs' repeated requests to do so. *Id*. at 9-10. On January 10, 2023, Plaintiffs agreed to the AdaptHealth Defendants' terms to prevent further delay. *Id*. at 9.

On November 28, 2022, Defendants requested that the Court extend the deadline for class certification. Following a conference with the Court on December 12, 2022, wherein the Court expressed concern about the pace of merits discovery, the Court extended the deadline for class certification 60 days and noted that there had been "enough delay" in discovery. The Court issue its Second Scheduling Order the same day, reiterating that "[a]ll non-deposition discovery as it relates to the merits shall proceed at this time." ECF 93 at 2.

On February 9, 2023, at the AdaptHealth Defendants' urging, the Court held a telephonic conference to discuss the status of class certification discovery, including the AdaptHealth Defendants' request for yet another extension of the class certification schedule, which the Court denied. During the conference, upon being told that the AdaptHealth Defendants had produced only six incomplete organization charts, the Court stated that this was "totally unacceptable," and that the intention of the Second Scheduling Order was that merits discovery would go forward, specifically referencing paragraph 6 of the Second Scheduling Order.

4856-4734-2422.v11

On February 28, 2023, after the AdaptHealth Defendants stated that "it is not possible at this time for us to provide a date by which our productions will be complete," Plaintiffs requested that the AdaptHealth Defendants agree to a substantial completion date of April 30, 2023. Lavelle Decl., Ex. C at 5-6. On March 8, 2023, the AdaptHealth Defendants countered with a substantial completion date of September 15, 2023 – *fourteen months* after Plaintiffs' first document requests were served – on the condition that "a class is certified and the action continues." *Id*. at 2. On March 9, 2023, Plaintiffs offered a May 31, 2023 substantial completion date as a compromise. The AdaptHealth Defendants have not responded to that offer. *Id*. at 1.

In sum, nine months into discovery, and despite the Court's urging, the AdaptHealth Defendants have produced a total of just 20 documents to date. The majority of those documents (13 of 20) are duplicative components of email chains concerning the alleged corrective disclosures that were not produced until March 3, 2023 – after the February 28, 2023 cut-off for class certification-related discovery, despite the AdaptHealth Defendants' representation to the Court that such "price impact" related documents would be produced by February 28.

## III.    ARGUMENT

### A.    Legal Standard

Pursuant to the Federal Rules, if a party fails to obey a discovery order, "the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Court's remedial powers are broad and include the power to prevent the delay strategy that Plaintiffs are facing. *See Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 90-91 (D.N.J. 2006) (sanctioning defendants under FRCP 37(b)(2)(A) who "employed an obstructionist approach to discovery").

### B.    The AdaptHealth Defendants Have Disobeyed the Spirit of the Court's Scheduling Orders

Despite the Court's repeated orders and statements that class certification and non-deposition discovery proceed in tandem, the AdaptHealth Defendants have unilaterally imposed a

- 4 -

bifurcated schedule on the parties by producing only 14 substantive (but largely duplicative) documents over the course of nine months of discovery. The AdaptHealth Defendants have stated, expressly, that they will not produce documents unless there is a deadline in place for them to do so. The status of their document production in the face of two Scheduling Orders and admonishments by this Court demonstrate that they meant what they said – that they will only "produce . . . other documents in accordance with the relevant discovery deadlines in this Action." Lavelle Decl., Ex. B at 2. And the AdaptHealth Defendants' meager 14 document production on March 3, 2023 (documents they said would be produced on February 28) confirms that the AdaptHealth Defendants will, at best, trickle out documents at a snail's pace.

It is clear that the AdaptHealth Defendants have elected not to cooperate in the discovery process. To date, neither the Scheduling Orders nor the admonishments by this Court during conferences with the parties have compelled the AdaptHealth Defendants to meaningfully produce documents during nearly nine months of discovery. A deadline is required. Plaintiffs respectfully request that the Court set an April 30, 2023 deadline for the substantial completion of document discovery, which gives the AdaptHealth Defendants more than enough time to complete their review and produce responsive documents. Any complaint by the AdaptHealth Defendants that their document review only began in January of this year is due solely to their six month long strategic delay in refusing to provide search terms and custodians or timely respond to Plaintiffs' counter-proposals at the start of discovery. An extended period will simply reward the AdaptHealth Defendants for engaging in gamesmanship.

## IV.    CONCLUSION

To avoid further delay and prejudice to Plaintiffs, Plaintiffs request that the Court compel the AdaptHealth Defendants' compliance with its Scheduling Orders and set a substantial completion date of April 30, 2023 for the AdaptHealth Defendants' document productions.

4856-4734-2422.v11

DATED:  March 13, 2023                 Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)


                    s/ KEVIN A. LAVELLE
                      KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Lead Plaintiffs

- 6 -

4856-4734-2422.v11

<u>CERTIFICATION PURSUANT TO LOCAL RULE 26.1(F)</u>

I hereby certify that the parties, after reasonable effort, were unable to resolve the disputes that are the subject of this motion. The parties conferred and communicated about these issues through correspondence multiple times, including on February 21, 2023, February 27, 2023, February 28, 2023, March 3, 2023, March 6, 2023, March 8, 2023, and March 9, 2023.

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

4856-4734-2422.v11

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: klavelle@rgrdlaw.com

4856-4734-2422.v11

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **ALLISON A. BERKOWITCH**
  ABERKOWITCH@WILKE.COM

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Todd Cosenza**
  tcosenza@willkie.com,mao@willkie.com

- **MELISSA HAZELL DAVIS**
  mdavis@griesinglaw.com,dpotts@griesinglaw.com

- **Zeh S. Ekono**
  zekono@willkie.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **RYAN GANDER**
  RGander@KRAMERLEVIN.com

- **FRANCINE FRIEDMAN GRIESING**
  fgriesing@griesinglaw.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANI R. JAMES**
  djames@kramerlevin.com

- **KEVIN A. LAVELLE**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com,bengfelt@rgrdlaw.com

- **MARGOT G. MOONEY**
  MMOONEY@WILLKIE.COM

- **MATTHEW MUSTOKOFF**
  mmustokoff@ktmc.com,5558085420@filings.docketbird.com,mswift@ktmc.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **MARJORIE E. SHELDON**
  MSheldon@KRAMERLEVIN.com

- **JOSEPH J. TULL**
  jtull@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com,rhrouda@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)