# EXHIBIT A

**From:** Kevin Lavelle
**To:** "Iannece, Vincent"; Doug Britton; Joseph Tull
**Cc:** Ekono, Zeh S.; Tayer, Madeleine; Connolly, Michaela
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp. - Meet and Confer re Lead Plaintiffs" R&Os to Defendants" First FRPs
**Date:** Thursday, September 22, 2022 1:57:17 PM

Hi Vinny,

Plaintiffs have not changed their position. As stated in my September 3 email to you: "As discussed at length during our meet and confer, in addition to those specific documents we identified and agreed to produce in our responses and objections, plaintiffs will produce non-privileged, non-public documents related to AdaptHealth or Luke McGee during an agreed-to time period pursuant to an agreed-to ESI protocol.  Additionally, as a compromise, we would be willing to include in that search documents concerning Jehoshaphat and the other individual defendants, as you requested, provided that we can reach some agreement." That remains our position, and there is nothing unclear about it.

Contrast that with your September 9 email, which makes, for example, the blanket statement that plaintiffs will "produce non-privileged documents responsive to Request Nos. 2, 3-5, 8, 10-20, and 22-33" without any of the limitations we discussed or that were included in our responses and objections. That is plainly not what plaintiffs proposed or agreed to do. We are happy to discuss the categories of requests you identified, and if there are specific requests you'd like to discuss further, please let us know which ones. Due to conflicts and prior obligations, please let us know your availability this coming Wednesday or later in the week to discuss.

Regarding the balance of your email, you state that "discovery cannot and will not move forward in tandem." Defendants' position, however, appears to be in direct violation of the Court's explicit order that "[a]ll non-deposition discovery as it relates to the merits shall proceed at this time."  ECF 6.  And putting aside any disagreement regarding "merits" vs "class" discovery, defendants themselves are not excused from "class" discovery, which undisputedly overlaps with the merits. Accordingly, we agree that this issue should be raised with the Court, and we would like to discuss the best method to do so during our meet and confer.

It bears repeating that we remain willing and able to start discussions with defendants regarding the search for ESI and the production of responsive documents that do not require search terms to identify and produce. Defendants' unwillingness to do the same appears to fit into the broader pattern of delay plaintiffs have long flagged as an apparent defense strategy in this case. It is indeed troubling that, as your email suggests, defendants do not appear close to being in a positon to discuss their own document production, let alone producing any documents, despite the fact that plaintiffs served document requests on them nearly 3 months ago, on July 1, nearly three weeks **before** defendants' own document requests to plaintiffs were served.

To be clear, however, plaintiffs do not foresee any issues preventing them from producing their own documents in compliance with the Court's deadlines. And while plaintiffs do not expect discovery to proceed perfectly in tandem, defendants' withholding of basic documents, such as organizational charts, board materials and insurance policies, and refusal to begin the process of discussing ESI

1

related issues, signals to us gamesmanship and more delay tactics. It is clearly unacceptable.

Regarding Requests Nos. 13, 15-17, we will meet and confer during our call, as you requested. In addition, you stated that "information regarding plaintiffs' other trading practices is relevant to several issues, including but not limited to the issue of typicality on class certification." But you have not explained how the information support your conclusion. Please provide an explanation and the authority that forms the basis of your claim so that we may consider it.

Regarding Request No. 9, our objections are stated in our responses and objections and in my September 3 email to you. We look forward to hearing your explanation, which you have not yet provided, regarding how such information is relevant to defendants' claims or defenses. The information plaintiffs requested regarding other frauds by defendants is of course relevant to their intent in this case, that defendants' fraudulent acts here were not a matter of mistake, and defendants' 9th, 18th, and 21st affirmative defenses, among others.

Finally, given that you concede each is an absent class member, it is unclear why you will not meet and confer with us regarding those subpoenas, given that, as lead counsel and putative class counsel, we have an interest in potentially improper discovery directed to absent class members. Since you refuse to meet and confer with us, we intend on moving the Court for an order quashing the subpoenas or for a protective order from such discovery and will note that you declined to meet and confer with us.

-Kevin

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Wednesday, September 21, 2022 9:07 AM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>; Connolly, Michaela <MConnolly@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp. - Meet and Confer re Lead Plaintiffs' R&Os to Defendants' First FRPs

EXTERNAL SENDER
Kevin,

To start, your contention that our September 9, 2022 email "attempts to re-characterize the scope of documents plaintiffs agreed to produce during our meet and confer" is false.  The September 9 email acknowledges and restates the categories of documents plaintiffs explicitly agreed to produce, either during the meet and confer or in your September 3, 2022 correspondence.  If the September 9 email's recitation is incorrect, it is because plaintiffs have now changed their position.  To avoid further ambiguity, we would like to schedule a meet and confer to discuss the outstanding issues over the phone.  So that there is no confusion or misunderstanding about the issues that you should be prepared to discuss, we include a preliminary list at the end of this email.  Please let us know your

2

availability this week.

In the interim, we will address the remaining points in your latest email.

