# EXHIBIT C

| | |
|---|---|
| **From:** | Joseph Tull |
| **To:** | "Iannece, Vincent" |
| **Cc:** | Kevin Lavelle; Doug Britton; Ben Engfelt; Ekono, Zeh S.; Tayer, Madeleine |
| **Subject:** | RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants" Proposed Search Protocol |
| **Date:** | Thursday, March 9, 2023 2:38:27 PM |

Vinny,

The AdaptHealth Defendants' delay is well-documented in the record, and their production of just 14 substantive documents to date underscores this fact.  Your claim that your review for "price impact" documents "yielded no responsive documents" is belied by the fact that your belated March 3, 2023 production (consisting of only 14 documents) included communications about corrective disclosures in this case and AdaptHealth's stock price reaction to those disclosures.  Plaintiffs have made it clear for months that such communications are examples of "price impact" documents, and yet, these were not produced by February 28, 2023, as the AdaptHealth Defendants told the Court they would be.

Thus, a substantial completion deadline is necessary to ensure that the AdaptHealth Defendants actually begin to engage in merits discovery.  Your email below, suggesting a substantial completion date of September 15, 2023 – more than 14 months after Plaintiffs' request for production was served – that is contingent on the class being certified is unacceptable.  The Courts' orders have been clear that merits and class discovery will proceed in tandem, not after class certification.  We are willing to consider a substantial completion date of May 31, 2023.  Please confirm your acceptance by end of day Friday, March 10, 2023, or we will move the Court to impose that date.

Regarding the AdaptHealth Defendants' interrogatory response, as you already know, the Q4 2020 true organic growth metric goes straight to the heart of Plaintiffs' allegations that AdaptHealth's disclosures regarding the Company's Q4 2020 organic growth were false and misleading.  And, as Plaintiffs have pointed out repeatedly, the interrogatory clearly requested AdaptHealth's quarter-over-quarter organic growth information, including for Q4 2020.  Inexplicably, though, AdaptHealth did not provide that information, despite providing it for Q3 2020 and Q1 2021 in its last amended responses.  As Plaintiffs have previously noted, it should not take three sets of amended responses for AdaptHealth to provide this basic information.

AdaptHealth's response that it will get back to us "in a few weeks" is plainly insufficient.  AdaptHealth does not get to unilaterally determine the pace of discovery.  Because this interrogatory was propounded over seven months ago, and because AdaptHealth refuses to provide a date certain by which it will inform Plaintiffs if the requested information will be provided or, if so, when it will be provided, it is clear we have reached an impasse and Court intervention is required.

- Joe

**Joseph J. Tull**
**Associate**

1



655 West Broadway, Suite 1900
San Diego, CA 92101
619/231-1058

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Wednesday, March 8, 2023 6:06 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Doug Britton <DougB@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Kevin,

Once again, your continued accusations of strategic delay are belied by the facts.  While also simultaneously conducting class certification discovery (including preparing for four depositions) and preparing the AdaptHealth Defendants' brief in opposition to plaintiffs' motion for class certification - for each of which you refused to consent to a requested extension - at your request, the AdaptHealth Defendants prioritized a review of "price impact" documents.  Although such a review yielded no responsive documents, the AdaptHealth Defendants made an initial production of documents otherwise responsive to plaintiffs' merits requests last week.  The review of the remaining documents hitting on search terms (a population of approximately 500,000 documents) is underway and the AdaptHealth Defendants have committed to making rolling productions from this point forward.  Accordingly, by your own stated reasoning, a substantial completion deadline is not necessary – particularly when the parties are several months away from a decision on class certification.  Notwithstanding the foregoing, taking into consideration the time that will be needed to complete the review of such a substantial volume of documents, the AdaptHealth Defendants would be amenable to agreeing to a substantial completion deadline of **September 15, 2023**, in the event that a class is certified and the action continues.

With respect to your new request for a further amendment to the Company's interrogatory responses, we continue to discuss the issue with our client, including investigating whether such information was calculated contemporaneously.  We would appreciate an explanation of why the additional information you're requesting on this third chance is relevant, within the scope of the plain language of your interrogatory request, and was not requested during the initial meet and confer process, including when we requested specificity regarding the format of the metric being requested.  Regardless, we will let you know whether the Company intends to amend within the next few weeks.  The information that you have requested regarding organic growth has no bearing on class certification, and there is no urgency to your request.

