**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

DELAWARE COUNTY EMPLOYEES
RETIREMENT SYSTEM and BUCKS
COUNTY EMPLOYEES' RETIREMENT
SYSTEM, Individually and on Behalf of All
Other Similarly Situated,

                 Plaintiff,

v.

ADAPTHEALTH CORP. f/k/a DFB
HEALTHCARE ACQUISITIONS CORP.,
LUKE MCGEE, STEPHEN P. GRIGGS,
JASON CLEMENS, FRANK J. MULLEN,
RICHARD BARASCH, JOSHUA PARNES,
ALAN QUASHA, TERENCE CONNORS,
DR. SUSAN WEAVER, DALE WOLF,
BRADLEY COPPENS, and DAVID S.
WILLIAMS III,

                 Defendants.

Civ. Action No. 2:21-cv-03382-HB

Hon. Harvey Bartle III

**THE ADAPTHEALTH DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO LEAD PLAINTIFFS' MOTION TO COMPEL**

The AdaptHealth Defendants respectfully submit this Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel ("Motion to Compel" or "Mot.") [ECF No. 103].

## I.    INTRODUCTION

In their latest attempt (the second in only the last five days)[1] to distract the AdaptHealth Defendants from their opposition to class certification—for which they have twice refused to consent to reasonable extension requests—Lead Plaintiffs have moved to compel the imposition of a substantial completion deadline for the production of merits documents.  This is the *fourth time* since July 2022 that Lead Plaintiffs have requested such relief, which this Court has expressly refused to grant each time, and nothing has changed to warrant such relief now.  Lead Plaintiffs have resorted to blatant fabrications and mischaracterizations—if not outright lies—to support their Motion, but the truth will suffice for the AdaptHealth Defendants.

For the first six months of discovery—from July 1, 2022 to January 10, 2023—the parties engaged in an extensive meet-and-confer process over merits documents including, *inter alia*, (i) Lead Plaintiffs' numerous and incredibly overbroad document requests, (ii) sources of data, (iii) relevant time periods, (iv) custodians, and (v) search terms.  No documents could be searched for, let alone produced, until that process concluded.  Nevertheless, Lead Plaintiffs had other avenues for merits discovery, which they pursued.  Lead Plaintiffs propounded, and the AdaptHealth Defendants answered, three different sets of interrogatories, multiple times, providing Lead Plaintiffs with sworn statements on what they presumably consider to be critical issues concerning their two theories of liability.

---

[1] Such distraction tactics include, *inter alia*, (i) an unanticipated opposition to the AdaptHealth Defendants' request for a page extension (filed last Thursday), (ii) a second set of document requests (served last night), (iii) a new request for an amended interrogatory response three months after the response was served and threats of court intervention to compel such information if not provided immediately, and (iv) unnecessarily aggressive requests for privilege logs from third-parties that withheld AdaptHealth's privileged information in their possession.

And contrary to Lead Plaintiffs' contentions, merits discovery has proceeded over the past two months—from January 10, 2023 to the present—all while the AdaptHealth Defendants have attempted to complete class discovery and prioritize their forthcoming opposition to class certification despite needing additional time to adequately prepare and present their case.[2]   For example, the parties reached an agreement on a search protocol that was only reached because the AdaptHealth Defendants capitulated on nearly all disputed issues and that—despite the Court's admonition that the parties should not take a "no-stone-unturned approach to discovery"—requires the AdaptHealth Defendants to *review approximately 500,000 documents and produce only those documents that are responsive and not privileged*.   Furthermore, the AdaptHealth Defendants undertook extensive efforts to setup and begin their document review in January 2023, not only completing the so-called "price impact" review in February 2023 (which yielded no documents to produce), but making a production of merits documents to Lead Plaintiffs on March 3, 2023.  The AdaptHealth Defendants have even committed to making rolling productions until their review is complete, with *the next such production scheduled to be made this coming Friday*.  It is unclear what more Lead Plaintiffs expect.

Accordingly, this Court should deny Lead Plaintiffs' Motion to Compel.  The AdaptHealth Defendants have fully complied with the Court's orders (and will continue to do so), and thus a substantial completion deadline is unnecessary.  However, to the extent the Court entertains entering such a deadline, the volume of documents necessitates a deadline in September 2023; otherwise, the Court should direct the parties to negotiate a more limited search protocol.  Any deadline set prior to the end of briefing on Lead Plaintiffs' Motion to Certify will substantially prejudice the AdaptHealth Defendants and thus requires an extension of their opposition deadline.

---

[2]  The AdaptHealth Defendants respectfully renew their request for an extension of their deadline to April 28, 2023.

## II.    ARGUMENT

### A.  Lead Plaintiffs' Blatantly Mischaracterize the Record

In support of their Motion to Compel, Lead Plaintiffs repeatedly falsify and mischaracterize the factual and procedural background.  By way of example, Lead Plaintiffs point to our statement during the meet and confer process that "discovery cannot and will not move forward in tandem" in an attempt to show that the AdaptHealth Defendants' refused to engage in merits discovery. (*See* Mot. at 1; Mot. Ex. A. at 3.)  However, that statement is taken out of context.  We were responding to Lead Plaintiffs' refusal to provide a search protocol with respect to their class certification document review (which was comparatively minor and never actually finalized) until the AdaptHealth Defendants provided a search protocol with respect to their merits document review (which required interviews of and/or document collections from more than 20 requested custodians) despite the class discovery deadline rapidly approaching.  (*See* Mot. Ex. A at 3.)

