UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>REPLY IN FURTHER SUPPORT OF LEAD |
|               Plaintiffs, | ) ) ) | PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDER |
|    vs. | ) ) ) | ELECTRONICALLY FILED |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) | |
|               Defendants. | ) ) ) | |

4877-8024-0983.v1

Lead Plaintiffs respectfully submit this reply in further support of Lead Plaintiffs' Motion to Compel Compliance with Court's Scheduling Order.  ECF 103 (the "Motion" or "Mot").[1]

## I.      INTRODUCTION

In the AdaptHealth Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel (ECF 104) (the "Opposition" or "Opp."), the AdaptHealth Defendants seek to emphasize their purported "efforts" to produce documents in this case, and even resort to meritless *ad hominem* attacks on Lead Plaintiffs.  But all of their protestations cannot distract from the fact that in the *nine months* that discovery has been ongoing, the AdaptHealth Defendants have produced just *20 documents*, despite repeated orders and admonitions from the Court that there has been "enough delay" and that merits document discovery should proceed.  Mot. at 2-3.[2]

Though they attempt to explain away their delay, the AdaptHealth Defendants' excuses only betray their stonewalling.  It simply does not take *six months* to propose and negotiate search terms and custodians – steps that typically occur at the outset of a case.  Indeed, third-parties have produced over 45,000 documents pursuant to the parties' subpoenas, yet the AdaptHealth Defendants have produced next to none.  Now, for the first time, we know why – rather than proceed with merits document discovery as the Court's July 15, 2022 First Scheduling Order required (ECF 62 at 2), the AdaptHealth Defendants admit they sat on their hands and did not even bother collecting documents to produce, instead opting to obstruct Lead Plaintiffs for months during the meet and confer process.

Their refusal to produce documents on a timely basis and abuse of the meet and confer process to suit their delay tactics has, as the AdaptHealth Defendants point out, necessitated Lead Plaintiffs to

---

[1]   Unless otherwise noted, all capitalized terms used herein have the same meaning ascribed to them in the Motion.

[2]   The AdaptHealth Defendants boldly accuse Lead Plaintiffs of "blatant fabrications" and "outright lies."  Opp. at 1.  Tellingly, however, they do not identify a single "fabrication" or "lie," and their claims of "mischaracterizations" (id.) prove baseless, as described herein.

request a substantial completion date on no less than four prior occasions. Opp. at 1. And now, having

exhausted all other avenues, Lead Plaintiffs have had to move for a Court order imposing one.[3]

Lead Plaintiffs have gone through great lengths to work cooperatively with the AdaptHealth

Defendants, but, as the Court previously noted, the status of the AdaptHealth Defendants' meager

document production is "totally unacceptable." Mot. at 3. Defendants' gamesmanship should not now

be rewarded with a substantial completion date of September 15, 2023 – more than *14 months* after

Lead Plaintiffs first served their initial document requests – which will only prejudice Lead Plaintiffs

and unnecessarily prolong this litigation. The April 30, 2023 substantial completion date Lead

Plaintiffs request is reasonable given the length of time discovery has already been ongoing, and the

AdaptHealth Defendants provide no objective, non-conclusory reason, beyond their mere say so, why

they cannot meet that deadline. The Motion should be granted.[4]

## II.    ARGUMENT

### A.    Defendants' Excuses for Their Strategic Delay Are Mere Pretext for Their Stonewalling and Non-Compliance with Court Orders

The AdaptHealth Defendants suggest they were unable to produce documents any sooner

because "[n]o documents could be searched for, let alone produced" until the scope of Lead Plaintiffs'

---

[3]    During the February 9, 2023 teleconference, the Court suggested Lead Plaintiffs could file a motion on this very issue. The AdaptHealth Defendants' continued non-compliance with the Court's orders has, unfortunately, made the Motion necessary.

