UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT LUKE MCGEE'S MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFFS' MOTION TO CERTIFY CLASS**

Defendant Luke McGee submits this memorandum in opposition to Lead Plaintiffs' Motion to Certify Class.  In opposition to Lead Plaintiffs' motion, Mr. McGee adopts and incorporates by reference all of the arguments in the AdaptHealth Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Certify Class ("AdaptHealth Defendants' Brief"). For the reasons set forth in the AdaptHealth Defendants' Brief, Lead Plaintiffs have not met their burden of demonstrating that the requirements of Rule 23 are satisfied with respect to any of the claims or theories of liability set forth in the Consolidated Complaint.

With respect to Lead Plaintiffs' claims for alleged violations of the Exchange Act (Counts I and II), Lead Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3) because they are not entitled to the presumption of reliance and therefore cannot establish class-wide reliance, and because damages likewise cannot be measured on a class-wide basis.  (AdaptHealth Defendants' Brief, Point IB).  In addition, Lead Plaintiffs are not adequate representatives of the proposed class, as required by Rule 23(a)(4), or typical members of the proposed class, as required by Rule 23(a)(3).  (*Id.*, Points IC-D).

With respect to Lead Plaintiffs' claims for alleged violations of the Securities Act (Counts III, IV and V), Lead Plaintiffs lack standing to assert those claims.  (AdaptHealth Defendants' Brief, Point IIA).  In addition, Lead Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3) or the numerosity requirement of Rule 23(a)(1), and they are not typical or adequate class representatives as required by Rule 23(a)(3) and (4).  (*Id.* Points IIB-D).

For all of the reasons set forth in the AdaptHealth Defendants' Brief, Lead Plaintiffs' Motion to Certify Class should be denied in its entirety and Delaware County and Bucks County should be disqualified from serving as Lead Plaintiffs.

Dated: March 30, 2023                    KRAMER LEVIN NAFTALIS & FRANKEL LLP


                                         By: /s/ Dani R. James
                                         Dani R. James (admitted *pro hac vice*)
                                         Marjorie E. Sheldon (admitted *pro hac vice*)
                                         Ryan Gander (admitted *pro hac vice*)
                                         1177 Avenue of the Americas
                                         New York, New York 10036
                                         212-715-9100

                                         GRIESING LAW, LLC
                                         Francine Friedman Griesing (No. 48982)
                                         Melissa Hazell Davis (No. 318298)
                                         1880 John F. Kennedy Boulevard
                                         Suite 1800
                                         Philadelphia, Pennsylvania 19103
                                         215-618-3720
                                         *Attorneys for Defendant Luke McGee*