**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Other Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III,<br><br>        Defendants. | Civ. Action No. 2:21-cv-03382-HB<br><br>Hon. Harvey Bartle III |

**DEFENDANT ADAPTHEALTH CORP.'S MEMORANDUM OF LAW IN OPPOSITION
TO LEAD PLAINTIFFS' MOTION TO COMPEL**

Defendant AdaptHealth Corp. ("AdaptHealth" or the "Company") respectfully submits this

Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel ("Motion" or "Mot.")

[ECF No. 110-3].

## I.    INTRODUCTION

Pursuant to their unrelenting and transparent harassment campaign over the final weeks

prior to the defendants' deadline for their opposition to class certification[1]—this latest motion

---

[1] As a reminder, in the last few weeks alone, Lead Plaintiffs have (i) filed an unanticipated opposition to the AdaptHealth Defendants' request for a page extension; (ii) served a second set of document requests; (iii) filed a motion seeking to amend the scheduling order, which was disguised as a motion to compel; (iv) served a second set

being filed only two days prior to said deadline—Lead Plaintiffs have once again unnecessarily rushed to Court on a manufactured dispute that is not at all ripe for judicial intervention.  As Lead Plaintiffs admit, AdaptHealth has never refused to provide the requested information.  (*See* Mot. at 2, 4; Mot. Ex. A at 2-5.)  Rather, as has been made clear to Lead Plaintiffs repeatedly over the last six weeks, AdaptHealth has been focused on class certification issues, including ensuring that class discovery and opposition briefing were completed prior to their applicable respective deadlines, and has expressly stated that it was considering and investigating what, if any, additional information exists that is responsive to Lead Plaintiffs' latest explanation of their interrogatory. But providing AdaptHealth with the necessary time, even in the complete absence of any urgency, clearly does not fit Lead Plaintiffs' agenda.

As even suggested by Lead Plaintiffs' own Motion, the primary issue with respect to this interrogatory—and really all of Lead Plaintiffs' discovery requests—is a complete lack of specificity or precision within the request itself.  After several rounds of meet and confers during which counsel for AdaptHealth attempted to understand what information Lead Plaintiffs were actually seeking—including specifically the use of the unintuitive and ambiguous plaintiff-created defined term "Organic Revenue," a term that AdaptHealth does not use or understand—*and* Lead Plaintiffs repeatedly changed the scope of their interrogatory, AdaptHealth served its second amended responses and objections on November 18, 2022, which provided the information AdaptHealth believed Lead Plaintiffs to be pursuing.  This belief was only reinforced by the fact that more than three months had passed without any follow-up from Lead Plaintiffs.  Indeed, the second amended responses and objections provided Lead Plaintiffs with the very information that they admit they are after:  a "calculat[ion] of the company's organic growth rate, according to the

---

of interrogatories; (v) filed this current motion; and (iv) aggressively pursued privilege logs from third-parties that withheld AdaptHealth's privileged information in their possession.

company's original metric . . ." (*see* Mot. at 1)—*i.e.*, the growth rate under the pre-Q4 2020 methodology, which was only calculated contemporaneously as a component of the new methodology.

It was suspiciously not until the defendants were in the throes of class certification depositions that any perceived issues were raised. The specious nature of this contrived issue— and the constantly moving goalpost—is evidenced by the obvious differences in the perceived issues identified in Lead Plaintiffs' Motion and those identified in Lead Plaintiffs' prior correspondence to counsel for the AdaptHealth Defendants. (*See* Mot. Ex. A at 5.) Accordingly, as is required by Your Honor's Policies and Procedures, it is clear that what is needed is a further opportunity to meet and confer with respect to any perceived deficiencies, not a Court order—and Lead Plaintiffs know this.

## II.    ARGUMENT

Pursuant to Your Honor's Policies and Procedures, "[w]hen a discovery dispute arises, counsel are strongly urged to settle it among themselves. However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion . . . ." (Policies & Procedures at 5.) Here, Lead Plaintiffs have not made "a good faith effort" to resolve this purported issue. Indeed, AdaptHealth has not refused to amend its responses and objections—for what would be a third time—to address Lead Plaintiffs' newly-identified purported deficiencies.

As Lead Plaintiffs admit, the record is clear that AdaptHealth served Lead Plaintiffs with its second amended responses and objections to the relevant interrogatory on November 18, 2022, which provided the very information Lead Plaintiffs claim they are ultimately seeking—*i.e.*, a "calculat[ion] of the company's ***organic growth rate***, according to the company's [pre-Q4 2020

methodology]" throughout the putative class period.[2] (*See* Mot. at 1 (emphasis added).)  More than three months passed before Lead Plaintiffs followed up with AdaptHealth identifying purported issues with this second amended response.  Despite this passage of time, and being reasonably preoccupied with urgent class certification-related deadlines, AdaptHealth has taken no position on whether it will (or can) provide Lead Plaintiffs with the requested information.  Rather, AdaptHealth alerted Lead Plaintiffs that it would, consistent with its stated objections to creating or generating information that does not currently exist and was not calculated contemporaneously, (i) consider the request, (ii) investigate whether any such requested information even exists, and (iii) get back to them within a few weeks.  (*See* Mot. at 2, 4; Mot. Ex. A at 2-5.)

Notwithstanding these representations, Lead Plaintiffs unilaterally declared that the parties were at an impasse just 11 days later and filed this motion shortly thereafter—both notably prior to the submission of class certification opposition briefing.[3]  (*See* Mot. Ex. A at 1.)  Accordingly, Lead Plaintiffs did not give AdaptHealth the opportunity, as requested, to appropriately investigate the issue; nor did it give AdaptHealth any opportunity to meet and confer on its ever-evolving perceived deficiencies—which time has demonstrated is necessary (and, even still, often inadequate) to understand the full scope of Lead Plaintiffs' request.

## III.    CONCLUSION

For the foregoing reasons, AdaptHealth respectfully requests that the Court deny Lead Plaintiffs' Motion.

---

[2] Pursuant to the Protective Order entered in this action [ECF No. 82], the AdaptHealth Defendants have designated this document as "Confidential" and hereby respectfully request that the Court maintain its recent Order permitting this document to be filed under seal.  [ECF No. 112.]

[3] Lead Plaintiffs have also failed to demonstrate any urgency or potential prejudice that could justify their haste to bring this issue to the Court's attention—particularly where they took three times as long to even identify the issue—other than a confusing need to have done so prior to the deadline for defendants' opposition to class certification.

Dated:   April 7, 2023

SAXTON & STUMP


By: */s/ Steven D. Costello*_____
Steven D. Costello, Esquire (PA#37822)
Saxton & Stump, LLC
100 Deerfield Lane, Suite 240
Malvern, PA  19355
(484) 328-8500


WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
Margot Mooney (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

*Attorneys for the AdaptHealth Defendants*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Steven D. Costello, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

*/s/ Steven D. Costello*
Steven D. Costello

Dated:  April 7, 2023