UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB <br><br> CLASS ACTION <br><br> REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL RESPONSE TO |
|      Plaintiffs, | ) ) | PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT |
|   vs. | ) ) | ADAPTHEALTH CORP. |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) ) | ELECTRONICALLY FILED |
|      Defendants. | ) ) ) | |

4872-0464-4444.v2

Lead Plaintiffs respectfully submit this reply in further support of their Motion to Compel Response to Plaintiffs' First Set of Interrogatories to Defendant AdaptHealth Corp. ECF 110-2 (the "Motion").[1]

## I. INTRODUCTION

In AdaptHealth's Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel (ECF 123) (the "Opposition" or "Opp."), which is tellingly devoid of any case law supporting the Company's positions or countering Lead Plaintiffs' arguments in the Motion, AdaptHealth makes no meaningful argument as to why the requested information has not yet been produced. Instead, after nine months of back-and-forth over the interrogatory and three evasive and non-responsive answers, AdaptHealth demands even more discussion. This has gone on long enough. The Court should compel AdaptHealth to provide meaningful responses to a straightforward interrogatory. The Motion should be granted.

## II. ARGUMENT

### A. The Requested Information Is Undisputedly Relevant and AdaptHealth Has Made No Showing of Burden.

At no point in its Opposition does AdaptHealth dispute the relevance of the information sought or argue that the information is unduly burdensome to produce. Even today, nine months since Lead Plaintiffs' Interrogatory was served, AdaptHealth does not assert that it cannot provide the information requested. Instead, AdaptHealth argues that it does not use or understand the term "Organic Revenue." *See* Opp. at 2. But that is simply not true. AdaptHealth repeatedly provided quarterly organic revenue growth metrics in public statements throughout the Class Period and

---

[1]    Unless otherwise noted, all capitalized terms used herein have the same meaning ascribed to them in the Motion.

distinguished between organic revenue and M&A revenue. ¶¶25-29.[2]  AdaptHealth highlighted from the outset that "[r]evenue growth [was] driven by organic growth." ¶9.  And after Defendants changed the organic growth metric in 4Q 2020, AdaptHealth continued to distinguish between "acquisitions" and "organic growth" in its discussion of what contributed to "Net Revenue." ¶120. AdaptHealth's former CEO Luke McGee is himself on record as stating that "we all know that organic growth is more valuable" and noting that "most importantly, we'll continue the growth we've seen organically." ¶12.

AdaptHealth's contention that it does not use or understand the term organic revenue is therefore not credible.  It has access to the information necessary to answer the Interrogatory and the information is relevant.  The Motion should be granted.

**B.      Further Meet and Confers Are Unnecessary and Would Only Serve to Waste the Parties' Time**

Instead of arguing the relevance of the information sought, AdaptHealth claims that Lead Plaintiffs have not made a "good faith" effort to work with defendants.  Opp. at 3.  This assertion is belied by the record.  As AdaptHealth itself notes, Lead Plaintiffs have diligently met and conferred with AdaptHealth numerous times over the last eight months.  Yet the result of those meet and confers has always been the same – AdaptHealth provides amended responses that seek to evade supplying the information requested.  Even now, a month and a half after Lead Plaintiffs requested supplemental responses to their Interrogatory, for a third time, and nine months after Lead Plaintiffs served their Interrogatory, all AdaptHealth can say is that it "take[s] no position on whether it will (or can) provide Lead Plaintiffs with the requested information."  Opp. at 4.

---

[2]      References to "¶_" or "¶¶_" are to the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 19).

4872-0464-4444.v2

It is time for AdaptHealth to answer the Interrogatory.  After nine months of back-and-forth, further meet and confers will not be productive.  Defendants are simply trying to delay providing the requested information.

## III.    CONCLUSION

For the reasons stated herein and in their Motion, Lead Plaintiffs respectfully request that the Court grant the Motion to compel an answer to Lead Plaintiffs' Interrogatories and order AdaptHealth to: (i) "Identify AdaptHealth's Organic Revenue for each quarter from January 1, 2018 through December 31, 2021"; and (ii) provide a response that includes the Company's organic growth for Q4 2020, which was previously omitted.

DATED:  April 10, 2023                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)


                            s/ KEVIN A. LAVELLE
                            KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiffs


- 3 -

- 4 -

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Lead Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

4872-0464-4444.v2

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **ALLISON A. BERKOWITCH**
  ABERKOWITCH@WILKE.COM

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Todd Cosenza**
  tcosenza@willkie.com,mao@willkie.com

- **MELISSA HAZELL DAVIS**
  mdavis@griesinglaw.com,dpotts@griesinglaw.com

- **Zeh S. Ekono**
  zekono@willkie.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com

- **RYAN GANDER**
  RGander@KRAMERLEVIN.com

- **FRANCINE FRIEDMAN GRIESING**
  fgriesing@griesinglaw.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANI R. JAMES**
  djames@kramerlevin.com

- **KEVIN A. LAVELLE**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **MARGOT G. MOONEY**
  MMOONEY@WILLKIE.COM

- **MATTHEW MUSTOKOFF**
  mmustokoff@ktmc.com,5558085420@filings.docketbird.com,mswift@ktmc.com

4/10/23, 9:52 AM

Case 2:21-cv-03382-HB   Document 124   Filed 04/10/23   Page 8 of 8
United States District Court Eastern District of Pennsylvania

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **MARJORIE E. SHELDON**
  MSheldon@KRAMERLEVIN.com

- **JOSEPH J. TULL**
  jtull@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com,rhrouda@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`