# EXHIBIT A-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| Plaintiffs, | ) ) ) | EXHIBIT A-1 |
| vs. | ) ) | ELECTRONICALLY FILED |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ADAPTHEALTH CORP. ("ADAPTHEALTH" OR THE "COMPANY") COMMON STOCK OR CALL OPTIONS ON ADAPTHEALTH COMMON STOCK OR SOLD PUT OPTIONS ON ADAPTHEALTH COMMON STOCK ("ADAPTHEALTH SECURITIES") BETWEEN NOVEMBER 8, 2019 AND JULY 16, 2021, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiffs Bucks County Employees' Retirement System and Delaware County Employees Retirement System ("Lead Plaintiffs") and Defendants AdaptHealth, Luke McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, "Defendants") and the proposed settlement, which provides $51 million in cash, one (1) million freely-tradable shares of AdaptHealth common stock, and corporate governance reforms to be enacted by AdaptHealth (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, Lead Plaintiffs' Counsel's application for fees and expenses, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  This Notice describes what steps you may take in relation to the Settlement and this Action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims asserted against or the defenses asserted by the Defendants.  This Notice is solely to advise you of the pending and proposed Settlement of the Action and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated February 26, 2024 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.AdaptHealthSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Settlement Class Member. **Objections must be *received* by the Court and counsel on or before _____, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a settlement of $51 million in cash and one (1) million Settlement Shares has been established. Based on Lead Plaintiffs' estimate of the number of shares of AdaptHealth common stock eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation for the Settlement Cash is approximately $0.63 and the average distribution per underlying share with respect to an allegedly damaged option contract is $0.79 before deduction of any taxes on the income earned on the Settlement Amount thereof, Notice and Administration Costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates**. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proof of Claim forms. An individual Settlement Class Member

may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of AdaptHealth Securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the prices of AdaptHealth Securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the price of AdaptHealth Securities at various times during the Settlement Class Period; (6) the extent to which external factors influenced the price of AdaptHealth Securities at various times during the Settlement Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of AdaptHealth Securities at various times during the Settlement Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of AdaptHealth Securities at various times during the Settlement Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that, if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Lead Plaintiffs' Counsel not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $800,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per AdaptHealth common share for the Settlement Cash will be approximately $0.16 and average cost per underlying share with respect to an allegedly damaged option contract for the Settlement Cash will be approximately $0.21. In addition, Lead Plaintiffs may seek an award pursuant to 15 U.S.C. §78u-4(a)(4) not to exceed $60,000 in the aggregate in connection with their representation of the Settlement Class.

**Further Information**

For further information regarding the Action, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-_____, or visit the website www.AdaptHealthSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash and stock benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further conduct of this Action could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock during the period from November 8, 2019 through and including July 16, 2021 (the "Settlement Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-03382-HB. The case has been assigned to the Honorable Harvey Bartle III. The entities representing the Settlement Class are the "Lead Plaintiffs," and the company and individuals they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Lead Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"), filed on November 22, 2021, alleged that (i) defendant AdaptHealth, in addition to McGee, Griggs, and Clemens (the "Officer Defendants"), violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); (ii) the Officer Defendants violated Section 20(a) of the Exchange Act; (iii) Defendants violated Section 11 of the Securities Act of 1933 (the "Securities Act"); (iv) defendant AdaptHealth violated Section 12(a)(2) of the Securities Act; and (v) the Officer Defendants and Mullen, Barasch, Parnes, Quasha, Connors, Weaver, Wolf, Coppens, and Williams III violated Section 15 of the Securities Act. More specifically, Lead Plaintiffs alleged that throughout the putative class period (November 8, 2019 through July 16, 2021, inclusive), Defendants made numerous materially false and misleading statements and omissions regarding the

methodology used to calculated the Company's organic growth and defendant McGee's involvement in an alleged foreign tax fraud arising from certain past private activity, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading nature of the statements and omissions, and the Company's stock price declined on April 13, 2021 and July 19, 2021.

