UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE COUNTY EMPLOYEES
RETIREMENT SYSTEM and BUCKS
COUNTY EMPLOYEES' RETIREMENT
SYSTEM, Individually and on Behalf of All
Others Similarly Situated,

                     Plaintiffs,

      vs.

ADAPTHEALTH CORP. f/k/a DFB
HEALTHCARE ACQUISITIONS CORP.,
LUKE MCGEE, STEPHEN P. GRIGGS,
JASON CLEMENS, FRANK J. MULLEN,
RICHARD BARASCH, JOSHUA PARNES,
ALAN QUASHA, TERENCE CONNORS,
DR. SUSAN WEAVER, DALE WOLF,
BRADLEY COPPENS, and DAVID S.
WILLIAMS III,

                     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. Action No. 2:21-cv-03382-HB

CLASS ACTION

NOTICE OF NON-OPPOSITION AND
REPLY IN FURTHER SUPPORT OF
MOTIONS FOR: (I) FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND
APPROVAL OF PLAN OF ALLOCATION;
AND (II) ATTORNEYS' FEES AND
LITIGATION EXPENSES, AND AWARDS
TO LEAD PLAINTIFFS PURSUANT TO 15
U.S.C. §78u-4(a)(4)

ELECTRONICALLY FILED

4884-5260-4871.v1

Lead Plaintiffs, individually and on behalf of the Settlement Class, respectfully submit this notice of non-opposition and reply in further support of their motion for final approval of the Settlement and approval of the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of expenses, including awards to Lead Plaintiffs.[1]

On May 15, 2024, Lead Plaintiffs filed the motions for the entry of orders: (i) approving the proposed class-wide Settlement of this Action and the Plan of Allocation for distributing Settlement proceeds; (ii) awarding attorneys' fees totaling 25% of the Settlement Fund[2] and litigation expenses in the amount of $669,883.07, together with interest thereon; and (iii) awarding Lead Plaintiffs a total of $13,028 for their service on behalf of the Settlement Class.

Under controlling Third Circuit law, one factor that courts must consider when evaluating such requests is the reaction of the class to the settlement and the fee request.  *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (factor 2); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (factor 2).  This is, as many courts observe, "perhaps the most significant factor" in the overall assessment performed by the Court.  *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *4 (D.N.J. July 29, 2013) (citation omitted).

Notice of the proposed Settlement was sent to over 19,100 potential Settlement Class Members, published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted to the Legal Notice System maintained by the Depository Trust Company.  *See* Murray Declaration (ECF 156-1) and Supplemental Declaration of Ross D. Murray, filed simultaneously herewith.  Among

---

[1]    Unless otherwise defined herein, all capitalized terms have the meaning set forth in the Stipulation and Agreement of Settlement dated February 26, 2024 (ECF 149) or in the Declaration of Douglas R. Britton in Support of Motions for: (I) Final Approval of Settlement and Approval of Plan of Allocation; and (II) Attorneys' Fees and Litigation Expenses, and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 156).

[2]    The Settlement Fund consists of $51 million in cash, plus interest earned thereon, and one million freely-tradable shares of AdaptHealth common stock, which shares were worth $11.07 on June 11, 2024.

4884-5260-4871.v1

other things, those notices summarized the material terms of the proposed Settlement, advised that Lead Counsel would apply for an award of attorneys' fees of up to 25% of the Settlement Fund and expenses not to exceed $800,000, plus interest thereon, and directed potential Settlement Class Members to a Settlement-specific website for more information regarding the Settlement, including the terms of the Plan of Allocation and how to submit a Proof of Claim Form, object to the Settlement, or request exclusion from the Settlement Class.  The deadline for filing any objections or requesting exclusion from the Settlement Class was May 29, 2024.  Not a single objection was filed. Moreover, as provided in the Supplemental Declaration of Ross D. Murray, there have been ***zero requests for exclusion*** from the Settlement Class by individual investors.

The absence of any objections and requests for exclusion after such an extensive notice program provide strong evidence that the Settlement is fair, reasonable, and adequate within the meaning of Rule 23(e)(2).  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."); *see also McDermid v. Inovio Pharms., Inc.*, 2023 WL 227355, at *7 (E.D. Pa. Jan. 18, 2023) (that "[n]o one objects to the settlement" is "indicative of its fairness" and supports final approval); *Kanefsky v. Honeywell Int'l Inc.*, 2022 WL 1320827, at *5 (D.N.J. May 3, 2022) (the "[a]bsence of any objections . . . and the small number of opt-outs relative to the apparent size of the Class strongly weigh in favor of approval of the Settlement").

