```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE COUNTY EMPLOYEES     :    CIVIL ACTION
RETIREMENT SYSTEM, et al.     :
                              :
         v.                   :
                              :
ADAPTHEALTH CORP. F/K/A DFB   :
HEALTHCARE ACQUISITIONS       :    NO. 21-3382
CORP., et al.                 :
```

ORDER

AND NOW, this 10th day of July 2024, for the reasons outlined in the foregoing Memorandum, it is hereby ORDERED that:

(1) This order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated February 26, 2024 (Doc. # 149), and all capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

(2) The court has jurisdiction to enter this order and over the subject matter of the action, as well as personal jurisdiction over all parties to the action, including each of the settlement class members.

(3) Notice of the fee motion was given to all settlement class members who could be located with reasonable effort. The form and method of notifying the settlement class of the fee motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and any other applicable law; constituted the best notice practicable under

the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled hereto.

(4)  The motion of lead plaintiffs for attorneys' fees and litigation expenses to Robbins Geller Rudman & Dowd ("Robbins Geller" or "lead counsel") and Kessler Topaz Meltzer & Check LLP ("Kessler Topaz" or "local counsel") and awards to lead plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) (Doc. # 155) is GRANTED.

(5)  Lead counsel is hereby awarded attorneys' fees of 25% of the cash and stock portion of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, which sum the court finds fair and reasonable.

(6)  Lead counsel shall liquidate all Settlement Shares after the issuance and delivery of the Settlement Shares to lead counsel's designee.  Once liquidated, lead counsel shall collect 25% of the value of the stock component from the net cash proceeds received from the sale of the entire lot of shares.

(7)  Robbins Geller is awarded $669,883.07 for payment of litigation expenses, plus interest accrued at the same rate earned by the Settlement Fund, which sum the court finds fair and reasonable.

(8)  Kessler Topaz is awarded $433.88 for payment of litigation expenses, plus interest accrued at the same rate

Case 2:21-cv-03382-HB   Document 169   Filed 07/10/24   Page 3 of 6

earned by the Settlement Fund, which sum the court finds fair and reasonable.

(9) Lead plaintiff Bucks County Employees' Retirement System is awarded $3,528 from the Settlement Fund, pursuant to 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Settlement Class, which sum the court finds fair and reasonable.

(10) Lead plaintiff Delaware County Employees Retirement System is awarded $9,500.00 from the Settlement Fund, pursuant to 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Settlement Class, which sum the court finds fair and reasonable.

(11) The award of attorneys' fees and expenses shall be paid to lead counsel from the Settlement Fund immediately upon entry of an order approving the Settlement and this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein, and this Order, which requires lead counsel to liquidate all settlement shares prior to collecting the value of the stock component of its court-awarded fees.  See ¶ 6.

(12) In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the court has analyzed the factors considered within our Court of Appeals and found that:

(a) The Settlement has created a fund of $51,000,000 in cash, one million shares of freely-tradable AdaptHealth common shares, and corporate governance reforms, pursuant to the terms of the Stipulation, and Settlement Class Members will benefit from the Settlement created by the efforts of lead counsel;

(b) The fee sought by lead counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The amount of attorneys' fees awarded hereby are fair and reasonable and are consistent with fee awards approved in cases within our circuit with similar recoveries;

(d) Lead counsel has conducted the action and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

(e) Lead counsel expended substantial time and effort pursuing the action on behalf of the Settlement Class;

(f) Lead counsel pursued the action on a contingent basis;

(g) The claims against the defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h) The efforts of lead counsel resulted in an immediate cash recovery at a stage in the proceedings that will permit Settlement Class Members to benefit from the recovery without further delay or expense; and

(i) Over 19,100 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that lead counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Cash and expenses in an amount not to exceed $800,000, plus interest on such fees and expenses, and 250,000 Settlement Shares and

no objections to the fees or expenses were filed by Settlement Class Members.

(13) Any appeal or any challenge affecting this court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

(14) In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this order shall be rendered null and void to the extent provided by the Stipulation.

BY THE COURT:

/s/   Harvey Bartle III
                                 J.