```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE COUNTY EMPLOYEES      :      CIVIL ACTION
RETIREMENT SYSTEM, et al.      :
                               :
          v.                   :
                               :
ADAPTHEALTH CORP. F/K/A DFB    :
HEALTHCARE ACQUISITIONS        :      NO. 21-3382
CORP., et al.                  :
```

JUDGMENT

AND NOW, this 10th day of July 2024, it is hereby ORDERED that:

(1)  This Judgment incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated February 26, 2024 ("Stipulation") (Doc. # 149), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

(2)  This court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

(3)  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the court hereby affirms its determination in the Order Preliminarily Approving Settlement and Providing for Notice and finally certifies, for purposes of the Settlement only, a Settlement Class defined as: all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock between November 8, 2019 and July 16, 2021,

inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who validly and timely requested exclusion in accordance with the requirements set by the court, of which there are none.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

(4)  The court finds that for purposes of the Settlement only: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact

common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

      (5)  Pursuant to Federal Rule of Civil Procedure 23, the court hereby approves the Settlement set forth in the Stipulation and finds that:

      (a)  Said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

      (b)  There was no collusion in connection with the Stipulation;

(c) The Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) The record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

(6) Accordingly, the court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The court hereby DISMISSES this action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

(7) Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs, each and every Releasing Plaintiff Party, and each of the Settlement Class Members (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and

every Defendant and any and all of the other Released Defendant Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Defendant Parties, in respect of any Released Plaintiffs' Claims.  Claims to enforce the terms of the Stipulation and the Settlement are not released.

(8)  Upon the Effective Date, and as provided in the Stipulation, Defendants and each and every Released Defendant Party (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever comprised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff

Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Plaintiff Parties in respect of any Released Defendants' Claims.  Claims to enforce the terms of the Stipulation and the Settlement are not released.

        (9)  The Notice of Pendency and Proposed Settlement of Class Action provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the

Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the court hereby determines that all Settlement Class Members are bound by this Judgment.

      (10) Any Plan of Allocation submitted by lead counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

      (11) Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

          (a)  Shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including,

but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b) Shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against any Releasing Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c) Shall be offered or received against any of the Releasing Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiffs' or the Settlement Class's claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount;

(d) Shall be offered or received against any of the Released Defendant Parties or Releasing Plaintiff Parties as

8

evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Releasing Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

  (e) Shall be construed against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

  (f) Provided, however, that, notwithstanding the foregoing, the Settling Parties and the other Released Defendant Parties and Releasing Plaintiff Parties may file or refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

  (12) The court, after holding the Final Approval Hearing, hereby finds that: (i) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (ii) all Persons to whom the Settlement Shares will be issued have had the right to appear at the Final Approval Hearing; (iii) the Final Approval Hearing was open to all Persons to whom the

Settlement Shares will be issued; (iv) adequate notice has been given to all Persons to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such Persons at the Final Approval Hearing; and (v) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Stipulation are fair to all Persons to whom the Settlement Shares will be issued.  The court hereby acknowledges that the Settlement Shares will be issued pursuant to the terms of the Stipulation to the Settlement Class (and to lead counsel, as may be awarded by the court) pursuant to the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this court's approval of the Settlement.  The court hereby approves the terms and conditions of the issuance of the Settlement Shares in exchange for the settlement and release of the claims asserted in the Action, and finds that the Settlement Shares are freely tradeable and exempt from registration under Section 3(a)(10) of the Securities Act and any analogous provisions of applicable state securities laws.  Based upon the court's findings, AdaptHealth may distribute the Settlement Shares without registration or compliance with the prospectus delivery requirements of the U.S. securities laws or any analogous state securities laws.

(13) Lead counsel shall liquidate all Settlement Shares – both the Settlement Shares attributable to the

Settlement Class and any attributable to the stock component of lead counsel's court-awarded attorneys' fees – after the issuance and delivery of the Settlement Shares to lead counsel's designee pursuant to the terms of the Stipulation, and in accordance with the limitations set forth in ¶ 4.6(e) of the Stipulation.  Once all of the Settlement Shares are liquidated, lead counsel may collect the value of the stock component of its share of any court-awarded fees from the net cash proceeds received from the sale of the entire lot of shares, and the remaining balance of the cash proceeds will be deposited in the Escrow Account for distribution to the Settlement Class in accordance with the terms of the Stipulation.  Lead counsel's share of the total net cash proceeds of the entire lot of shares shall not exceed 25%.

       (14) Neither Lead Plaintiffs nor the Settlement Class Members shall have a claim against the Released Defendant Parties, or any of their agents, based on the disposition of the Settlement Shares or the distributions made in accordance with the Stipulation.  Neither Lead Plaintiffs, the Settlement Class Members, nor the Released Defendant Parties shall have a claim against the Escrow Agent, Lead Plaintiffs, Lead Plaintiffs' Counsel, or any of their agents based on the disposition of the Settlement Shares or the distributions made in accordance with the Stipulation, absent gross negligence or willful misconduct.

(15) Without affecting the finality of this Judgment in any way, this court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of this Settlement, inter alia, entering orders providing for any Fee and Expense Award, the approval of the Plan of Allocation and enforcing the terms of the Settlement; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

(16) The court finds that during the course of this Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

(17) In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants pursuant to Paragraph 13.5 of the Stipulation then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions

in this Action as of May 25, 2023, as provided in the Stipulation.

(18) Without further order of the court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

(19) The court directs immediate entry of this Judgment by the Clerk of the Court.

                                  BY THE COURT:

                                  /s/ Harvey Bartle III
                                                           J.