*First*, discovery cannot and will not move forward in tandem.  By failing to provide us with your proposed search terms, you are holding up class discovery and we will not hesitate to inform the Court of the same.  The parties are situated differently not only in terms of merits versus class discovery and the relevant deadlines, but with respect to the scope of discovery required from each party.  If plaintiffs hold firm in their position that reciprocal discovery is required, let us know as soon as possible so we can raise this with the Court.  If discovery proceeds at the present rate, it will be impossible for class discovery to be completed by the year's end and for defendants to have an adequate opportunity to prepare and submit their opposition.  The Court issued its scheduling order over two months ago and plaintiffs have not produced a single document.  As we have noted several times (and as reflected by the list at the end of this email), it is still not even clear what plaintiffs will produce.  Plaintiffs bear the burden of clearly explaining what they will or will not produce.  To date, you have not done so.  We are willing to begin preparing search terms, but we are not in a position to agree to any terms until document collection is complete and we have an opportunity to actually test the terms.  Any search terms we propose now would be purely hypothetical.

*Second*, as to Request Nos. 13, 15-17, our September 9 email does not state that we demand "all" documents concerning plaintiffs' investments, agreements and policies concerning companies other than AdaptHealth.  Instead, the September 9 email states that we are willing to meet and confer regarding plaintiffs' non-AdaptHealth investments and investment practices, including any investment policies and/or agreements with other investment advisors, and that our expectation is that, at the very least, in response to these requests plaintiffs should "identify each of their other investment advisors, to the extent any exist, so that the AdaptHealth Defendants can pursue discovery through other avenues."  Please let us know your position on the same.  However, for the avoidance of doubt, information regarding plaintiffs' other trading practices is relevant to several issues, including but not limited to the issue of typicality on class certification.

*Third*, the AdaptHealth Defendants' objection to your vague and overbroad request regarding communications, requests by or actions of any federal or state regulatory body has no bearing on your discovery obligations regarding defendants' request for similar information.  As we have explained to you numerous times, despite your continued requests for universal reciprocity, the parties are not similarly situated in what is relevant as to each.  Specifically, the issues that are relevant as to lead plaintiffs with respect to class certification are not the same as those that are relevant as to the defendants with respect to the merits.  With that in mind, we narrowed our request to seek only the most salient information.  You have not done the same, nor have you stated the basis for your objection to our amended Request No. 9.  Please do so.

*Finally*, as to the third-party subpoenas served on absent class members, we appreciate your willingness to meet and confer but we view that as unnecessary.  Our understanding is that each of these class members has separate counsel, and we intend to meet and confer with them in the ordinary course.

3

**Meet and Confer Issues**

1. Please confirm that you will search for, using agreed-upon search terms (and other agreed-upon search parameters such as custodians and date range), and produce non-privileged documents responsive to the following requests:
   - Request Nos. 2-4
   - Request No. 6
   - Request Nos. 10-20
   - Request No. 22
   - Request Nos. 27-33

2. Please confirm that the following document requests fall within the scope of the statement in your September 19, 2022 letter that "[t]o the extent defendants have requested specific document types that the parties agree are within the permissible scope of discovery, plaintiffs have already agreed to search for and produce those documents, even if they were created outside plaintiff's proposed relevant time period" and thus will be produced irrespective of any agreed-upon date range:
   - Request No. 1
   - Request No. 21
   - Request No. 24
   - Request No. 25
   - Request No. 26
   - Request Nos. 34-36

3. Please clarify your position regarding Request No. 7. Your September 3, 2022 email stated that "[W]e agreed to determine if either client possesses non-public responsive deposition transcripts not subject to a confidentiality order to understand if we have a dispute." We do not understand what, if anything, you are agreeing to produce in response to this Request.

4. Please confirm that you are unwilling to identify each of Plaintiffs' other investment advisors, to the extent any exist, so that the AdaptHealth Defendants can pursue the discovery sought through Request Nos. 13 and 15-17 through other avenues.

5. Please confirm that you are also refusing to produce documents in response to the following document requests and clarify the basis for your position:
   - Revised Version of Request No. 9 provided on August 26, 2022
   - Request Nos. 13, 15-17 (to the extent they seek documents concerning transactions besides AdaptHealth)

6. Please confirm that you are unwilling to search for any documents responsive to the following document requests after November 22, 2021, not even to confirm that no such documents exist:
   - Request No. 5
   - Request No. 8

4

- Request No. 23

Best,
Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Monday, September 19, 2022 9:41 AM
**To:** Iannece, Vincent <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp. - Meet and Confer re Lead Plaintiffs' R&Os to Defendants' First FRPs

**\*\*\* EXTERNAL EMAIL \*\*\***

Vinny,

We write in response to your September 9, 2022 email.  First, regarding the relevant time period for the parties' document discovery in this action, we will respond to Zeh's September 9, 2022 letter concerning that issue.

Second, regarding privilege logs, we agree to your proposal that communications between the parties and their counsel in this action withheld on attorney-client privilege or work product grounds need not be logged after September 27, 2021.

Third, and as a general matter, your email attempts to re-characterize the scope of documents plaintiffs agreed to produce during our meet and confer. My September 3 email, however, clearly sets out what we have agreed to produce, which, along with this email, states our positions on these issues. Regarding your request that plaintiffs propose search terms, as we previously offered, we are prepared to begin search term discussions when defendants are also in a position to propose their search terms. Please let us know when you would like to begin.

Fourth, putting aside your characterizations of what plaintiffs have agreed to produce, which we have already addressed above, we agree that the parties can begin producing documents that do not require search terms, or other ESI parameters, to identify.  Please let us know when defendants are in a positon to begin producing documents categorically, such as (for example) board materials,

5