Best,

Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Monday, March 6, 2023 4:05 PM
**To:** Iannece, Vincent <VIannece@willkie.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Doug Britton <DougB@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

**\*\*\* EXTERNAL EMAIL \*\*\***

Vinny,

Vinny, we disagree with your below characterizations regarding how discovery has proceeded and believe the record is clear. The AdaptHealth Defendants producing just 14 documents after nearly two full months of review since the parties agreed on search terms only underscores their strategic delay in this case. Please provide the AdaptHealth Defendants' proposal by Wednesday or we will move the Court to unilaterally impose one. Similarly, our request that AdaptHealth amend its interrogatory response has been pending for going on two weeks. Please provide a response by Wednesday or we will move the Court to compel the Company's response.

-Kevin

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Friday, March 3, 2023 5:37 PM
**To:** Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Joe,

Lead Plaintiffs continue to mischaracterize the status of discovery in this action, including in their remarks made to the Court during our most recent Court conference.  Once again, when the PSLRA

3

stay of discovery was lifted or the initial set of document requests were served is of no moment. The AdaptHealth Defendants engaged in a good faith meet and confer process for a number of months, which culminated in an agreed-upon search protocol less than two months ago.  Since that time, the AdaptHealth Defendants have undertaken efforts to review the 500,000 documents hitting on your incredibly overbroad requests and, at your insistence, have prioritized reviewing documents potentially responsive to your "price impact" request.  Despite your contentions, the AdaptHealth Defendants have never stated that documents will not be produced until a substantial completion of merits discovery deadline is set.  In fact, we made an initial production earlier today and have committed to making rolling productions from this point forward.  Notwithstanding the foregoing, we are considering your request to reach some agreement on a potential deadline for the substantial completion of documents.  We wish to remind you that any such deadline will need to account for, among other things, the substantial volume of documents.  We expect to get back to you with our position once we have had an adequate opportunity to consult with our clients and counsel for Defendant McGee.

With respect to the interrogatory requests, as indicated in our email on Monday, while we continue to believe our response has satisfied the request, we will take your request back to our client for further discussion and consideration.  We will get back to you with the Company's position.

Best,
Vinny


**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

---

**From:** Joseph Tull <JTull@rgrdlaw.com>
**Sent:** Tuesday, February 28, 2023 8:02 PM
**To:** Iannece, Vincent <VIannece@willkie.com>
**Cc:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

**\*\*\* EXTERNAL EMAIL \*\*\***

Vinny,

The PSLRA discovery stay ended in June 2022 – nine months ago. The fact that the AdaptHealth Defendants have not produced any documents of substance to date in this litigation is, in the Court's terms, "totally unacceptable" no matter how you count the days. Despite repeated orders from the

4

Court that document discovery should proceed, defendants have delayed document production for too long. Now the AdaptHealth Defendants state that there are no responsive documents concerning the impact the announcement of McGee's indictment or the Jehoshaphat report had on the Company's stock price, despite prior representations that those documents would be produced. It is thus apparent that a Court-ordered substantial completion date for document production is necessary to ensure the timely completion of document discovery.  We disagree that, as you say, it is "not possible" to provide an anticipated date by which document discovery can be completed, especially concerning that we reached an agreement on custodians and search terms in January. Please let us know by close of business this Friday if Defendants will agree an April 30, 2023 substantial completion date for their document production, which is nine months from when plaintiffs served their document requests and four months from when the parties reached an agreement on custodians and search terms.  Plaintiffs are willing to consider an alternative proposal by Defendants provided, of course, that it is reasonable.

Plaintiffs' interrogatories requested quarterly data on AdaptHealth's organic growth. Defendants have provided such information for both the third quarter of 2020 and the first quarter of 2021, but inexplicably have not provided that same information for the 4th quarter of 2020. It should not require the better part of a year of discovery and three sets of amended interrogatory responses for Plaintiffs to obtain this basic information.  Please also let us know by the close of business this Friday if Defendants will agree to provide this information and the date by which it will be provided.

Regards,
Joe

**Joseph J. Tull**
**Associate**

655 West Broadway, Suite 1900
San Diego, CA 92101
619/231-1058

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Monday, February 27, 2023 6:45 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Kevin,

While it is true that discovery has been ongoing since July 2022 (approximately **seven** months), as

you are well aware the parties only reached agreement on a search protocol with respect to the AdaptHealth Defendants' document review and production on January 10, 2023 – a protocol which yielded a review universe of more than 500,000 documents.  Accordingly, it was not possible for any review for responsive documents to have begun any sooner, and any insinuation otherwise (including by pointing, incorrectly, to the start of discovery) is disingenuous.  In any event, as demonstrated by your response below, it was understood that the AdaptHealth Defendants would prioritize a review of documents hitting on agreed-upon search terms related to Lead Plaintiffs' request for documents concerning "price impact," which Lead Plaintiffs have confusingly insisted are relevant to class certification.  We can confirm that this review has completed, and that there are no documents responsive to this request, as the request was understood by the AdaptHealth Defendants.  However, the AdaptHealth Defendants will be making an initial production of documents otherwise responsive to Lead Plaintiffs' merits requests by no later than March 3rd, and subsequent productions of responsive documents will be made on a rolling basis until our document review has completed.  Given the volume of the review population, it is not possible at this time for us to provide a date by which our productions will be complete.