Similarly, Lead Plaintiffs' one-sided attempt to lay out a merits discovery timeline ignores the significant steps being undertaken in-between noted events.  (*See* Mot. at 2-3.)  Specifically, Lead Plaintiffs note that "four months" passed between the service of their document requests and the AdaptHealth Defendants' initial proposed search protocol (*see id.* at 3), but ignore the fact that during those "four months" the parties were extensively negotiating the scope of Lead Plaintiffs' document requests, including over six hours of telephone calls and over 85 pages of correspondence.  Moreover, during the supposed "two months" between Lead Plaintiffs' comments to the initial proposed protocol and the AdaptHealth Defendants' revised protocol (*see id.*), the AdaptHealth Defendants undertook significant collection efforts from 19 custodians to identify potentially responsive documents and to test Lead Plaintiffs' overbroad search terms.

Finally, despite the primary contention of this Motion to Compel, as Lead Plaintiffs admit, the AdaptHealth Defendants have begun producing merits documents and have committed to making rolling productions as their review continues.[3]  As mentioned in the Motion to Compel, at Lead Plaintiffs' request, the AdaptHealth Defendants' initially prioritized a review of documents purportedly related to "price impact" prior to the class discovery deadline.  (*Id.* at 4.)  No responsive documents were identified, as we had warned Lead Plaintiffs would likely be the case, but documents otherwise responsive to Lead Plaintiffs' merits requests were produced.  It is completely disingenuous for Lead Plaintiffs to balk at the size of the AdaptHealth Defendants' production to date, when the reality is they are only entitled to responsive, non-privileged documents, not all of the 500,000 documents to be reviewed, and that population size is unknown.

### B.  Lead Plaintiffs' Request Is Not Possible

As explained above, Lead Plaintiffs' over-aggressive and overbroad discovery tactics have resulted in approximately ***500,000 documents*** (from AdaptHealth Defendant custodians alone) hitting on search terms that need to be reviewed for production and could not have been reviewed prior to January 10, 2023.  While this review began almost immediately thereafter, it is not feasible for a review of this magnitude to be completed within the timeframe that Lead Plaintiffs have requested (*i.e.*, less than four months).  Rather, we estimate that an optimistic timeline, with considerable resources and money expended, is eight months for completion.[4]  This is precisely what we explained to Lead Plaintiffs, and is why a deadline of ***September 15, 2023*** was proposed.[5] Unlike Lead Plaintiffs' tactics, this proposal was a matter of practicality, not gamesmanship.

---

[3] Contrary to Lead Plaintiffs' insinuations, rolling productions will continue even prior to any decision on class certification.  (*See* Mot. at 4.)  Indeed, the next production will be made this Friday and every 2-3 weeks thereafter.

[4] Notably, Lead Plaintiffs in their Motion to Compel agree that "nine months" is a "reasonable" timeframe, but start their clock on the wrong relevant date.  (*See* Mot. at 2.)

[5] To the extent the Court decides the imposition of a substantial completion deadline is necessary, the AdaptHealth Defendants respectfully request that the deadline be September 15, 2022 – the earliest date by which the AdaptHealth Defendants' believe compliance is feasible without even more undue expense.

### C.  Lead Plaintiffs Have Suffered No Prejudice

While Lead Plaintiffs contend they will "continue to suffer prejudice from these delay tactics" absent the requested relief (*see* Mot. at 2), they have notably failed to state what that prejudice is (or even could be).  That is because none exists.  Document discovery takes time, particularly given that Lead Plaintiffs have taken a "no-stone-unturned approach," and the operative date for counting months (as Lead Plaintiffs insist on doing) is January 10, 2023 (*i.e.*, two months ago).  Lead Plaintiffs have benefited immensely from the Court permitting merits discovery before class certification is resolved, and they have no legitimate basis to complain.

### D.  AdaptHealth Defendants Will Be Prejudiced By Pre-September Deadline

In addition to the undue burden and expense, the AdaptHealth Defendants will be significantly prejudiced if the requested deadline of April 30, 2023 is granted.  April 30 is notably (and perhaps intentionally) prior to Lead Plaintiffs' reply brief deadline for their class certification motion, allowing them the benefit of full discovery but not the AdaptHealth Defendants.  Furthermore, April 30 would require the AdaptHealth Defendants to divert all of their attention and resources to document review despite their looming deadline (just two weeks away) to file their opposition brief.  This is all inherently unfair and cannot be permitted.[6]  And there is no precedent for imposing a merits production deadline under such circumstances.

### III.   CONCLUSION

For the foregoing reasons, the AdaptHealth Defendants respectfully request that the Court deny Lead Plaintiffs' request to set a substantial completion deadline, or, alternatively, set a deadline of no earlier than September 15, 2023.

---

[6] The unfairness is even starker here given that the AdaptHealth Defendants were denied an extension of the deadlines with respect to class certification, which denied the AdaptHealth Defendants the opportunity to continue to seek potentially critical documents from Lead Plaintiffs related to class certification issues – *documents that Lead Plaintiffs have still refused to search for or produce.*

Dated:   March 15, 2023

SAXTON & STUMP

By: /s/ Steven D. Costello_____
Steven D. Costello, Esquire (PA#37822)
Saxton & Stump, LLC
100 Deerfield Lane, Suite 240
Malvern, PA  19355
(484) 328-8500

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

*Attorneys for the AdaptHealth Defendants*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Steven D. Costello, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

/s/ Steven D. Costello
Steven D. Costello

Dated:  March 15, 2023