[4]    The AdaptHealth Defendants incorrectly assert that Lead Plaintiffs' Motion is an attempt to "distract" from their class certification opposition (Opp. at 1), which they have now had eight months to write. But as their failure to substantively produce documents to date demonstrates, the AdaptHealth Defendants refuse to accept that merits document discovery is ongoing and that Lead Plaintiffs have a right to pursue such discovery. That Lead Plaintiffs: (i) issued additional document requests to *one* AdaptHealth Defendant based on newly learned information; (ii) requested privilege logs when *none* have been provided for documents third-parties withheld from production on behalf of the AdaptHealth Defendants months ago; and (iii) requested that AdaptHealth amend an interrogatory response to provide information for a single quarter for a *third time* because it *still* has not provided the requested information *eight months* after the interrogatory was served only highlights the AdaptHealth Defendants' obstruction and refusal to abide by the Courts' orders. Last, Lead Plaintiffs' opposition to Defendants' excessive request for a 90-page class certification opposition was not unanticipated, as the AdaptHealth Defendants noted in their request. Lead Plaintiffs did not consent and the Court ultimately denied in part their request.

document requests was agreed upon after "extensive" negotiations.  Opp. at 1, 3.  But that is pure pretext.  The real reason, as the AdaptHealth Defendants now admit, is because they did not "under[take] significant collection efforts" from *any* of the individual defendants or the individuals identified in their initial disclosures until *November-December 2022*, four to five months *after* receiving Lead Plaintiffs' document requests.  Opp. at 3.  Accordingly, the AdaptHealth Defendants had no intention of complying with the Court's orders that merits document discovery should proceed, as they did not even bother to collect documents to search or produce.

Instead, the AdaptHealth Defendants stonewalled Lead Plaintiffs for "over six hours of telephone calls and over 85 pages of correspondence" and refused to provide proposed search terms or custodians (Opp. at 3), demonstrating the extent of their obstructionism.  The AdaptHealth Defendants' actions thus demonstrate that, despite the Courts' orders, they meant what they said when they stated "discovery cannot and will not move forward in tandem."  Mot. at 1.[5]  Lead Plaintiffs substantially completed their document production in early November 2022, yet the AdaptHealth Defendants have produced almost no documents.  And now the AdaptHealth Defendants seek to capitalize on their calculated delay to justify a September 15, 2023 substantial completion date 14 months after Lead Plaintiffs propounded their document requests.  The Court should not accept this result.

B.    **Defendants Are Not Prejudiced and Provide No Reason They Cannot Comply with an April 30, 2023 Substantial Completion Date**

Defendants complain at length that an April 30, 2023 substantial completion date is "not possible" and will prejudice their ability to respond to Lead Plaintiffs' pending motion for class

---

[5]    The AdaptHealth Defendants' attempt to spin this damning admission to suggest Lead Plaintiffs were uncooperative is belied by the very emails they cite, which state that Lead Plaintiffs "remain willing and able to start discussions with defendants regarding the search for [Electronically Stored Information]."  Lavelle Decl., Ex. A at 1.  The AdaptHealth Defendants, however, refused to begin these discussions, despite the Court's First Scheduling Order that all documents discovery proceed.  ECF 62 at 2.

4877-8024-0983.v1

certification.  Opp. at 2, 4-5.  This is nonsense.  First and foremost, as described above, this is a problem of the AdaptHealth Defendants' own making, given their longstanding refusal to produce documents in a timely manner.

Second, the timing of when the review can be complete is entirely within the AdaptHealth Defendants' control, and they provide no objective data or non-conclusory reason why it cannot be completed by April 30, 2023.  *Id.* at 4.  The AdaptHealth Defendants, indeed, do not explain how many of the 500,000 documents remain unreviewed, what their rate of review is, or how many individuals are on their review team.  And although the AdaptHealth Defendants attempt to (mis)characterize Lead Plaintiffs as taking a "'no-stone-unturned approach to discovery'" (*id.* at 2, 4-5), it was actually Lead Plaintiffs who accepted the ***AdaptHealth Defendants'*** "search protocol" counter proposal.  Lavelle Decl., Ex. C at 10.  The AdaptHealth Defendants cannot now run away from their ***own proposal*** or the volume of documents it captured.