On January 20, 2022, Defendants moved to dismiss the Consolidated Complaint, arguing that the Consolidated Complaint failed to allege a material false or misleading statement or omission, failed to plead facts supporting scienter, and failed to allege loss causation. On March 21, 2022, Lead Plaintiffs filed their opposition to the motion to dismiss and opposed Defendants' request for judicial notice of certain exhibits attached to their motion to dismiss. Defendants filed their reply brief on April 15, 2022. On May 26, 2022, Lead Plaintiffs filed a Notice of Recent Authority relating to a decision from the Second Circuit Court of Appeals relevant to Lead Plaintiffs' opposition to Defendants' pending motion to dismiss. On June 1, 2022, Defendants filed a Response to Lead Plaintiffs' Notice of Recent Authority that mentioned that the Second Circuit case was distinguishable from the case at hand.

On June 9, 2022, the Court denied Defendants' motion to dismiss. The Court held that the allegations in the Consolidated Complaint adequately pled a claim under Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2) and 15 of the Securities Act for purposes of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants answered the Consolidated Complaint on August 5, 2022. Defendants expressly denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including that they engaged in any conduct that constituted violations of Sections 10(b) and 20(a) of the Exchange Act or Sections 11, 12(a)(2) and 15 of the Securities Act and deny that Lead Plaintiffs have asserted any valid claims as to any of them.

Thereafter, the Settling Parties continued to vigorously litigate the Action. On July 15, 2022, the Court, after a conference with counsel, ordered the Settling Parties to proceed with class certification discovery and set deadlines for both class certification discovery and briefing of any class certification motion. With respect to merits discovery, the Court authorized such discovery to proceed but prohibited any merits-related depositions and declined to set any deadlines with respect to merits discovery. The Settling Parties thereafter engaged in extensive discovery of class certification issues, including (a) document productions by Lead Plaintiffs and Lead Plaintiffs' investment manager, (b) responses to written interrogatories by Lead Plaintiffs, (c) depositions of Lead Plaintiffs and Lead Plaintiffs' investment manager, and (d) expert discovery, with Lead Plaintiffs and Defendants submitting a total of eight expert reports from seven experts, and six of the Settling Parties' experts being deposed.

Defendants also produced documents and responded to written interrogatories on merits issues. In response to discovery requests, the AdaptHealth Defendants produced approximately 6,000 documents, totaling more than 35,000 pages, defendant McGee produced approximately 700 documents, totaling over 3,000 pages, and numerous third parties collectively produced approximately 53,000 documents totaling more than 427,000 pages.

In addition, on November 21, 2022, Lead Plaintiffs filed a motion to compel defendant McGee to produce documents regarding the tax scheme allegations pursuant to Lead Plaintiffs'

requests for production. On December 7, 2022, the Court granted Lead Plaintiffs' motion and ordered that the documents be produced by December 30, 2022.

On March 13 and 28, 2023, Lead Plaintiffs filed motions to compel AdaptHealth and certain other Defendants to comply with the Court's scheduling orders and respond to Lead Plaintiffs' interrogatories. After holding a conference with counsel, the Court denied those motions without prejudice on April 11, 2023, subject to further meet and confers between Lead Plaintiffs and Defendants.

On July 28, 2022, Lead Plaintiffs filed their motion for class certification. Defendants filed a seventy-five page opposition to class certification on March 30, 2023, supported by five expert reports. Lead Plaintiffs thereafter filed a fifty-page reply brief on May 22, 2023, supported by two expert reports. Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached their agreement-in-principle to engage in private mediation to settle the Action.

At that time, the Settling Parties engaged a nationally recognized neutral mediator and participated in settlement discussions on multiple occasions, which included the exchange of mediation briefs, responses, and exhibits. On February 14, 2024, the Settling Parties reached an agreement-in-principle to resolve the Action. The agreement included, among other things, the Settling Parties' agreement to settle the Action for releases and (i) a cash payment of $51,000,000, including a $1 million cash payment from defendant McGee not funded by insurance or corporate funds, for the benefit of the Settlement Class; (ii) one (1) million shares of Company common stock for the benefit of the Settlement Class; and (iii) the Corporate Governance Changes, all subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits attached thereto) reflects the final and binding agreement between the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

### WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock during the period from November 8, 2019, through and including July 16, 2021, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or

other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion in accordance with the requirements set forth in question 11 below.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

| **5.** | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-_____, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $51 million in cash and AdaptHealth has agreed to contribute to the Settlement one (1) million shares of freely tradeable AdaptHealth common stock to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.[2]  The Claims Administrator will have the discretion to distribute those shares to Settlement Class Members or to sell those shares and distribute the cash received from such sale to Settlement Class Members.  The Plan of Allocation is described in more detail at the end of this Notice.