In addition, the fact that there were no objections to the proposed Plan of Allocation which, as noted in Lead Plaintiffs' opening brief, uses industry-standard methods to calculate each Authorized Claimant's share of the Settlement proceeds, shows that the Settlement Class endorses the plan and further supports its approval.  *See Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*, 2022 WL 118104, at *11 (E.D. Pa. Jan. 12, 2022) (plan of allocation was "fair and reasonable" where it

- 2 -

used criteria commonly used in securities cases and "there were no objections to the plan"); *see also In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 512 (W.D. Pa. 2003) (observing that "no class member has objected to the Allocation Plan" in approving the plan).

Similarly, the lack of any objections also lends further weight to the attorneys' fees and expenses requested by Lead Counsel and the awards to Lead Plaintiffs for their service on behalf of the Settlement Class. *See In re Innocoll Holdings Public Ltd. Co. Sec. Litig.*, 2022 WL 16533571, at *10 (E.D. Pa. Oct. 28, 2022) (fee and expense application supported by the fact that "[n]o Settlement class member objected to the attorneys' fees or any out-of-pocket reimbursements sought"); *see also Tumpa v. IOC-PA, LLC*, 2021 WL 62144, at *11 (W.D. Pa. Jan. 7, 2021) ("The absence of any objections favors the approval of [attorneys'] fees without reduction."); *Lan v. Ludrof*, 2008 WL 763763, at *18 (W.D. Pa. Mar. 21, 2008) (lack of any objections to expenses claimed or requested lead plaintiff awards supported finding that each was "reasonable[]").

The lack of any objections here is especially noteworthy given that the Settlement Class includes a significant number of institutional investors with the sufficient incentive and resources to evaluate the terms of the Settlement and object if appropriate. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (approval of settlement that yielded two objections was appropriate given that the class included "a significant number of . . . 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive"); *see also Rent-Way*, 305 F. Supp. 2d at 515 (finding it significant that "no institutional investors have objected either to the Settlement or to Lead Counsel's fee request").

Based on the foregoing, and the entire record herein, Lead Plaintiffs respectfully request that the Court: (i) grant final approval of the Settlement and Plan of Allocation; (ii) award attorneys' fees totaling 25% of the Settlement Amount and payment of litigation expenses in the amount of $669,883.07, plus interest on both amounts at the same rate and for the same period as earned by the

- 3 -

Settlement Fund, as well as 250,000 Settlement Shares; and (iii) pursuant to 15 U.S.C. §78u-4(a)(4), award Lead Plaintiff Bucks County Employees' Retirement System $3,528.00, and award Lead Plaintiff Delaware County Employees Retirement System $9,500.00 for their work and service on behalf of the Settlement Class.

Proposed orders are submitted herewith.

DATED:  June 11, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)


s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Lead Plaintiffs

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 11, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
        & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  elleng@rgrdlaw.com

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **ALLISON A. BERKOWITCH**
  ABERKOWITCH@WILKE.COM

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com,bkilgore@saxtonstump.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Todd Cosenza**
  tcosenza@willkie.com,mao@willkie.com

- **MELISSA HAZELL DAVIS**
  mdavis@griesingmazzeo.com,dquay@griesingmazzeo.com

- **Zeh S. Ekono**
  zekono@willkie.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com,bkilgore@saxtonstump.com

- **RYAN GANDER**
  RGander@KRAMERLEVIN.com

- **FRANCINE FRIEDMAN GRIESING**
  fgriesing@griesingmazzeo.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANI R. JAMES**
  djames@kramerlevin.com

- **CHRISTOPHER R. KINNON**
  ckinnon@rgrdlaw.com

- **KEVIN A. LAVELLE**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **MARGOT G. MOONEY**
  MMOONEY@WILLKIE.COM

- **MATTHEW MUSTOKOFF**
  mmustokoff@ktmc.com,5558085420@filings.docketbird.com,mswift@ktmc.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **MARJORIE E. SHELDON**
  MSheldon@KRAMERLEVIN.com

- **ELLEN GUSIKOFF STEWART**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **JOSEPH J. TULL**
  jtull@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com,rhrouda@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)