Additionally, with respect to your request for a further amendment to AdaptHealth's interrogatory responses, AdaptHealth served its latest responses on November 18, 2022.  You've had more than 3 months to follow up on those responses and did not.  In addition, AdaptHealth has already amended its responses twice in response to your evolving request for information not clearly articulated in your interrogatory.  The Second Amended Responses more than adequately address the interrogatory request; nevertheless, we will take your request back to our client for further discussion and consideration.

Best,
Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Tuesday, February 21, 2023 12:47 PM
**To:** Iannece, Vincent <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

**\*\*\* EXTERNAL EMAIL \*\*\***

Vinny, thanks for the response. Given that document discovery has been ongoing for nine months,

and the AdaptHealth Defendants have only produced a few pages of incomplete organizational charts, we would appreciate an update this week on when they believe their document productions will both start and be complete. Based on the February 3rd letter and remarks during the subsequent Court conference, we understand the AdaptHealth Defendants are aiming to produce documents related to price impact by February 28, but that does not provide any insight into the timing of the broader document production.

Separately, we request that AdaptHealth amend its Second Amended Responses and Objections to Plaintiffs' First Set of Interrogatories to include the requested information concerning the company's Organic Revenue for the 4th Quarter of 2020. Such information was specifically requested, but not provided in AdaptHealth's response. Given this, and the fact that AdaptHealth has already provided responsive information both directly before and after the 4th quarter of 2020, for both the 3rd quarter of 2020 and the 1st quarter of 2021, we again request that this information be provided.

-Kevin

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Friday, February 17, 2023 8:12 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Kevin,

We appreciate your patience while we ran down the answers to your questions concerning Teams Chats. As we previously explained, all of the sources identified in the AdaptHealth Defendants' search protocol were identified based upon a thorough and appropriate investigation of where potentially relevant documents and communications are likely to be stored or located.

With respect to "Teams Chats," as identified in the protocol, we can confirm that the chats we collected include both individual and group chats in which each of the proposed custodians participated. We can also confirm that all chats were processed on a "daily" basis, such that entire conversations throughout a particular day will be searched (using the agreed-upon search terms) and reviewed. With respect to "Teams Channels," any such communications occurring over these channels are stored separately from "Teams Chats" and were not meant to be incorporated into the proposed search protocol. Notwithstanding the foregoing, after a thorough and appropriate investigation, we can confirm that Team Channels is not likely to have any responsive communications and, accordingly, we object to the collection, search, and review of any such documents as unduly burdensome and not proportional to the needs of this case.

Additionally, in response to your question about productions, we addressed this issue in our letter to

7

the Court dated February 3, 2023 and our remarks during the most recent court conference.

Best,
Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Friday, February 3, 2023 3:42 PM
**To:** Iannece, Vincent <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

**\*\*\* EXTERNAL EMAIL \*\*\***

Vinny,

Please provide the answers to our questions in my January 10, 2022 email below.

Additionally, when will the AdaptHealth Defendants begin producing documents?

-Kevin

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Thursday, January 19, 2023 10:31 AM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Thank you, Kevin.  We are looking into your questions.

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099

8

Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Tuesday, January 10, 2023 12:23 PM
**To:** Iannece, Vincent <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

<div align="center">

**\*\*\* EXTERNAL EMAIL \*\*\***

</div>

Vinny,

Thank you for the response. While it is not possible to assess your claims that Plaintiffs' proposed search terms resulted in a "significant number of apparent mishits" or a "substantial and unduly burdensome increase in the total population of documents to be reviewed," as no supporting information has been provided, we are interested in reaching agreement for the purposes of finally moving document discovery forward.

Relatedly, we disagree that the AdaptHealth Defendants have offered any compromise by agreeing to custodians they previously included on their own initial disclosures, especially given that no explanation is provided as to why the other custodians proposed by Plaintiffs are "completely irrelevant to and unlikely to have any documents regarding this Action" or are "unlikely to have any unique documents." Nevertheless, we agree to the AdaptHealth Defendants' proposal, while reserving all rights to request additional search terms or custodians as discovery progresses. We also reserve the right to request additional information regarding purported "false positive" or "excessive" hits referenced in your email below, as well as other information to substantiate the AdaptHealth Defendants' claims regarding the custodians and Plaintiffs' proposed search terms referenced above.