Third, Defendants have had Lead Plaintiffs' Motion to Certify Class (ECF 65), filed on July 28, 2022, for nearly ***eight months*** and have already benefited from a requested extension to both class certification discovery and the deadline to file their class certification opposition.  ECF 93.  They cannot now protest they will be prejudiced by an order directing them to comply with the Court's ***prior*** orders to produce documents, particularly when the attorneys drafting the AdaptHealth Defendants' class certification opposition are unlikely the same ones reviewing documents for production on a daily basis.  *See* Opp. at 5.  Moreover, the AdaptHealth Defendants do not explain how an April 30, 2023 substantial completion deadline will prevent them from benefiting from "full discovery" when they are the ones ***already in possession*** of that discovery.  *Id.*

The fact that the AdaptHealth Defendants produced 20 documents (14 of which were only produced on March 3, 2023) in nine months of discovery, and committed to later make other productions of unspecified volumes (only after Lead Plaintiffs' motion to compel was filed) (*id.* at 4),

does not evidence good faith efforts to comply with the Court's orders, which have been in effect since July 15, 2022. ECF 62.[6] Without the April 30, 2023 substantial completion date, the AdaptHealth Defendants will continue to ignore the Court's orders that merits document discovery "shall proceed" (ECF 62 at 2; ECF 93 at 1) and trickle out documents, as they have to date. Mot. at 5.

### C.      Lead Plaintiffs Are Prejudiced by the AdaptHealth Defendants' Delay

Defendants incorrectly claim that Lead Plaintiffs have "suffered no prejudice." Opp. at 5. But the AdaptHealth Defendants have ignored Court orders, denied Lead Plaintiffs access to the documents supporting their claims and, by doing so, sought to delay the timely resolution of this matter – all of which severely prejudices Lead Plaintiffs. To ensure this does not continue, the Court should grant Lead Plaintiffs' Motion.

## III.    CONCLUSION

For the reasons stated herein and in their Motion, Lead Plaintiffs respectfully request that the Court grant the Motion and order an April 30, 2023 substantial completion date for document productions.

DATED:  March 17, 2023                    ROBBINS GELLER RUDMAN
                                          & DOWD LLP


                                          s/ Kevin A. Lavelle
                                          KEVIN A. LAVELLE

---

[6]    The AdaptHealth Defendants also claim they "undertook extensive efforts" to complete a "'price impact'" review, but that it yielded no documents to produce. Opp. at 2, 4. That is incorrect. The AdaptHealth Defendants produced 13 documents relevant to price impact on March 3, 2023 despite representing to the Court such documents would be produced by February 28, 2023. Mot. at 4.

- 5 -

4877-8024-0983.v1

DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Lead Plaintiffs

- 6 -

4877-8024-0983.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kevin A. Lavelle
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

4877-8024-0983.v1

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **ALLISON A. BERKOWITCH**
  ABERKOWITCH@WILKE.COM

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Todd Cosenza**
  tcosenza@willkie.com,mao@willkie.com

- **MELISSA HAZELL DAVIS**
  mdavis@griesinglaw.com,dpotts@griesinglaw.com

- **Zeh S. Ekono**
  zekono@willkie.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **RYAN GANDER**
  RGander@KRAMERLEVIN.com

- **FRANCINE FRIEDMAN GRIESING**
  fgriesing@griesinglaw.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANI R. JAMES**
  djames@kramerlevin.com

- **KEVIN A. LAVELLE**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com,bengfelt@rgrdlaw.com

- **MARGOT G. MOONEY**
  MMOONEY@WILLKIE.COM

- **MATTHEW MUSTOKOFF**
  mmustokoff@ktmc.com,5558085420@filings.docketbird.com,mswift@ktmc.com

Case 2:21-cv-03382-HB    Document 106    Filed 03/17/23    Page 10 of 10

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **MARJORIE E. SHELDON**
  MSheldon@KRAMERLEVIN.com

- **JOSEPH J. TULL**
  jtull@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com,rhrouda@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)