The Settlement also includes the following corporate governance reforms:

AdaptHealth will adopt the following corporate governance reforms for a period of six (6) years from the date of enactment, the adoption of which shall occur no later than 90 days following the Court's entry of the Judgment:

---

[2]     Lead Counsel will have the right to sell the Settlement Shares prior to distribution of the Net Settlement Fund to Authorized Claimants and to distribute proceeds of such sale, *pro rata,* to Authorized Claimants.

1.      **Board declassification**: AdaptHealth's charter shall be amended (subject to shareholder approval) to eliminate the classified structure of its Board of Directors (the "Board"). The amendment would phase out the three-year staggered terms of its directors and transition to the annual election of all directors.  Beginning with the 2024 annual meeting, the class of directors elected would be elected for one-year terms.  By the 2026 annual meeting, the Board would be completely declassified and all directors would stand for election annually.

2.      **Executive compensation**: In future contracts with Company executive officers, AdaptHealth shall not include any single-trigger accelerated vesting provision (*i.e.*, a provision that allows vesting of equity awards solely as a result of a change in control without any employment termination or where the employee has a right to quit as a result of the transaction by itself).

3.      **Board Leadership**: AdaptHealth's Corporate Governance Guidelines shall provide that the Board may elect an independent director to serve as "Lead Independent Director" for a one-year term if the individual elected as chairperson is not an independent director.  The Lead Independent Director, if one is appointed, shall (i) coordinate the activities of the non-management directors and independent directors, (ii) preside at and have the authority to call meetings of the non-management and/or independent directors, and (iii) perform such other duties as may be assigned from time to time by the Board.

4.      **Shareholder Nominations**: AdaptHealth's bylaws shall be amended to provide for access to AdaptHealth's proxy for shareowner-nominated director candidates.  Specifically, this provision will allow access to management proxy materials for an investor or group of investors owning in the aggregate at least three percent of the Company's voting stock for at least three years to nominate the greater of (i) two director candidates in any given year, or (ii) the equivalent of 20% of the Board in any given year (once the Board is declassified), subject to satisfaction of eligibility and other requirements.  AdaptHealth's proxy materials and related mailings should provide equal space and equal treatment of nominations by qualifying investors.

5.      **Voting Standard**: AdaptHealth will maintain a resignation policy requiring any director who receives more "Withheld" votes than "For" votes to offer his or her resignation, and the Board will determine whether to accept or reject such resignation.

| **7.      How much will my payment be?** |
|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.      How can I get a payment?** |
|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.AdaptHealthSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of

Claim form, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024**.  The Proof of Claim form may be submitted online at www.AdaptHealthSecuritiesSettlement.com.

---

| **9.** | **When would I get my payment?** |
|---|---|

      **The Court will hold a Final Approval Hearing on _____, 2024, at _____ .m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

---

| **10.** | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

      Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against the Released Defendant Parties, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in Lead Plaintiffs' Consolidated Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, (c) could have been asserted, alleged, or set forth in the Consolidated Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) by Lead Plaintiffs, any Settlement Class Member, or any other Releasing Plaintiff Party arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition by any Settlement Class Member of AdaptHealth Securities during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories that were or could have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action.

  Notwithstanding the foregoing, Released Plaintiffs' Claims do not include, settle, or release any pending claims against the Released Defendant Parties relating to non-duplicative facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, and/or legal theories that were not and could not have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in

this Action ("Unique Claims"), even if any such Unique Claim is asserted by any Lead Plaintiff or any Settlement Class Member that received compensation in connection with the Settlement. For the avoidance of doubt, the Settlement is not intended to release any Unique Claims asserted in *Allegheny County Employees' Retirement System v. AdaptHealth Corp.*, No. 2:23-cv-04104 in the United States District Court for the Eastern District of Pennsylvania.

Released Plaintiffs' Claims also do not include any and all claims brought derivatively in *Hessler v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-05335 in the United States District Court for the Eastern District of Pennsylvania, or settle, or release any claims relating to the enforcement of the Stipulation or the Settlement.