Two points regarding Teams Chat, however, require additional clarification. First, will the chats searched include group chats and Teams channels that each custodian had access to, in addition to individual chats? Second, please explain how the chat messages will be reviewed and produced in order to provide sufficient context for the search term hits.   For instance, will defendants review and produce entire conversations, or review and produce 12 hours before and after the search term hit, or some other method?

-Kevin

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Friday, January 6, 2023 6:57 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>

9

**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Kevin,

Our revised search term proposal is attached.

While we have accepted the vast majority of your proposed revised search terms, we have not accepted your change to use "AND" connectors.  Our position is that the "AND" connector is overbroad and unnecessary, resulting in a significant number of apparent mishits and a substantial and unduly burdensome increase in the total population of documents to be reviewed.  As currently drafted, the AdaptHealth Defendants proposed search protocol has resulted in close to 500,000 documents for review, which we believe is more than sufficient to adequately respond to plaintiffs' document requests.

Plaintiffs' additional proposed custodian list is similarly overbroad, unnecessary, and unduly burdensome to the AdaptHealth Defendants.  After conducting a reasonable investigation, the AdaptHealth Defendants have determined that most of the 11 newly proposed custodians are completely irrelevant to and unlikely to have any documents regarding this Action, and that the remainder are unlikely to have any unique documents or independent knowledge relevant to this Action.  Nevertheless, in the spirit of compromise, we have added all of the individuals identified in the AdaptHealth Defendants' Initial Disclosures, increasing the total number of custodians to 19, which is excessive and far beyond what is necessary for this Action.

As the Court warned during the December 3 court conference, the parties are expected to work cooperatively during discovery and should not take a "no-stone-unturned approach."  Accordingly, please confirm whether plaintiffs accept this current proposal so that we may begin our review.

We reserve the right to revise or modify this proposed search protocol, including because any particular custodian and/or search term returns an excessive number of hits or false positives.

Best,
Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Friday, November 11, 2022 6:30 PM
**To:** Iannece, Vincent <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>

10

**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

<div style="background-color: yellow; text-align: center;">**\*\*\* EXTERNAL EMAIL \*\*\***</div>

Vinny,

Notwithstanding that the AdaptHealth organizational charts produced yesterday appear to be incomplete and do not include certain individuals listed on the AdaptHealth Defendants' Initial Disclosures, we identify the following individuals as custodians, in addition to those listed in the AdaptHealth Defendants' Nov. 4, 2022 proposal:

John Gentile
Chris Murray
Mark Adelman
Thomas Engler
Patricia Holmes
Christina Dunn
David Leete
Eric McCafferty
Shaw Rietkerk
Julie Botkin
Joel Mills

Plaintiffs reserve the right to request additional custodians as information becomes available in discovery.

-Kevin

---

**From:** Kevin Lavelle
**Sent:** Wednesday, November 9, 2022 3:13 PM
**To:** 'Iannece, Vincent' <VIannece@willkie.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** RE: Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

Vinny,

Thank you for the proposal. Our response on search terms is attached. We are unable to provide a response on custodians at this time because, to date, the AdaptHealth Defendants have withheld the company's organizational charts from production, causing a delay in this process. It appears, however, the AdaptHealth Defendants' custodian proposal is facially insufficient, as most of the individuals listed on their Initial Disclosures are not included. We will further respond once

11

organizational charts are provided. Regarding the relevant time period for the McGee tax issue, we will wait to further respond once we have the AdaptHealth Defendants' response to the proposed expanded time period for Mr. Quasha and the June 2021 cut-off for the remaining AdaptHealth Defendants, which we expect to receive from you today.

-Kevin

---

**From:** Iannece, Vincent <VIannece@willkie.com>
**Sent:** Friday, November 4, 2022 3:45 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Doug Britton <DougB@rgrdlaw.com>; Joseph Tull <JTull@rgrdlaw.com>
**Cc:** Ekono, Zeh S. <ZEkono@willkie.com>; Tayer, Madeleine <MTayer@willkie.com>
**Subject:** Delaware Cnty Emps. Ret. Sys. v. AdaptHealth Corp., No. 2:21-cv-03382-HB - AdaptHealth Defendants' Proposed Search Protocol

EXTERNAL SENDER
Counsel,

As previously discussed, attached please find the AdaptHealth Defendants' Proposed Search Protocol.

Best,
Vinny

**Vincent P. Iannece**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8752 | Fax: +1 212 728 9752
viannece@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error,

please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.