- "Released Defendants' Claims" means any and all claims, rights, causes of action, or liabilities of every nature and description whatsoever, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, against a Releasing Plaintiff Party that are based upon, arise out of, concern, or relate in any way to the institution, prosecution, or settlement of the Action against Defendants. Released Defendants' Claims do not include, settle, or release any claims relating to the enforcement of the Stipulation or the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the following: (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Defendant Parties or decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Releasing Plaintiff Parties. With respect

- 10 -

to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into the Stipulation, but they are notwithstanding this potential entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and was a material element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *AdaptHealth Securities Settlement*." Your letter must include your purchases or acquisitions of AdaptHealth Securities during the Settlement Class Period, including the number of shares of AdaptHealth Securities and date of each purchase or acquisition of such shares and/or exchange traded call or put options, and the price paid for any purchase or acquisition of AdaptHealth Securities. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*AdaptHealth Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA  02021

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

| 12. | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim form to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $800,000 in connection with the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiffs may seek up to $60,000 in the aggregate for their time and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's Fee and Expense Application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *AdaptHealth Securities Settlement*. Include your name, address, email address, telephone number, and your signature, even if you are represented by counsel, identify the date(s), the number of shares of AdaptHealth common stock and/or exchange traded call or put options on AdaptHealth common stock you purchased, acquired, or sold during the Settlement Class Period and price paid or received for each such purchase, acquisition, or sale, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or Fee and Expense Application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and must identify all class action settlements to which the objecting Settlement Class Member or your counsel filed objections in the past two years. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2024**:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101 | WILLKIE FARR & GALLAGHER LLP TODD G. COSENZA 787 Seventh Avenue New York, NY 10019 |
| | | KRAMER LEVIN NAFTALIS & FRANKEL LLP DANI R. JAMES 1117 Avenue of the Americas New York, NY 10036 |

| 17. | What is the difference between objecting and excluding? |
|-----|---------------------------------------------------------|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|-----|----------------------------------------------------------------------------------|

The Court will hold a Final Approval Hearing at \_\_\_ \_.m., on _____, **2024**, in the Courtroom of the Honorable Harvey Bartle III, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and how much to award Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. In addition, there is a possibility that the Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AdaptHealthSecuritiesSettlement.com, before making any plans to attend the Final Approval Hearing. Any updates regarding the Final Approval Hearing, including any changes to the date and time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.AdaptHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Final Approval Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, www.AdaptHealthSecuritiesSettlement.com**. If you want to attend the hearing, either in person or telephonically, if permitted, you should check with Lead Counsel or the Settlement website, www.AdaptHealthSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, including awards to the Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *AdaptHealth Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.  Your notice of intention to appear must be ***received*** no later than **_____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-_____.  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Action, which are posted on the Settlement website at www.AdaptHealthSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

| **23.** | **How will my claim be calculated?** |
|---|---|

As discussed above, the Settlement provides $51,000,000 in cash and one (1) million shares of AdaptHealth common stock for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Proof of Claim forms in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AdaptHealthSecuritiesSettlement.com.

### PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND

1.      The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any Orders regarding a modification to the Plan will be posted to www.AdaptHealthSecuritiesSettlement.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

2.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.

3.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for class member damages.  The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 97.5% of the Net Settlement Fund will be allocated collectively to AdaptHealth Common Stock; and (b) no more than 2.5% of the Net Settlement Fund will be allocated to call options and put options on AdaptHealth Common Stock.

4.      The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

**Exchange Act Loss Amounts**

5.      In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of publicly traded AdaptHealth common stock ("AdaptHealth Common Stock") that was allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in AdaptHealth Common Stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

6.      For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the AdaptHealth Common Stock or Options. In the Action, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from November 8, 2019 through July 16, 2021, inclusive, which had the effect of artificially inflating the price of AdaptHealth Common Stock and call Options and artificially deflating the price of AdaptHealth put Options. Lead Plaintiffs further allege that corrective information was released to the market through a series of corrective disclosures on April 13, 2021 and July 19, 2021, which partially removed artificial inflation from the prices of AdaptHealth Common Stock and Options on those dates.

7.      Exchange Act loss amounts for transactions in AdaptHealth Common Stock or Options are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of AdaptHealth Common Stock or Options at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order to have an Exchange Act Loss Amount under the Plan of Allocation, a Settlement Class Member who purchased or otherwise acquired AdaptHealth Common Stock or Options prior to the first alleged corrective disclosure, which occurred at 9:48 a.m. ET on April 13, 2021, must have held his, her, or its AdaptHealth Common Stock or Options through at least that time. A Settlement Class Member who purchased or otherwise acquired publicly traded AdaptHealth Common Stock or Options from 9:48 a.m. ET on April 13, 2021, through and including July 16, 2021, must have held those shares or Options through at least July 19, 2021, when additional allegedly corrective information was released before the open of regular market trading, which removed the remaining artificial inflation from the price of AdaptHealth Common Stock and Options, in order to have an Exchange Act Loss Amount.

**Securities Act Loss Amounts**

8.      The statutory formula for the calculation of compensable losses under the Securities Act (at Section 11(e) thereof) serves as the basis for calculating Securities Act Loss Amounts under the Plan. Under this formula, November 22, 2021 (when the first federal complaint alleging Securities Act claims was filed) is deemed the "date of suit."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

9.      Based on the formula stated below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period that is listed on the Proof of Claim and Release form and for which adequate documentation is provided.  The **Recognized Loss Amount** for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period shall be ***the greater of*** (a) the **Exchange Act Loss Amount** calculated under paragraph 10 below, if any, ***or*** (b) the **Securities Act Loss Amount** calculated under paragraph 12 or 13 below, if any.

**Exchange Act Loss Amounts**

### TRANSACTIONS IN ADAPTHEALTH COMMON STOCK

10.      For each share of AdaptHealth Common Stock purchased or otherwise acquired during the period from November 8, 2019 through July 16, 2021, inclusive (including shares purchased in AdaptHealth's January 8, 2021 Secondary Public Offering), and:

(a)      sold before 9:48 a.m. ET on April 13, 2021, the **Exchange Act Loss Amount** is zero;

(b)      sold from 9:48 a.m. ET on April 13, 2021 through the close of trading on July 18, 2021, the **Exchange Act Loss Amount** is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

(c)      sold from July 19, 2021 through the close of trading on October 14, 2021, the **Exchange Act Loss Amount** is equal to **the least of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between July 19, 2021 and the date of sale as stated in Table B;

(d)      held as of the close of trading on October 14, 2021, the **Exchange Act Loss Amount** is equal to **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $23.65.[3]

---

[3]      Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized loss amounts are reduced to an appropriate extent by taking into account the closing prices of AdaptHealth Common Stock during the "90-day look-back period," from July 19, 2021 through October 14, 2021.  The mean (average) closing price for AdaptHealth Common Stock during this period was $23.65.

## TRANSACTIONS IN ADAPTHEALTH OPTIONS CONTRACTS

For call Options on AdaptHealth Common Stock purchased or otherwise acquired during the Settlement Class Period,[4] and:

(a)    closed (through sale, exercise, or expiration) before 9:48 a.m. ET on April 13, 2021, the Recognized Loss Amount is $0.00;

(b)    closed (through sale, exercise, or expiration) without being held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is $0.00;

(c)    held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is the difference between the price paid for the call Option less the proceeds received upon the sale, exercise, or expiration of the call Option contract; or

(d)    held as of the close of trading on July 16, 2021, the Recognized Loss Amount is the difference between (i) the price paid for the call Option and (ii) the Call Option Intrinsic Value of the Option on October 14, 2021.[5]

For call Options on AdaptHealth Common Stock written or otherwise sold, the Recognized Loss Amount is zero.

For put Options on AdaptHealth Common Stock written or otherwise sold during the Settlement Class Period, and:

(a)    closed (via re-purchase, assignment, or expiration) before 9:48 a.m. ET on April 13, 2021, Recognized Loss Amount is $0.00;

(b)    closed (via re-purchase, assignment, or expiration) without being held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is zero;

(c)    held through at least one of the corrective disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon re-purchase, assignment, or expiration of the put Option contract less the initial proceeds received upon the sale of the put Option contract; or

---

[4]    To participate in the Settlement, Claimants must provide adequate documentation to establish that each call Option and put Option purchased or sold remained open through at least one of the disclosures identified above.  With respect to shares of AdaptHealth Common Stock purchased or sold through the exercise of an Option, the purchase/sale date of the AdaptHealth Common Stock is the exercise date of the Option, and the purchase/sale price of the AdaptHealth Common Stock is the exercise price of the Option.

[5]    The Call Option Intrinsic Value on October 14, 2021 is equal to 100 multiplied by the difference between $24.73 and the Option exercise strike price (where $24.73 is the closing price of AdaptHealth Common Stock on October 14, 2021).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

(d)    held as of the close of trading on July 16, 2021, the Recognized Loss Amount is the difference between (a) the Put Option Intrinsic Value of the Option on October 14, 2021,[6] and (b) the initial proceeds received from the sale of the put Option contract.

11.    For put Options on AdaptHealth Common Stock purchased or otherwise acquired, the Recognized Loss Amount is zero.

**Securities Act Loss Amounts**

12.    Purchases of AdaptHealth Common Stock for $33.00 in the January 8, 2021 Secondary Public Offering ("SPO").  For each share of AdaptHealth Common Stock purchased for $33.00 directly in the January 8, 2021 SPO and:

(a)    sold before the close of trading on November 22, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $33.00) minus the sale price per share;

(b)    sold after the close of trading on November 22, 2021, or held or sold thereafter, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $33.00) minus **the greater of**: (i) the sale price per share if sold; or (ii) $22.22 (the price of AdaptHealth Common Stock on November 22, 2021);

13.    As noted above, for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period, a **Recognized Loss Amount** will be calculated which is ***the greater of***: the Exchange Act Loss Amount, if any, or the Securities Act Loss Amount, if any.  If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## ADDITIONAL PROVISIONS

14.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 20 below) is $10.00 or greater.

15.    **Calculation of a Claimant's "Recognized Claim"**: A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of AdaptHealth Common Stock and Options during the Settlement Class Period.  If a Claimant had a market gain with respect to their overall transactions in AdaptHealth Common Stock and Options during the Settlement Class Period, the value of the claimant's Recognized Claim will be zero.  If a Claimant suffered an overall market loss with respect to their overall transactions in AdaptHealth Common Stock and Options during the Settlement Class Period, but that market loss was less than the Claimants' total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall

---

[6]    The Put Option Intrinsic Value on October 14, 2021 is equal to 100 multiplied by the difference between the Option exercise/ strike price and $24.73 (where $24.73 is the closing price of AdaptHealth Common Stock on October 14, 2021).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

transactions of AdaptHealth Common Stock and call Options during the Settlement Class Period, the Claims Administrator will determine the difference between, the Claimant's (i) Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Holding Value.[9]  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to that Settlement Class Member's overall transactions in AdaptHealth put Options during the Settlement Class Period, the Claims Administrator will determine the difference between the Claimant's (i) total Put Proceeds[10] and (ii) the sum of the Total Covering Cost[11] and Holding Value.[12]  This difference will be deemed a Claimant's market gain or loss with respect to the Claimant's overall transactions in AdaptHealth put options during the Settlement Class Period.

---

[7]     The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for AdaptHealth Common Stock and Options purchased or otherwise acquired during the Class Period.

[8]     The Claims Administrator will match any sales of AdaptHealth Common Stock from the start of the Class period through and including the close of trading on July 16, 2021, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of AdaptHealth Common Stock sold from the start of the Settlement Class Period through and including the close of trading on July 16, 2021 will be the "Total Sales Proceeds."

[9]     The Claims Administrator will ascribe a "Holding Value" equal to (i) $25.47 for each share of AdaptHealth Common Stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on July 16, 2021; (ii) the Call Option Intrinsic Value on July 16, 2021 for each call Option purchased during the Settlement Class Period and still held as of the close of trading on July 16, 2021.  The Call Option Intrinsic Value on July 16, 2021 is equal to 100 multiplied by the difference between $25.47 and the option exercise/strike price (where $25.47 is the closing price of AdaptHealth Common Stock on July 16, 2021).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

[10]    The "Total Put Proceeds" is the total amount the Claimant received (excluding commissions and other charges) for writing put options on AdaptHealth Common Stock during the Settlement Class Period.

[11]    The "Total Covering Cost" is the total amount the claimant paid (excluding commissions and other charges) to close the written put Option position.

[12]    The Claims Administrator will ascribe a "Holding Value" equal to the Put Option Intrinsic Value on July 16, 2021 for each put Option written or sold during the Settlement Class Period and still held as of the close of trading on July 16, 2021.  The Put Option Intrinsic Value on July 16, 2021 is equal to 100 multiplied by the difference between the Option exercise/strike price and $25.47 (where $25.47 is the closing price of AdaptHealth Common Stock on July 16, 2021).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

16.    **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of AdaptHealth Common Stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

17.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

18.    **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of AdaptHealth Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Moreover, the receipt or grant by gift, inheritance, or operation of law of AdaptHealth Common Stock during the Settlement Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the shares unless (i) the donor or decedent purchased or acquired the AdaptHealth Common Stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

19.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the AdaptHealth Common Stock.  The date of a "short sale" is deemed to be the date of sale of the AdaptHealth Common Stock.  "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

20.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

21.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

22.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals were resolved.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in

consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective.  At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

23.    Please contact the Claims Administrator or Lead Counsel if you disagree with determinations made by the Claims Administrator regarding your Proof of Claim form.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Plaintiffs' Counsel, or Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**Table A**
**Estimated Artificial Inflation in AdaptHealth**
**Common Stock from November 8, 2019 through July 19, 2021**

| Date Range | Artificial Inflation Per Share |
|---|---|
| November 8, 2019 – 9:47 a.m. ET on April 13, 2021 | $8.58 |
| 9:48 a.m. ET on April 13, 2021 – July 18, 2021 | $1.26 |
| July 19, 2021 and later | $0.00 |

**Table B**
**90-Day Look-Back Table for AdaptHealth Common Stock**
**(Average Closing Price: July 19, 2021 - October 14, 2021**

| Sale Date | Average Closing Price from July 19, 2021 through Date | Sale Date | Average Closing Price from July 19, 2021 through Date |
|---|---|---|---|
| 7/19/2021 | $23.96 | 9/1/2021 | $23.48 |
| 7/20/2021 | $23.41 | 9/2/2021 | $23.52 |
| 7/21/2021 | $23.43 | 9/3/2021 | $23.55 |
| 7/22/2021 | $23.21 | 9/7/2021 | $23.60 |
| 7/23/2021 | $23.03 | 9/8/2021 | $23.64 |
| 7/26/2021 | $22.87 | 9/9/2021 | $23.67 |
| 7/27/2021 | $22.77 | 9/10/2021 | $23.67 |
| 7/28/2021 | $22.69 | 9/13/2021 | $23.68 |
| 7/29/2021 | $22.63 | 9/14/2021 | $23.68 |
| 7/30/2021 | $22.60 | 9/15/2021 | $23.70 |
| 8/2/2021 | $22.53 | 9/16/2021 | $23.70 |
| 8/3/2021 | $22.45 | 9/17/2021 | $23.71 |
| 8/4/2021 | $22.39 | 9/20/2021 | $23.72 |
| 8/5/2021 | $22.59 | 9/21/2021 | $23.71 |
| 8/6/2021 | $22.76 | 9/22/2021 | $23.70 |
| 8/9/2021 | $22.90 | 9/23/2021 | $23.70 |
| 8/10/2021 | $23.00 | 9/24/2021 | $23.68 |
| 8/11/2021 | $23.13 | 9/27/2021 | $23.69 |
| 8/12/2021 | $23.24 | 9/28/2021 | $23.68 |
| 8/13/2021 | $23.34 | 9/29/2021 | $23.67 |
| 8/16/2021 | $23.39 | 9/30/2021 | $23.67 |
| 8/17/2021 | $23.42 | 10/1/2021 | $23.66 |
| 8/18/2021 | $23.42 | 10/4/2021 | $23.66 |
| 8/19/2021 | $23.39 | 10/5/2021 | $23.66 |
| 8/20/2021 | $23.39 | 10/6/2021 | $23.65 |
| 8/23/2021 | $23.40 | 10/7/2021 | $23.65 |
| 8/24/2021 | $23.41 | 10/8/2021 | $23.64 |
| 8/25/2021 | $23.43 | 10/11/2021 | $23.63 |
| 8/26/2021 | $23.43 | 10/12/2021 | $23.63 |
| 8/27/2021 | $23.43 | 10/13/2021 | $23.63 |
| 8/30/2021 | $23.44 | 10/14/2021 | $23.65 |
| 8/31/2021 | $23.46 | | |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired AdaptHealth Securities during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to

the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such AdaptHealth Securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days of receipt, email or mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice and Proof of Claim form emailed or mailed by you, plus postage at the rate used by the Claims Administrator.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*AdaptHealth Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____
www.AdaptHealthSecuritiesSettlement.com

DATED: _____

                                              BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              EASTERN DISTRICT OF PENNSYLVANIA